UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-31607<br><br>Chapter 11<br><br>Jointly Administered |

**LIMITED RESPONSE OF DEBTORS TO
MOTIONS FOR RELIEF FROM STAY**

Garlock Sealing Technologies LLC ("Garlock"), Garrison Litigation Management Group, Ltd. ("Garrison") and The Anchor Packing Company ("Anchor"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby respond (the "Response") to the Motions for Relief from Stay filed by Ronald Eckenrode and Laverna Roe (the "Movants") on August 11, 2010 (Docket No. 345 and 347, respectively) seeking relief from the automatic stay in order to initiate separate Workers' Compensation death claims against Garlock (the "Stay Relief Motions"). As more specifically set forth below, the Debtors file this limited Response (i) to correct certain misstatement of facts and law as set forth in the Stay Relief Motions and (ii) for protective purposes. In support of the Response, the Debtors respectfully state as follows:

**I.    Recovery by Workers' Compensation Claimants Has a Direct Impact on the Debtor's Bankruptcy Estate and Thus Are Automatically Stayed by Provisions of 11 U.S.C. § 362(a).**

On June 5, 2010 (the "Petition Date"), the Debtors filed the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Continue Payroll and Payroll Related Practices Including Payment or Reimbursement of Certain Pre-petition (A) Wages, Salaries, Vacation Pay and Other

---

[1] The Debtors include Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company.

{00181960 v 1}

Compensation; (B) Employee Medical Claims, Health Benefits, and Similar Benefits; (C) Reimbursement of Employee Expenses; and (D) Payment of All Costs Incident Thereto and (II) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay Certain Checks and Transfers (the "Payroll Motion") (Docket No. 11). An order (the "Payroll Order") was entered approving the Payroll Motion on June 8, 2010 (Docket No. 42).

As set forth in greater detail in the Payroll Motion, the Debtors maintain workers' compensation coverage pursuant to a plan administered and insured by Liberty Mutual Insurance Company (the "Workers' Compensation Plan"). Under the Workers' Compensation Plan, the Debtors are self-insured up to a $750,000.00 deductible per accident per employee and up to an aggregate of $10 million for all claims that were incurred during the annual policy period. EnPro Industries, Inc., the Debtors' ultimate parent company ("EnPro"), has posted a letter of credit in favor of Liberty Mutual Insurance Company ("Liberty Mutual") with a face amount of $4,112,000 to secure the Debtors' (and other affiliates') obligations under the Workers' Compensation Plan (the "Letter of Credit"). Liberty Mutual is authorized to draw on the Letter of Credit in the event that the Debtors fail to pay the deductible. EnPro would then charge the relevant Debtor for the amounts drawn upon the Letter of Credit under the Intercompany Services Agreement.[2] Despite the existence of the Letter of Credit, which serves as a backstop to support Garlock's and affiliates' obligations to Liberty Mutual, the obligation to meet the $750,000.00 deductible is a direct liability of Garlock.

This significant deductible negates Movants' assertions that their "claim[s] would seek monetary contribution from Debtor's insurance carrier, and not Debtor and/or Debtor's estate" and that "allowing Movant[s] to pursue a Workers' Compensation claim will neither harm

---

2 The Intercompany Services Agreement is defined and more particularly described in the Debtors' Motion for (I) Interim Authorization to Continue Performance Under Pre-petition Services Agreements with EnPro Industries, Inc. and Coltec Industries Inc and (II) to Assume Services Agreements, filed on June 5, 2010 (Docket No. 8).

Debtor nor prevent Debtor's effective reorganization." *See* Stay Relief Motions at ¶ 8. On the contrary, these claims have the potential to impact the value of Garlock's bankruptcy estate by up to $750,000.00 each, in addition to other associated expenses including a likely increase in the Debtors' premiums to Liberty Mutual.

Because of the potential impact of workers' compensation claims on the Debtors' respective estates, the Sixth Circuit's holding in Mansfield Tire is distinguishable in the instant case. In Mansfield Tire, the workers' compensation claims were to be paid by either the Insurance Fund established by the state industrial commission or by the security bonds pledged as security by the self-insured employer, not from the estate. In re Mansfield Tire and Rubber Co., 660 F.2d 1108, 1115 (6th Cir. 1981). The Sixth Circuit addressed this distinction in a subsequent opinion:

> The debtor in Mansfield was not subject to making payments on its workers' claims that would resemble a money judgment, since payment of claims would come from premium funds already deposited by the debtor with the state, upon which the debtor had no legal claim. Accordingly, the exception to the automatic stay was applicable in that case, because enforcement of a money judgment liability was not imposed upon the debtor, and the administration of the claims was pursuant to Ohio's police power.

In re Kovacs, 681 F.2d 454, 456 (6th Cir. 1982), reversed on other grounds, Ohio v. Kovacs, 459 U.S. 1167 (1983). In cases such as that currently before the Court, where a claimant seeks to collect sums from the estate itself, the automatic stay applies. See, e.g., In re Columbia Packing Co., 34 B.R. 403 (Bankr. D. Mass. 1983).

II.    **The Debtors Consent to the Limited Relief from Stay but Reserve All Their Applicable Rights with Regard to the Alleged Workers' Compensation Claims.**

The Debtors have not reviewed fully the substance of the claims made by the Movants but have had difficulty determining whether at least one of the Movants' spouses was ever an employee of Garlock. In addition, the Debtors have observed an historically low incidence of asbestos-related claims by employees, leading to concerns that some spurious workers'

compensations claims may be made as an attempt to bypass the automatic stay that prevents the filing of actions against Garlock in the tort system.

Notwithstanding the Debtors' concerns regarding the validity of these workers' compensation claims, the Payroll Order entered in these cases approved, but did not require, the continuation of the Debtors' existing Workers' Compensation Plan and payment of workers' compensation claims in the ordinary course of business, which the Debtors believe is a benefit to the Debtors' estates because of the confidence and goodwill it preserves with the Debtors' employees.  Thus, the Debtors consent to limited relief from the automatic stay to permit the Movants to proceed with these two alleged workers' compensation claims before the appropriate administrative agency, provided however that the order granting such relief from the stay make clear that the Debtors have consented to relief from the automatic stay with regard to the alleged workers' compensation claims of these Movants only.  In addition, the Debtors request that any order entered approving the Stay Relief Motions make clear that the Debtors have not reviewed the substance of the Movants' alleged claims and reserve all Garlock's applicable rights, claims, and defenses with regard to the Movants' alleged claims before the appropriate administrative agency.

REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK

WHEREFORE, the Debtors respectfully request the Court enter an order:

(A) confirming the application of the automatic stay to workers' compensation claims arising prior to the Petition Date on the grounds set forth herein;

(B) requiring alleged workers' compensation claimants seek relief from the automatic stay prior to commencing an action before the appropriate state administrative agency during the pendency of these cases;

(C) allowing limited relief from stay by consent of the Debtors;

(D) providing that the Debtors reserve all their applicable rights, claims, and defenses with regard to the Movant's alleged workers' compensation claims before the appropriate administrative board; and

(E) granting the Debtors such other and further relief as the Court deems just and proper.

This the 25th day of August, 2010.

    RAYBURN COOPER & DURHAM, P.A.

By: /s/ Shelley K. Abel
    John R. Miller
    N.C. State Bar No. 28689
    Shelley K. Abel
    N.C. State Bar No. 34370
    1200 Carillion, 227 West Trade Street
    Charlotte, NC 28202
    (704) 334-0891

*Counsel to the Debtors and Debtors-in-Possession*