# EXHIBIT G

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.<br><br>Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER (A) FIXING ASBESTOS CLAIMS BAR DATE, (B) APPROVING ASBESTOS PROOF OF CLAIM FORM, (C) APPROVING FORM AND MANNER OF NOTICE, (D) ORDERING ESTIMATION OF ASBESTOS CLAIMS, AND (E) APPROVING INITIAL CASE MANAGEMENT SCHEDULE**

WHEREAS, on June 5, 2010, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes; and

WHEREAS, on August 31, 2010, the Debtors filed their Motion for Entry of an Order (A) Fixing Asbestos Claims Bar Date, (B) Approving Asbestos Proof of Claim Form, (C) Approving Form and Manner of Notice, (D) Ordering Estimation of Asbestos Claims, and (E) Approving Initial Case Management Schedule (the "Motion"); and

WHEREAS, a hearing on the Motion was held on September ___, 2010; and

---

[1] These jointly administered cases are those of the following debtors: Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

- 1 -

WHEREAS, the Debtors are and will be subject to thousands of claims for personal injury or wrongful death alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing products for which one or more of the Debtors are alleged to be legally responsible ("Asbestos Claims," as defined in the Motion); and

WHEREAS, the Debtors are subject to thousands of pending Asbestos Claims that have not been prosecuted for a number of years; and

WHEREAS, all Asbestos Claims are scheduled as disputed, contingent, and unliquidated, so that Proofs of Claim are not deemed filed;

WHEREAS, the number and amount of Asbestos Claims against the Debtors must be determined in order to confirm a plan of reorganization for the Debtors; and

WHEREAS, a bar date for Asbestos Claims is therefore required by Bankruptcy Rule 3003, is necessary to determine the number and amount of Asbestos Claims against the Debtors, and is necessary to determine whether the holders of Asbestos Claims that have not been prosecuted for many years intend, and have a basis, to assert claims in these Chapter 11 Cases; and

WHEREAS, the form and manner of notice of bar date proposed by the Debtors is appropriate and reasonably calculated to apprise interested parties of the existence of a bar date; and

WHEREAS, the Proof of Claim form proposed by the Debtors for Asbestos Claims is appropriate and necessary; and

WHEREAS, the Court has determined that the efficient, expeditious, and fair administration of the Chapter 11 Cases requires that the other relief requested in the Motion be granted; and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1. ORDERED that the Proof of Claim form attached as Exhibit F to the Motion ("Asbestos Proof of Claim Form"), is approved; and it is further

2. ORDERED that January 17, 2011 (the "Asbestos Claims Bar Date") is established as the last day for all persons and entities asserting Asbestos Claims against any Debtor based on, arising from, or relating to an asbestos-related injury, disease, or death that has manifested, become evident, or been diagnosed as of the Bar Date to file their Asbestos Proofs of Claim Forms; and it is further

3. ORDERED that any holder of an Asbestos Claim who is required to file a Proof of Claim and who fails to file a Proof of Claim on or before January 17, 2011, shall be forever barred, estopped, and enjoined from asserting any such claims (or filing a proof of claim with respect to such claims) against any of the Debtors, and each of the Debtors and its property shall be forever discharged from all indebtedness and liabilities with respect to such claims and the holders of such claims shall not be permitted to vote on any plan or plans of reorganization or receive any distribution in these Chapter 11 Cases on account of such claims, or to receive further notices regarding such claims or regarding these Chapter 11 Cases; and it is further

4. ORDERED that the Debtors shall move to appoint a Claims Agent no later than October 1, 2011; and it is further

5. ORDERED that the following procedures shall govern the filing of the Proofs of Claim:

   a. Holders of Asbestos Claims subject to the Bar Date must use the court-approved Asbestos Proof of Claim Form;

   b. Any person who filed a Proof of Claim for an Asbestos Claim using Official Form 10 or any other Proof of Claim form must refile the claim on the court-approved Asbestos Proof of Claim form;

   c. Any person who filed or files a Proof of Claim for any claim other than an Asbestos Claim must use Official Form 10;

   d. Holders of Asbestos Claims subject to the Bar Date who are represented by counsel must file their Asbestos Proof of Claim Form electronically, in the manner provided in the Notice of Bar Date attached as Exhibit D to the Motion;

   e. Asbestos Proof of Claim Forms will be deemed filed only when electronically filed or (if the holder of the claim is not represented by counsel and chooses to mail the form) when actually received by the Claims Processing Agent;

   f. Electronic submissions must be filed and paper submissions (where paper submission is allowed) must be received by the Claims Processing Agent no later than 5:00 p.m., Eastern Time, on January 17, 2011;

   g. An Asbestos Proof of Claim Form that is not complete or does not contain the required attachments will not be deemed properly filed;

   h. Any lawyer or other person who acts as filing agent for an Asbestos Proof of Claim on behalf of any person holding such claim must certify that such agent has received certification under penalty of perjury from such holder of such Asbestos Claim that information contained in such Asbestos Proof of Claim is true, accurate, and complete; and

   i. Upon receipt of the Proof of Claim Form, the Claims Processing Agent will send an acknowledgement, via electronic mail for those filing electronically and via mail to those filing by mail, identifying the claim number noted thereon; and it is further

6. ORDERED that the Bar Date Notice Plan attached as Exhibit E to the Motion is approved; and it is further

- 4 -

7. ORDERED that the Notice of Bar Date (attached as Exhibit D to the Motion) is approved; and it is further

8. ORDERED that the number and amount of Asbestos Claims against the Debtors shall be estimated; and it is further

9. ORDERED that fact discovery, including written discovery and depositions, that is relevant to estimation of the number and amount of Asbestos Claims against the Debtors may commence at any time; and it is further

10. ORDERED that on or before February 15, 2011, the Debtors shall submit a proposal for Case Management Order governing further proceedings in these Chapter 11 Cases; and it is further

11. ORDERED that notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of the parties or by the Court upon motion of any party to these Chapter 11 Cases, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

12. ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court