**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

|  |  |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>        Debtors.[1] | Case No. 10-31607<br><br>Chapter 11<br><br>Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER (I) ESTABLISHING BAR DATES
FOR FILING PROOFS OF CLAIM FOR NON-ASBESTOS CLAIMS, (II)
APPROVING BAR DATE NOTICES AND MAILING PROCEDURES
AND (III) PROVIDING CERTAIN SUPPLEMENTAL RELIEF**

Garlock Sealing Technologies LLC ("Garlock"), Garrison Litigation Management Group, Ltd. ("Garrison") and The Anchor Packing Company ("Anchor"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors" and, each individually, a "Debtor"), hereby move the Court (the "Motion"), pursuant to section 501 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003(c)(3), 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules") for the entry of an order: (i) establishing the general bar date by which all creditors asserting any Non-Asbestos Claim as defined herein must file proofs of claim in these chapter 11 cases (the "General Bar Date"); (ii) establishing the later of the General Bar Date and thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a

---

[1]    The Debtors include Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company.

notice under procedures approved by this Court as the bar date by which a proof of claim relating to the Debtors' rejection of such contract or lease must be filed (the "Rejection Bar Date"); (iii) establishing a bar date by which creditors holding Non-Asbestos Claims which have been amended by the Debtors in their Schedules (as defined below) as the later of the General Bar Date and thirty (30) days after the date that notice of the amendment is served on the affected claimant (the "Amended Schedule Bar Date" and collectively, with the General Bar Date and the Rejection Bar Date, the "Bar Dates"); (iv) approving a tailored proof of claim form to be distributed to potential Non-Asbestos Claimants (as defined herein); (v) approving the forms of notice to be used to inform potential Non-Asbestos Claimants (as defined herein) of the Bar Dates; (vi) approving mailing procedures with respect to notice of the Bar Dates; and (viii) providing certain supplemental relief.[2]   In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408.

2.      The statutory predicates for the relief sought herein sections 105 and 501 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 3003 and Local Rule 3003-1.

## BACKGROUND

3.      On June 5, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  On June 16, 2010, the Court entered an order appointing an Official Committee of Asbestos Personal Injury Claimants

---

[2]   Any term capitalized herein that is not defined in this Motion has the meaning ascribed to it in the Bankruptcy

(Continued . . .)

("Asbestos Committee") (Docket No. 101) and subsequently amended that order on July 20, 2010 (Docket No. 260). On June 17, 2010, the Court entered an order appointing an Official Committee of Unsecured Creditors (the "Unsecured Creditors Committee") (Docket No. 104).

4.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

5.      Some of the gaskets and packing produced and/or sold by Garlock (prior to 2001) and Anchor (prior to 1993) contained encapsulated asbestos. Since the 1970s, Garlock and Anchor have received hundreds of thousands of claims by individuals alleging they suffer from personal injuries related to exposure to such products.   The Debtors each have claimants ("Non-Asbestos Claimants") asserting claims ("Non-Asbestos Claims") against them that are not "Asbestos Claims" as defined in the Debtors' Motion for (A) Establishment of Asbestos Claims Bar Date, (B) Approval of Asbestos Proof of Claim Form; (C) Approval of Form and Manner of Notice, (D) Estimation of Asbestos Claims, and (E) Approval of Initial Case Management Schedule (the "Asbestos Bar Date Motion") (Docket No. 462), in particular, Exhibit 1 to the Notice of Bar Date for Asbestos Claims (Docket No. 462-4).

6.      Anchor and Garrison filed their respective schedules of assets and liabilities on July 13, 2010 (Docket Nos. 19 and 20 for Case No. 10-31606 and Docket No. 18 for Case No. 10-31608, respectively). Garlock filed its schedules of assets and liabilities on July 20, 2010 (Docket Nos. 249-250). The Debtors' respective schedules of assets and liabilities are referred to herein as the "Schedules."

---

(. . . continued)
Code.

7.      On August 31, 2010, the Debtors filed the Asbestos Bar Date Motion. The

Asbestos Bar Date Motion requests approval of separate forms and procedures for the filing of

Asbestos Claims.     The forms and procedures as described herein are intended for the

administration of Non-Asbestos Claims only.

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an order (the "Bar Date Order") (a)

fixing that day which is ninety (90) days after the Service Date (as defined herein) as the General

Bar Date by which proofs of claims for Non-Asbestos Claims against the Debtors must be filed,

excluding claims by governmental units,[3] (b) fixing the Rejection Bar Date by which a proof of

claim relating to the Debtors' rejection of any contract or lease must be filed as the later of the

General Bar Date and thirty (30) days after the effective date of rejection of such executory

contract or unexpired lease as provided by an order of this Court or pursuant to a notice

under procedures approved by this Court, (c) fixing the Amended Schedule Bar Date as the

later of the General Bar and twenty-three (23) days after the date that notice of the amendment is

served on the affected Non-Asbestos Claimants, (d) approving the Debtors' proposed notice of

the Bar Dates (the "Bar Date Notice"), (e) approving mailing procedures with respect to the Bar

Date Notice Package (as defined herein), and (f) providing certain supplemental relief.

## BASIS FOR RELIEF

### A.      Establishment of Bar Dates

9.      Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix . . . the time within

which proofs of claim or interest may be filed."  Local Rule 3003-1 provides that in a "Chapter

---

[3]      Except for Governmental Units for whom the Bar Date shall be December 3, 2010, 180 days after the
Petition Date pursuant to Section 502(b)(9) of the Bankruptcy Code.

11 case, a proof of claim shall be filed within 90 days after the date first set for the §341(a) meeting of creditors."

10.     Bankruptcy Rule 9006(c)(1) allows the Court, for cause shown and in its discretion, to order a notice period be reduced except as provided in subsection (c)(2) of that Rule.   Bankruptcy Rule 9006(c)(2) provides that the Court may not reduce the time for taking action under specifically designated Bankruptcy Rules that include Rule 3002(c) that applies to the time for filing claims in Chapter 7, Chapter 12 and Chapter 13 cases.  The exception in Rule 9006(c)(2) does not mention Rule 3003(c) that applies to the time for filing claims in Chapter 9 or Chapter 11 cases.

### *General Bar Date*

11.     As set forth in the proposed Bar Date Order, submitted herewith and attached hereto as **Exhibit C**, the Debtors request that any entity ("Entity")[4] that asserts a Non-Asbestos Claim against the Debtors that **arose prior to the Petition Date** (such claim a "Prepetition Non-Asbestos Claim") be required to file an original, written proof of such Prepetition Non-Asbestos Claim, substantially in the form of the Official Form No. 10 (the "Proof of Claim Form"), so as to be actually received or, as appropriate, electronically filed on or before the General Bar Date on the Claims Processing Agent[5] as defined herein.

12.     The Debtors request that the Court order that all proofs of claim be deemed timely filed only if the original Proof of Claim Form is actually received by the Claims Processing Agent on or before the General Bar Date, provided, however, that proofs of claim that were filed

---

[4]      The term "Entity," as used herein, has the meaning ascribed to it in section 101(15) of the Bankruptcy Code.

[5]      By separate motion, the Debtors intend to request this Court approve the appointment of a Claims Processing Agent.

with the Bankruptcy Court prior to the appointment of the Claims Processing Agent will be deemed timely received by the Claims Processing Agent.

13.     Except as provided below, the General Bar Date would apply to all Entities holding Prepetition Non-Asbestos Claims (whether secured, unsecured priority, or unsecured nonpriority), including, but not limited to, the following:

(a)     creditors whose Prepetition Non-Asbestos Claims arise out of the rejection of executory contracts or unexpired leases by the Debtor prior to the entry of the Bar Date Order;

(b)     governmental units ("Governmental Units")[6] holding Prepetition Non-Asbestos Claims for unpaid taxes, whether arising from prepetition tax years or periods or prepetition transactions to which a Debtor was a party; and

(c)     Entities whose Prepetition Non-Asbestos Claims arise out of the obligations of such Entities under a contract for the provision of liability insurance to a Debtor.

14.     The General Bar Date would apply to all Prepetition Non-Asbestos Claims asserted by such Entities, **except that the following Entities would not need to file proofs of claim**:

(a)     any Entity that has already properly filed a proof of claim against one or more of the Debtors against whom that Entity asserts a claim;

(b)     any Entity (i) whose Prepetition Non-Asbestos Claim is <u>not listed</u> as "<u>disputed</u>," "<u>contingent</u>," or "<u>unliquidated</u>" in the Schedules and (ii) that agrees with the nature, classification, and amount of such Prepetition Non-Asbestos Claim set forth in the Schedules;

(c)     any Entity whose Prepetition Non-Asbestos Claim previously has been allowed by, or paid pursuant to, an order of this Court; and

(d)     any of the Debtors that hold Prepetition Non-Asbestos Claims against one or more of the other Debtors.

---

[6]     The term "Governmental Unit," as used herein, has the meaning ascribed to it in section 101(27) of the Bankruptcy Code.

As previously set forth herein, separate forms and procedures have been established by the Bankruptcy Court for the administration of Asbestos Claims.

15.    The Debtors also propose that, subject to the provisions proposed below, any Entity whose Prepetition Non-Asbestos Claim is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent, or unliquidated and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases and any Entity that believes its Prepetition Non-Asbestos Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Prepetition Non-Asbestos Claim allowed in a classification or amount other than that set forth in the Schedules, **must file a proof of claim on or before the General Bar Date**.

<em>Rejection Bar Date</em>

16.    The Debtors anticipate that certain Entities may assert Prepetition Non-Asbestos Claims in connection with a Debtor's rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code.  The Debtors propose that, for any Prepetition Non-Asbestos Claim relating to a Debtor's rejection of an executory contract or unexpired lease (a "Rejection Damages Claim") that becomes effective after entry of the Bar Date Order but before confirmation of the Debtors' plan of reorganization, the Rejection Bar Date for such Rejection Damages Claim shall be the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court.

17.    The Debtors request that Entities wishing to assert a Rejection Damages Claim be required to file an original, written request for payment of any such Rejection Damages Claim

substantially in the form of the Proof of Claim Form (as defined below) so as to be received on or before the Rejection Bar Date.

18.     The Debtors request that the Court order that all proofs of claim be deemed timely filed only if the original Proof of Claim Form is **actually received** (or, as appropriate, electronically filed) on or before the Rejection Bar Date.

*Amended Schedule Bar Date*

19.     The Debtors propose further that they shall retain the right to: (a) dispute or assert offsets or defenses against any filed Prepetition Non-Asbestos Claim or any Prepetition Non-Asbestos Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; (b) subsequently designate any Prepetition Non-Asbestos Claim as disputed, contingent or unliquidated; (c) add a claim to the Schedules; and (d) object to any Prepetition Non-asbestos Claim; **provided, however**, that, if the Debtors amend the Schedules (i) to reduce the undisputed, noncontingent, and liquidated amount, (ii) to change the nature or classification of a Prepetition Non-Asbestos Claim reflected therein, including changing the designation of any Prepetition Non-Asbestos Claim to show it as disputed, contingent or unliquidated and/or (iii) to add a claim to the Schedules, then the affected claimant shall have until the Amended Schedule Bar Date (*i.e.*, the later of the General Bar Date and twenty-three (23) days after the date that notice of the amendment is served on the affected claimant) to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled Prepetition Non-Asbestos Claim or added claim.  Notwithstanding the foregoing, nothing set forth herein would preclude the Debtors from objecting to any Prepetition Non-Asbestos Claim, whether scheduled or filed, on any grounds.  Further, in the event the Debtor amends its Schedules with respect to any claim the Debtors state has been satisfied, such paid creditor shall not be entitled to file a

proof of claim with respect to the satisfied claim.

**B.**      **Effect of Failure to File by Applicable Bar Date**

20.      The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any Entity

that is required to file a proof of claim for a Prepetition Non-asbestos Claim in these chapter 11

cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect

to a particular claim against a Debtor but that fails to do so in a timely manner shall be forever

barred, estopped, and enjoined from (a) asserting any Prepetition Non-Asbestos Claim against

any of the Debtors (or filing a proof of claim with respect thereto) that (i) is in an amount that

exceeds the amount, if any, that is set forth in the Schedules as undisputed, noncontingent, and

liquidated or (ii) is of a different nature or in a different classification (any such Claim being

referred to as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under, any

plan or plans of reorganization in these chapter 11 cases in respect of such Unsecured Claim.

Furthermore, a confirmed plan of reorganization shall forever discharge the Debtors and their

property from any and all indebtedness or liability with respect to any such Prepetition Non-

Asbestos Claim, any holder of any Prepetition Non-Asbestos Claim who is required, but fails, to

file a proof of such Prepetition Non-Asbestos Claim in accordance with the Bar Date Order on or

before the applicable Bar Date shall not be permitted to vote to accept or reject any plan or plans

of reorganization or participate in any distribution in the Debtors' chapter 11 cases on account of

such Prepetition Non-Asbestos Claim or to receive further notices regarding such Prepetition

Non-Asbestos Claim.

**C.**      **Tailored Proof of Claim Form and Request for Payment Form**

21.      The Debtors have prepared a proof of claim form tailored to these cases (the

"Proof of Claim Form"), a copy of which is annexed as **Exhibit A**.  The proposed Proof of Claim

Form is based in part on Official Form No. 10.  The substantive modifications to the Official

Form proposed by the Debtors include the following:

      (a)     personalizing the form to include the Debtors' names and case numbers;

      (b)     tailoring the Official Form to these cases; and

      (c)     providing additional instructions.

The Debtors request that the Court approve the Proof of Claim Form and the substantive

modifications to Official Form No. 10 in a form substantially conforming to the Proof of Claim

Form.

### D.     **Actual Notice of Bar Dates**

*Actual Notice of the General Bar Date and the Rejection Bar Date*

22.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to provide actual

notice of the Bar Dates by mailing (a) a notice of the Bar Dates (the "Bar Date Notice") in

substantially the form attached hereto as **Exhibit B** and (b) the Proof of Claim Form (collectively

with the Bar Date Notice, the "Bar Date Notice Package") to:

      (a)     Bankruptcy Administrator;

      (b)     Counsel for the Asbestos Committee and Counsel for the Unsecured
             Creditors' Committee;

      (c)     all holders of Prepetition Non-Asbestos Claims listed on the Schedules at
             the addresses stated therein;

      (d)     all counterparties to executory contracts and unexpired leases;

      (e)     all current employees of the Debtors;

      (f)     a representative of the local International Association of Machinists and
             Aerospace Workers ("Union Representative");

      (g)     the Department of the Treasury by service upon the District Director of the
             Internal Revenue Service and all taxing authorities for locations in which
             the Debtors do business;

(h)     the Securities and Exchange Commission;

(i)     the office of the United States Attorney for the Western District of North Carolina;

(j)     the Pension Benefit Guaranty Corporation; and

(k)     all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of the Bar Date Order.

(collectively, the "Bar Date Notice Parties").

23.     The Debtors further reserve the right, out of an abundance of caution, to serve the Bar Date Notice to certain Entities not described above with which, prior to the Petition Date, the Debtors had done business with or formerly employed or that may have asserted a claim against the Debtors in the recent past.

24.     The proposed Bar Date Notice Package includes a proposed Bar Date Notice that notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim, the procedures for filing a proof of claim, and the consequences of failure to timely file a proof of claim.

25.     The Debtors request that the Court approve the form and use of the Bar Date Notice Package.

### *Actual Notice of Amended Schedule Bar Date, as necessary*

26.     If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a Prepetition Non-Asbestos Claim reflected therein, including changing the designation of any Prepetition Non-Asbestos Claim to show it as disputed, contingent or unliquidated or to add a claim, the Debtors will provide notice to the affected claimant of any such amended or added claim, which will include information regarding the Amended Schedule Bar Date and how to file a proof of claim or amend an existing proof of claim.

27.     The Debtors request that the Court approve this method of notice of the Amended Schedule Bar Date.

**E.      Timing of Proposed Notice by Mail**

28.     Based upon the number of Entities to whom the Debtors propose to provide notice, including all creditors and stockholders or members who are entitled to receive notice, the Debtors believe that they will be able to complete the mailing of the Bar Date Notice Package within approximately three (3) business days after the date of entry of the Bar Date Order.  Upon entry of the Bar Date Order and pursuant to Bankruptcy Rule 2002(a)(7), the Debtors therefore intend to mail the Bar Date Notice Package to all known creditors within three (3) business days of entry of an Order approving the relief requested herein.  With a General Bar Date that is ninety (90) days from the entry of an Order approving the relief requested herein all potential claimants should have approximately ninety (90) days' notice of such Bar Dates.  Such notice period is well in excess of the twenty (20) day notice period required under Bankruptcy Rule 2002(a)(7) and will provide creditors ample time within which to prepare and file proofs of claim, if necessary.

*Supplemental Mailings*

29.     However, after the initial mailing occurs as provided for above, the Debtors anticipate that they may be required to make supplemental mailings of the Bar Date Notice Package in a number of situations including in the event that:  (a) Bar Date Notice Packages are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain parties acting on behalf of parties in interest decline to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors (collectively,

the "Special Bar Date Parties").  Therefore, the Debtors request the right to make supplemental mailings of the Bar Date Notice Package up to twenty-three (23) days in advance of the applicable Bar Dates, with any such supplemental mailings being deemed timely.

30.     While the Debtors anticipate there may be a need to establish one or more later special bar dates and request the right to do so below, the Debtors believe that the proposed supplemental mailing of the Bar Date Notice Package will serve to preserve the integrity of the Bar Dates, will reduce the number of special bar dates that may need to be established, will permit the claims process to be completed expeditiously, and will ease the administrative burden of these cases.

<u>*Establishment of Special Bar Dates*</u>

31.     To minimize the time and expense associated with having to seek subsequent orders from this Court, the Debtors request that they be permitted to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing of the Bar Date Notice Package is necessary and cannot be accomplished prior to twenty-three (23) days in advance of an applicable Bar Date.  With respect to the Special Bar Date Parties, the Debtors request the right to establish special bar dates at least twenty-three (23) days after the date on which the Debtors mail the notice of each such special bar date.  Such notice will substantially take the form of the Bar Date Notice (with necessary modifications to reflect the special bar date provisions).

32.     The Debtors submit that twenty-three (23) days' notice of each special bar date is appropriate, rather than the longer period provided in connection with the other Bar Dates, because any such special bar dates will be established later in these cases and must be structured so as not to delay the progress of these cases, and because such special bar dates will be

applicable to parties who will be receiving notice directly, presumably within three (3) business days of mailing, rather than through intermediate channels that may delay ultimate receipt. Moreover, the Debtors anticipate establishing special bar dates on a very limited basis, and only if necessary to ensure adequate bar date noticing and discharge protection, to the extent applicable. The vast majority of parties in interest will be subject to the Bar Dates and will receive approximately ninety (90) days' notice.

33.     The Debtors propose to advise this Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Special Bar Date Parties that are subject thereto and a copy of the bar date notice applicable to the special bar date. In addition to being filed with this Court, such notice will be served upon the Bankruptcy Administrator, the Counsel for the Asbestos Committee and the Counsel for the Unsecured Creditors' Committee, and all Entities requesting notice pursuant to Bankruptcy Rule 2002. A certificate of service will be subsequently filed to evidence the mailing of each special bar date notice to the parties subject thereto.

34.     Each of the special bar dates will apply only to the Special Bar Date Parties who are specifically identified as being subject thereto in the lists to be filed with the Court. However, as to any of such specifically identified parties who may be found to have received effective notice of the Bar Dates, the Debtors do not waive the right to assert that the Bar Dates, rather than the special bar date, govern. Moreover, the Bar Dates will remain effective, and it is the Debtors' intention that they be fully enforceable both with respect to known parties who have received actual notice thereof pursuant to the Bar Date Notice.

**F.     Filing Proofs of Claim or Requests for Payment Against Multiple Debtors**

35.     The Debtors propose that all Entities asserting claims against more than one

Debtor be required to file a separate proof of claim with respect to each such Debtor.  If Entities are permitted to assert claims against more than one Debtor in a single proof of claim, as applicable, the Claims Processing Agent may have difficulty maintaining separate claim registers for each Debtor, and all named Debtors will be required to object to a proof of claim that may be applicable to only one of the named Debtors.  Likewise, Entities should be required to identify on each proof of claim the particular Debtor against which their claim is asserted.  Requiring Entities to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of proofs of claim in these cases.  This requirement will not be unduly burdensome on claimants since such Entities will know or should know the identity of the Debtor against which they are asserting a claim.

## **NOTICE**

36.     Notice of the hearing on this Motion has been given to: (a) counsel for Bank of America, as the Debtors' post-petition lender; (b) members of the Official Committee of Unsecured Creditors or their counsel, if any as of the date of this Motion; (c) members of the Official Committee of Asbestos Personal Injury Claimants or their counsel, if any as of the date of this Motion; (d) the Bankruptcy Administrator for the Western District of North Carolina; (e) representatives of the local International Association of Machinists and Aerospace Workers ("Union Representatives"*)*; (f) all holders of Prepetition Non-Asbestos Claims listed on the Schedules at the addresses stated therein; (g) all counterparties to executory contracts and unexpired leases; (h) all record or otherwise readily known stockholders or members of a Debtor; (i) all current employees of the Debtors; (j) all parties having requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure as of the date of this Motion; and (g) the United States of America by service upon the (i) the Securities and Exchange Commission; (ii)

the Department of the Treasury by service upon the Internal Revenue Service, Attn: Insolvency Unit; (iii) the office of the United States Attorney for the Western District of North Carolina; and (iv) the Pension Benefit Guaranty Corporation.  Pursuant to the Order Establishing Notice Procedures, entered on June 8, 2010 (Docket No. 48), and in light of the nature of the relief requested, the Debtors submit that no further notice need be given.

37.     No prior request for the relief sought in the Motion has been made to this Court or any other court. The Debtors reserve the right to file any amended or supplemental pleadings to support the relief requested herein

38.     A copy of a proposed Order is attached hereto as **Exhibit C**.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit C**, (i) approving (a) the Bar Dates; (b) the Proof of Claim Form attached as **Exhibit A**; and (c) the form and manner of provision of the Bar Date Notice attached as **Exhibit B** and the Bar Date Notice Package and (ii) granting such other and further relief as the Court may deem proper.

BALANCE OF THIS PAGE IS LEFT INTENTIONALLY BLANK

This the 21st day of September, 2010.


        RAYBURN COOPER & DURHAM, P.A.

By:    /s/ John R. Miller, Jr.
        Albert F. Durham
        N.C. State Bar No. 6600
        John R. Miller, Jr.
        N.C. State Bar No. 28689
        Shelley K. Abel
        N.C. State Bar No. 34370
        Suite 1200, The Carillon
        227 West Trade Street
        Charlotte, NC  28202
        (704) 334-0891

*Counsel to the Debtors and Debtors-in-Possession*

## EXHIBIT A

**PROOF OF CLAIM FORM**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA** | **PROOF OF CLAIM FOR NON-ASBESTOS CLAIMS** |

| | |
|---|---|
| Debtors:  ☐ Garlock Sealing Technologies LLC<br>☐ Garrison Litigation Management Group, Ltd.   *(check appropriate box)*<br>☐ The Anchor Packing Company | Case Nos. 10-31607<br>10-31608<br>10-31606 |

NOTE: *This form should not be used to make a claim for an administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br><br>Name and address where notices should be sent:<br><br><br><br>Telephone number: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Claim Number:**_____<br>*(if known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $_____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐    Check this box if claim includes interest or other charges in addition to the principal amount of claim.  Attach itemized statement of interest or charges. | **5.  Amount of Claim Entitled to Priority under 11 U.S.C §507(a).**  **If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** _____<br>(See instruction #2 on reverse side.) | ☐  Wages, salaries, or commissions (up to $11,725) earned within 180 days before the filing of the bankruptcy petition – 11 U.S.C. §507(a)(4). |
| **3.  Last four digits of any number by which creditor identifies debtor:** _____<br><br>**3a.  Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | ☐  Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**    ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of property: $**_____   **Annual Interest Rate** _____%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any: $**_____   **Basis for perfection:** _____<br><br>**Amount of Secured Claim: $**_____   **Amount Unsecured: $**_____ | ☐  Up to $2,600 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).<br><br>☐  Other – Specify applicable paragraph of 11 U.S.C. §507(a___).<br><br>**Amount entitled to priority:**<br><br>$_____ |
| **6.  Credits:**   The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7.  Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  You may also attach a summary.  Attach redacted copies of documents providing evidence of perfection of a security interest.  You may also attach a summary.  (*See instruction 7 and definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | |

| | | |
|---|---|---|
| **Date:** | **Signature:** The person filing this claim must sign it.  Sign and print name and title, if any, of the creditor or other person authorized to file this and state address and telephone number if different from the notice address above.  Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

{00182304 v 1}

**FOR NON-ASBESTOS POST CLAIMS**

*The instructions and definitions below are general explanations of the law. In certain circumstances, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Information regarding the federal judicial district where the bankruptcy case was filed, the bankruptcy debtors' names, and the bankruptcy case numbers is provided at the top of the proof of claim form. Please check the appropriate box for the debtor against which you are filing this proof of claim. If you have claims against more than one debtor, please complete a separate proof of claim form for each claim.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a **non-asbestos claim** and name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rules of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the non-asbestos creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. **CLAIMS RELATING TO ASBESTOS EXPOSURE SHOULD BE SUBMITTED ON A DIFFERENT FORM, AVAILABLE ON REQUEST.** This claim form should be submitted by holders of non-asbestos claims. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(ex) and state the amount entitled to priority (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

**DEFINITIONS** | **INFORMATION**

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101(10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the claims agent according to the instructions shown on the notice provided. **This claim form should be used by creditors holding non-asbestos claims.**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Non-Asbestos Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the claim agent's website at: _____
to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), and any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

{00182304 v 1}

## **EXHIBIT B**

**BAR DATE NOTICE**

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

|  |  |
|---|---|
| IN RE: | Case No. 10-31607 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Chapter 11 |
|  | Jointly Administered |
| Debtors.[1] |  |

## NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM FOR NON-ASBESTOS CLAIMS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On June 5, 2010, Garlock Sealing Technologies LLC ("Garlock"), Garrison Litigation Management Group, Ltd. ("Garrison") and The Anchor Packing Company ("Anchor"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of North Carolina (the "Court").

Under the Bankruptcy Code, the Debtors are granted certain protections against creditors. A creditor is anyone to whom the Debtors owe money or property. Creditors are prohibited from taking any actions to collect money or property from the Debtors. THE FILING OF THE BANKRUPTCY CASES DOES NOT RELIEVE CREDITORS WHO OWE AMOUNTS TO THE DEBTORS FROM THE OBLIGATION TO PAY SUCH AMOUNTS TO THE DEBTORS. If unauthorized actions are taken by a creditor against any the Debtors, the Court may penalize that creditor. A creditor who is considering taking action against any of the Debtors, or property of the Debtors, may wish to consult an attorney. The staff of the Clerk of the Court is not permitted to give legal advice.

### Prepetition Claim Bar Date for Non-Asbestos Claims

By Order of this Court entered _____(the "Bar Date Order"), the last date and time for filing proofs of claim against the Debtors for any and all Prepetition Non-Asbestos Claims (as defined below) is _____, 2010 at 5:00 p.m. (ET) (the "General Bar Date"). The General Bar Date and the procedures set forth below for the filing of proofs of claim apply to all Non-Asbestos Claims against the Debtors that arose on or before the Petition Date ("Prepetition Non-Asbestos Claims"). Non-Asbestos Claims are claims asserted against any Debtor that are not claims for death, wrongful death, personal or bodily injury, for, based on, or arising out of, resulting from, or attributable to, directly or indirectly, the presence of or exposure at any time to asbestos, or otherwise within the definition of "Asbestos Claim" set forth in the Court's Order of ____, 2010.

You MUST file a proof of claim if you have a Prepetition Non-Asbestos Claim that arose on or before the Petition Date, and it is not an Excluded Prepetition Claim (as defined below). Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date. Under section 101(5) of the Bankruptcy Code as used herein, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an

---

[1]   The Debtors include Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company.

{00182304 v 1}

equitable remedy is judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The General Bar Date applies to all Prepetition Non-Asbestos Claims, except that the following entities **do not** need to file proofs of claim:

(a)     any entity that has already properly filed a proof of claim against one or more of the Debtors against whom such entity asserts a claim;

(b)     any entity (i) whose Prepetition Non-Asbestos Claim is not listed as "disputed," "contingent," or "unliquidated" in the Debtors' schedules of assets and liabilities (the "Schedules") and (ii) that agrees with the nature, classification, and amount of such Prepetition Non-Asbestos Claim set forth in the Schedules;

(c)     any Entity whose Prepetition Claim has been allowed previously by, or paid pursuant to, an order of the Court; and

(d)     any of the Debtors that hold Prepetition Non-Asbestos Claims against one or more of the other Debtors.

The foregoing claims are collectively referred to herein as the "Excluded Prepetition Claims." Separate forms and procedures have been or will be established by the Bankruptcy Court for the administration of Asbestos Claims under its Order of _____, 2010.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST A DEBTOR. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

If you wish to submit a rejection damages claim arising from the Debtors' rejection of an executory contract or unexpired lease during these chapter 11 cases, such proof of claim must be filed by the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court. Any other claims arising before the Petition Date with respect to any leases or contracts of the Debtors must be filed by the General Bar Date.

**EXCEPT WITH RESPECT TO EXCLUDED PREPETITION CLAIMS, ANY ENTITY WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE _____, 2011 AT 5:00 P.M. (ET), FOR ANY PREPETITION NON-ASBESTOS CLAIMS THAT SUCH ENTITY HOLDS OR WISHES TO ASSERT AGAINST A DEBTOR, WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH PREPETITION NON-ASBESTOS CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH PREPETITION NON-ASBESTOS CLAIM) AGAINST THE DEBTORS, AND THE DEBTORS AND THEIR PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH PREPETITION NON-ASBESTOS CLAIM, AND SUCH ENTITY SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION NON-ASBESTOS CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH PREPETITION NON-ASBESTOS CLAIM.**

**<u>Procedures Generally Applicable to the Filing of Proofs of Claim</u>**

Except as provided herein, proofs of claim must be filed so as to be **actually received** on or before _____, 2010 at 5:00 p.m. (ET). by [the Claims Processing Agent]. **Proofs of claim may not be sent by facsimile or telecopy.**

If electronically filed, submitted at:          If mailed, to:

   **[WEBSITE].**                                    **[MAILING ADDRESS OF CLAIMS
                                                       PROCESSING AGENT]**

{00182304 v 1}                                    2

You may obtain a proof of claim form by written request to **[the Claims Processing Agent]**, sent to the appropriate address set forth above, faxed to **[fax number for Claims Processing Agent]**, or at the website address **[website]**.  You also may obtain a proof of claim form from any bankruptcy court clerk's office, from your lawyer or from certain business supply stores.

Copies of the Schedules and the Bar Date Order may be examined by interested parties as follows: (i) the Bankruptcy Court's website at http://www.ncwb.uscourts.gov/ under the Debtor's name and case number(s); (ii) the website set up by the Claims Processing Agent at _____; (iii) between the hours of 8:00 a.m. and 3:00 p.m. (ET) at the office of the Clerk of the Court, for the Bankruptcy Court, 401 West Trade Street, Charlotte, NC 28203, or (iv) by appointment during the hours of 9:00 a.m. and 3:00 p.m. at the offices of the Debtors' attorneys: Rayburn Cooper & Durham, P.A., Attention: Shelley K. Abel, 227 W. Trade Street, Suite 1200, Charlotte, NC 28202; 704-334-0891.

YOU SHOULD CONSULT YOUR ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.  **DO NOT CONTACT THE COURT OR DEBTORS' COUNSEL FOR ADVICE.**

Dated: October ____, 2010          **BY ORDER OF THE UNITED STATES BANKRUPTCY COURT**

<u>**EXHIBIT C**</u>

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE: | Case No. 10-31607 |
| | Chapter 11 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Jointly Administered |
| Debtors.[1] | |

**ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM FOR NON-ASBESTOS CLAIMS (II) APPROVING BAR DATE NOTICES AND MAILING PROCEDURES AND (III) PROVIDING CERTAIN SUPPLEMENTAL RELIEF**

Upon the motion (the "Motion")[2] of Garlock Sealing Technologies LLC ("Garlock"), Garrison Litigation Management Group, Ltd. ("Garrison") and The Anchor Packing Company ("Anchor"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), (Docket No. ___) for the entry of an Order, pursuant to section 501 the Bankruptcy Code, Bankruptcy Rules 2002, 3003(c)(3), 9007 and 9008 and Local Rule 3003-1, (i) establishing the

---

[1]    The Debtors include Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company.

General Bar Date by which all creditors who assert Prepetition Non-Asbestos Claims must file

proofs of claim[3] in these chapter 11 cases; (ii) establishing the later of the General Bar Date and

thirty (30) days after the effective date of rejection of such executory contract or unexpired

lease as provided by an order of this Court or pursuant to a notice under procedures

approved by this Court as the Rejection Bar Date by which a proof of claim relating to the

Debtors' rejection of such contract or lease must be filed; (iii) establishing the Amended

Schedule Bar Date by which creditors holding claims which have been amended by the Debtors

in their Schedules as the later of the General Bar Date and twenty-three (23) days after the date

that notice of the amendment is served on the affected claimant; (iv) approving a tailored proof

of claim form to be distributed to potential Prepetition Non-Asbestos Claimants (as defined

herein); (v) approving the Bar Date Notice to be used to inform potential creditors of the Bar

Dates; (vi) approving mailing procedures with respect to notice of the Bar Dates; and (vii)

providing certain supplemental relief; and it appearing that the relief requested in the Motion is

in the best interest of the Debtors and their estates and that the establishment of the Bar Dates

and the procedures set forth in the Motion are fair and reasonable and will provide good,

sufficient and proper notice to all creditors of their rights and obligations in connection with

claims they may have against the Debtors or their property in these chapter 11 cases; and the

Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of this

Motion having been due and sufficient under the circumstances; and upon the record therein; and

after due deliberation thereon; and good and sufficient cause appearing therefor;

(. . . continued)
[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.
[3]    The Bar Dates approved herein shall not extend to requests for payment of fees and expenses of
(Continued . . .)

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      <u>Bar Dates</u>.  The Bar Dates set forth in the Motion are hereby APPROVED.

3.      <u>The General Bar Date</u>.  The General Bar Date by which proofs of claim against the Debtors must be filed is that date which is ninety (90) days after the Service Date.

4.      Any Entity that asserts a Prepetition Non-asbestos Claim against any of the Debtors is required to file an original, written proof of such Prepetition Non-asbestos Claim, substantially in the form attached to the Motion or the Official Form No. 10 (the "Proof of Claim Form"), so as to be received on or before the General Bar Date. A proof of claim shall be timely filed only if the original Proof of Claim form is actually received or, as appropriate, electronically filed by the Claims Processing Agent on or before the General Bar Date.

5.      The following Entities do not need to file proofs of claim:

   (a)      any Entity that has already properly filed with the Court a proof of claim against one or more of the Debtors against whom that Entity asserts a Prepetition Non-Asbestos Claim;

   (b)      any Entity (i) whose Prepetition Non-Asbestos Claim is not listed as "disputed," "contingent," or "unliquidated" in the Schedules and (ii) that agrees with the nature, classification, and amount of such Prepetition Non-Asbestos Claim set forth in the Schedules;

   (c)      any Entity whose Prepetition Non-Asbestos Claim previously has been allowed by, or paid pursuant to, an order of this Court; and

   (d)      any of the Debtors that hold Prepetition Non-Asbestos Claims against one or more of the other Debtors.

---

(. . . continued)

professionals retained or sought to be retained by order of the Court in these cases.

Separate forms and procedures have been established by the Bankruptcy Court for the administration of Asbestos Claims.

6.      Any Entity whose Prepetition Non-Asbestos Claim is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and that desires to participate in any of these chapter cases or share in any distribution in any of these chapter 11 cases and any Entity that believes its Prepetition Non-Asbestos Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Prepetition Non-Asbestos Claim allowed in a classification or amount other than that set forth in the Schedules, must file a proof of claim on or before the General Bar Date.

7.      <u>The Rejection Bar Date</u>.  The Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of any executory contract or unexpired lease must be filed is the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court.

8.      Entities wishing to assert a Rejection Damages Claim are required to file (electronically or by mail, as applicable) an original proof of such Rejection Damages Claim using the Proof of Claim Form so as to be received on or before the Rejection Bar Date.

9.      A proof of claim with respect to a Rejection Damages Claim shall be timely filed only if the original Proof of Claim Form is actually received (or, as applicable, electronically filed) on or before the Rejection Bar Date.

10.     <u>The Amended Schedule Bar Date</u>.  The Amended Schedule Bar Date for creditors holding claims which have been amended by the Debtors in their Schedules or added to the Schedules is the later of (a) the General Bar Date and (b) twenty-three (23) days after the date that notice of the amendment is served on the affected claimant.

11.     Entities wishing to file proofs of claim with respect to claims which have been amended by the Debtors in their Schedules or added thereto are required to file (by mail or electronically, as applicable) an original proof of such claim using the Proof of Claim Form so as to be received on or before the Amended Schedule Bar Date.  Notwithstanding the foregoing, in the event the Debtor amends its Schedules with respect to any claim the Debtors state has been satisfied, such paid creditor shall not be entitled to file a proof of claim with respect to the satisfied claim.

12.     <u>Writings</u>.  Upon the advance express written consent of the Debtors, a proof of claim may be filed without the writings upon which the Prepetition Non-Asbestos Claim is based, as required by Bankruptcy Rules 3001(c) and (d) and this Order; provided, however, that, upon request of the Debtors or any other party in interest in these cases, any creditor that receives such written consent shall be required to transmit promptly such writings to the Debtors and the party in interest making such request as soon as reasonably practicable, but in no event later than ten (10) business days from the date of such request.

13.     <u>Filing Proofs of Claim against Multiple Debtors</u>.  All Entities asserting claims against more than one Debtor are required to:  (a) file a separate proof of claim with respect to each such Debtor and (b) identify on each proof of claim the particular Debtor against which its claim is asserted.

14.     <u>Effect of Failure to File by Applicable Bar Date</u>.  **ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM FOR A PREPETITION NON-ASBESTOS CLAIM IN THESE CHAPTER 11 CASES PURSUANT TO THE BANKRUPTCY CODE, THE BANKRUPTCY RULES OR THIS ORDER WITH RESPECT TO A PARTICULAR CLAIM AGAINST A DEBTOR, BUT THAT FAILS TO DO SO IN A TIMELY MANNER, IS FOREVER BARRED, ESTOPPED, AND ENJOINED FROM:**

**ASSERTING ANY PREPETITION NON-ASBESTOS CLAIM AGAINST ANY OF THE
DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO), AND
THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED
FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH
PREPETITION NON-ASBESTOS CLAIM.  ADDITIONALLY, ANY HOLDER OF ANY
PREPETITION NON-ASBESTOS CLAIM OR WHO IS REQUIRED, BUT FAILS, TO
FILE A PROOF OF SUCH PREPETITION NON-ASBESTOS CLAIM IN
ACCORDANCE WITH THIS ORDER ON OR BEFORE THE APPLICABLE BAR
DATE SHALL NOT BE PERMITTED TO VOTE TO ACCEPT OR REJECT ANY PLAN
OR PLANS OF REORGANIZATION OR PARTICIPATE IN ANY DISTRIBUTION IN
THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION
NON-ASBESTOS CLAIM OR TO RECEIVE FURTHER NOTICES REGARDING
SUCH PREPETITION NON-ASBESTOS CLAIM**.

15.    <u>Mailing of Bar Date Notice Packages</u>.  Within three (3) business days after entry
of this Order, the Debtors shall provide actual notice of the Bar Dates by mailing the Bar Date
Notice and the Proof of Claim Form (collectively, the "Bar Date Notice Package") to:  (a) the
U.S. Bankruptcy Administrator;  (b) each member of the Committee and counsel for the
Committee;  (c) all holders of Prepetition Non-Asbestos Claims listed on the Schedules at the
addresses stated therein;  (d) all counterparties to executory contracts and unexpired leases;  (e) all
record or otherwise readily known stockholders or members of a Debtor;  (f) all current
employees of the Debtors;  (g) the District Director of Internal Revenue for the Western District
of North Carolina and all taxing authorities for locations in which the Debtors do business;  (h)
the Securities and Exchange Commission;  and (i) all Entities requesting notice pursuant to
Bankruptcy Rule 2002 as of the entry of this Order (collectively, the "Bar Date Notice Parties").

{00182304 v 1}                                                    -7-

16.     The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice to certain Entities that are not Bar Date Notice Parties with which, prior to the Petition Date, the Debtors had done business with or any former employees or that may have asserted a claim against the Debtors in the recent past.

17.     <u>Supplemental Mailings of Bar Date Notice Packages</u>.  In the event that:  (a) Bar Date Notice Packages are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain parties acting on behalf of parties in interest decline to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors (collectively, the "Special Bar Date Parties"), the Debtors may, in their discretion, but shall not be required to make supplemental mailings of the Bar Date Notice Package up to twenty-three (23) days in advance of the applicable Bar Dates, with any such supplemental mailings being deemed timely.

18.     <u>Establishment of Special Bar Dates</u>.  The Debtors are authorized to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing of the Bar Date Notice Package is necessary and cannot be accomplished prior to twenty-three (23) days in advance of an applicable Bar Date.  With respect to the Special Bar Date Parties, the Debtors are authorized to establish special bar dates at least twenty-three (23) days after the date on which the Debtors mail the notice of each such special bar date.  Such notice will substantially take the form of the Bar Date Notice (with necessary modifications to reflect the special bar date provisions).  The Debtors shall advise the Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Special Bar Date Parties that are subject thereto and a copy of the bar date notice applicable to the special bar date.  In addition to being filed with the Court, the Debtors shall serve such notice upon the

Bankruptcy Administrator, counsel for the Committee and all Entities requesting notice pursuant to Bankruptcy Rule 2002. The Debtors shall file a certificate of service to evidence the mailing of each special bar date notice to the parties subject thereto.

19.      Each of the special bar dates will apply only to the Special Bar Date Parties who are specifically identified as being subject thereto in the lists to be filed with the Court. However, as to any of such specifically identified parties who may be found to have received effective notice of the Bar Dates, the Debtors do not waive the right to assert that the Bar Dates, rather than the special bar date, governs. The Bar Dates will remain effective and fully enforceable both with respect to known parties who have received actual notice thereof pursuant to the Bar Date Notice.

20.      _Actual Notice of Amended Schedule Bar Date_. If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Non-Asbestos Claim or add a claim to the Schedules, the Debtors shall provide notice to the affected claimant of any such amended or added claim, which shall include information regarding the Amended Schedule Bar Date and how to file a proof of claim or amend an existing proof of claim.

21.      The forms of the Bar Date Notice and the Proof of Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved. The form and manner of notice of the Bar Dates approved hereby are deemed to fulfill the notice requirements of the Federal Rules of Bankruptcy Procedure and Local Rules 2002-1(e) and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina.

22.      _Reservation of Rights_. The Debtors shall retain and hereby reserve the right to: (a) dispute, or assert offsets or defenses, against any Prepetition Non-Asbestos Claim; (b)

subsequently designate any Prepetition Non-Asbestos Claim as disputed, contingent or unliquidated; (c) add a claim to the Schedules; (d) object to any Prepetition Non-Asbestos Claim, whether scheduled or filed, on any grounds; and (e) file any amended or supplemental pleadings to support the relief granted herein.

23.     The Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including payment of costs incurred in connection with the process of noticing the Bar Dates.

24.     This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

This Order has been signed electronically.  The judge's                     United States Bankruptcy Court
signature and court's seal appear at the top of the Order.