# EXHIBIT 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-01139 (JKF) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 9622 |
| | ) | Aug. 21, 2006 Agenda Item No. 10 |

**ORDER AS TO ALL PRE-PETITION ASBESTOS PI LITIGATION CLAIMS, INCLUDING SETTLED CLAIMS, (I) ESTABLISHING BAR DATES; (II) APPROVING PROOF OF CLAIM FORM; AND (III) APPROVING NOTICE OF PRE-PETITION ASBESTOS PERSONAL-INJURY CLAIMS BAR DATE**

Upon consideration of the Debtors' Motion for an Order Establishing a Proof of Claim Bar Date for Asbestos Personal Injury Pre-Petition Litigation Claims (the "Motion"), and the Court having considered the Motion and the responses thereto; and adequate and sufficient notice of the Motion having been given; and it appearing that the relief requested in the Motion should be granted to the extent provided for herein, it is hereby,

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

ORDERED that the relief requested in the Motion is granted to the extent set forth in this Order; and it is further

ORDERED that **October 16, 2006** (the "Settled Pre-Petition PI Claims Bar Date") is established as the last day for all persons and entities asserting Settled Pre-Petition Asbestos PI Claims (as defined herein) to file their W.R. Grace & Co. Asbestos PI Proof of Claim ("Asbestos PI Proof of Claim"); and it is further

ORDERED that **November 15, 2006** (the "Non-Settled Pre-Petition PI Claims Bar Date," and together with the Settled Pre-Petition PI Claims Bar Date, the "Asbestos PI Bar Dates") is established as the last day for all persons and entities asserting Non-Settled Pre-Petition Asbestos PI Claims (as defined herein), to file their Asbestos PI Proof of Claim; and it is further

ORDERED that, for purposes of this Order and the Bar Date Notice (defined below), the term "Non-Settled Pre-Petition Asbestos PI Claim" shall be defined as an asbestos-related claim for personal injury or wrongful death alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material to which one or more of the Debtors were alleged to be legally responsible, and such claim against one or more of the Debtors (1) was filed in court as a lawsuit or civil action prior to April 2, 2001; (2) has not been dismissed or otherwise resolved with prejudice; (3) has not been fully satisfied by any of the Debtors (either by fully-paid settlement or judgment); and (4) is *not* subject to a settlement agreement that (a) is evidenced by a writing dated prior to April 2, 2001 (which the holder must attach to their Asbestos PI Proof of Claim), (b) is enforceable under applicable non-bankruptcy law, and (c) provides for a release of one or more of the Debtors; and it is further

K&E 11309636.1

ORDERED that, for purposes of this Order and the Bar Date Notice (defined below), the term "Settled Pre-Petition Asbestos PI Claim" shall be defined as an asbestos-related claim for personal injury or wrongful death alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material to which one or more of the Debtors were alleged to be legally responsible, and such claim against one or more of the Debtors (1) was filed in court as a lawsuit or civil action prior to April 2, 2001; and (2) *is* subject to a settlement agreement that (a) is evidenced by a writing dated prior to April 2, 2001 (which the holder must attach to their Asbestos PI Proof of Claim), (b) is enforceable under applicable non-bankruptcy law, (c) provides for a release of one or more of the Debtors, and (d) has not been fully paid or satisfied by any of the Debtors; and it is further

ORDERED that, for purposes of this Order and the Bar Date Notice (defined below), the term "Pre-Petition Asbestos PI Litigation Claim" shall be defined as a Non-Settled Pre-Petition Asbestos PI Claim, a Settled Pre-Petition Asbestos PI Claim, or both, as the case may be; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, Asbestos PI Proofs of Claim that are postmarked as mailed on or before the applicable Asbestos PI Bar Dates, but are actually received thereafter, shall be deemed and considered timely filed; and it is further

ORDERED that any holder of a Pre-Petition Asbestos PI Litigation Claim who fails to file an Asbestos PI Proof of Claim on or before the applicable Asbestos PI Bar Dates, pursuant to the terms of this Order, shall be forever barred, estopped, and enjoined from asserting such Claim against any of the Debtors or the § 524(g) trust to be established under the Debtors'

K&E 11309636.1

chapter 11 plan, or receiving distributions under any plan or plans of reorganization in these chapter 11 cases on account of such Claim; and it is further

ORDERED that the terms and provisions of this Order shall apply only to those persons or entities holding a Pre-Petition Asbestos PI Litigation Claim, as defined herein, and such terms and provisions shall not in any way apply to: (a) an asbestos-related property-damage claim; (b) a property-damage claim arising from Zonolite attic insulation; (c) an asbestos-related claim for which a lawsuit or civil action has been filed exclusively seeking or exclusively predicated on medical monitoring; (d) an asbestos-related workers' compensation claim; (e) any asbestos-related claim for personal injury or wrongful death that does not satisfy the definition of a Settled Pre-Petition Asbestos PI Claim and the definition of a Non-Settled Pre-Petition Asbestos PI Claim, including, without limitation, any asbestos-related claim for personal injury or wrongful death for which a lawsuit or civil action against the one or more of the Debtors was commenced prior to April 2, 2001 and that lawsuit or civil action was (i) settled or adjudicated to judgment and such settlement or judgment was fully satisfied as of April 2, 2001, or (ii) dismissed before April 2, 2001; (f) any asbestos-related claim for personal injury or wrongful death that would otherwise satisfy the definition of a Settled Pre-Petition Asbestos PI Claim or the definition of a Non-Settled Pre-Petition Asbestos PI Claim, but has been disallowed or expunged by order of a court of competent jurisdiction; and (g) an asbestos-related claim for personal injury or wrongful death that had not been filed in court as a lawsuit or civil action against any of the Debtors as of April 2, 2001; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, if a person or entity holds a Pre-Petition Asbestos PI Litigation Claim against more than one of the Debtors, such person or entity need not file a separate Asbestos PI Proof of Claim form against

K&E 11309636.1

each of the applicable Debtors in order to comply with the requirements of this Order and to preserve such person's or entity's Pre-Petition Asbestos PI Litigation Claim(s), the timely filing of only one (1) Asbestos PI Proof of Claim form for such Claim(s) being sufficient and proper for purposes of this Order; and it is further

ORDERED that notwithstanding any term, provision, or notice to the contrary, any person or entity who holds a Settled Pre-Petition Asbestos PI Claim must so indicate on the Asbestos PI Proof of Claim form and supply supporting documentation. Upon receipt of the Asbestos PI Proof of Claim, the Debtors will examine it against their records. If, after examining their records, the Debtors do not dispute the settlement reflected or described in the Asbestos PI Proof of Claim, then the Debtors shall notify the appropriate claimant in writing within twenty-one (21) calendar days after receipt of such Claimant's Asbestos PI Proof of Claim that the Debtors do not dispute or contest the settlement reflected or described in the Asbestos PI Proof of Claim; and it is further

ORDERED that if the Asbestos PI Proof of Claim sets forth a settlement amount that does not correspond with Debtors' settlement records, or if the Debtors' records do not correspond with the settlement described or reflected in the Asbestos PI Proof of Claim (in either case, a "Contested Settled Claim"), the Debtors will so notify the claimant and send the claimant a W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire") within twenty-one (21) calendar days after receipt of such Asbestos PI Proof of Claim. Upon receipt of the Questionnaire, a holder of a Contested Settled Claim shall have thirty (30) calendar days to fill out and return the Questionnaire unless (1) such holder has already filled out and returned the Questionnaire or (2) such holder, within fourteen (14) calendar days after receipt of the Questionnaire, files an objection setting forth, among other things, why that holder believes he or

she should not be required to fill out and return the Questionnaire. If such an objection is not filed within that 14-day period, such holder will be required to fill out and return the Questionnaire within thirty (30) calendar days after such holder's receipt of the Questionnaire; and it is further

ORDERED that the Court will hear any objection that is timely filed by a holder of a Contested Settled Claim and decide whether that holder has to fill out the Questionnaire at the December 18, 2006 omnibus hearing; and it is further

ORDERED that the "W.R. Grace & Co. Asbestos PI Proof of Claim Form," which is attached to this Order as Exhibit A, is approved; and it is further

ORDERED that the document entitled "Notice of Bar Dates for Pre-Petition Asbestos Personal-Injury Litigation Claims (Settled and Non-Settled)," which is attached to this Order as Exhibit B ("Bar Date Notice"), is approved; and it is further

ORDERED that within ten (10) calendar days after entry of this Order, the Debtors shall serve or cause to be served the Bar Date Notice and the Asbestos PI Proof of Claim Form on counsel of record for all holders of Pre-Petition Asbestos PI Claims, or where such holder is not represented by counsel, on such holders themselves, via direct U.S. mail, and such notice shall be sufficient.

BY ORDER OF THE COURT:

Dated: 8/24/2006
16:56:49

*Judith K. Fitzgerald*
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

K&E 11309636.1

# Exhibit A

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE | | W. R. GRACE & CO. ASBESTOS PI PROOF OF CLAIM FORM |
|---|---|---|
| Name of Debtor: In re W.R. Grace & Co., et al. | 01-01139 (JKF) | |
| NOTE: Use this form **only** if you have a Non-Settled Pre-Petition Asbestos PI Claim or a Settled Pre-Petition Asbestos PI Claim (capitalized terms are defined in the "Notice of Bar Dates for Pre-Petition Asbestos Personal-Injury Litigation Claims (Settled and Non-Settled)"). This form should not be used to file a claim for a non-asbestos claim, an asbestos property-damage claim, a property-damage claim arising from Zonolite attic insulation, an asbestos medical-monitoring claim, or any other claim. | | |
| Name of Creditor (The injured person or other person or entity to whom the Debtor(s) owe money or property): _____ | ☐ Check if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check if you have never received any notices from the bankruptcy court in this case.<br>☐ Check if the address differs from the address on the envelope sent to you by the court.<br>☐ Check here if this claim amends or replaces a previously filed claim, dated _____ | THIS SPACE IS FOR COURT USE ONLY |
| Name and address where notices should be sent: _____ | | |
| Last Four Digits of Creditor's Social Security Number: | If primary party is deceased, indicate date of death: | |

### PART I
### (Election to Use W.R. Grace Asbestos Personal-Injury Questionnaire as Part of Your Proof of Claim)

☐ Check here if you have completed and returned the W.R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire") and elect to have the Questionnaire required by the Court's order on August 29, 2005 serve as part of your Proof of Claim. If you check this box, you do not need to complete Part II of this Proof-of-Claim Form, but you still must complete Part III if you have a Settled Pre-Petition Asbestos PI Claim. **AND, IN ANY CASE, YOU MUST STILL FILE THIS FORM ON OR BEFORE OCTOBER 16, 2006 OR NOVEMBER 15, 2006, WHICHEVER OF THESE BAR DATES IS APPLICABLE TO YOU.**

### PART II
### (To Be Completed by Claimants Holding Non-Settled Pre-Petition Asbestos PI Claims Who Are Not Electing to Use the Questionnaire as Part of Their Proof of Claim)

Please complete Part II if you did not elect to have the Questionnaire serve as part of your Proof of Claim in Part I. Although completion of Part II satisfies the requirements of this Proof of Claim, it does not relieve you of the obligation to answer and return a Questionnaire.

1. Provide the following information with respect to the pre-petition lawsuit or civil action for which your Non-Settled Pre-Petition Asbestos PI Claim relates:

   a. Title of Case: _____

   b. Court Where Complaint was Filed _____

   c. Court Where Case was Pending on April 2, 2001: _____

   d. Case Number: _____

   e. Date Complaint was Filed: _____

   f. Name of Your Legal Counsel: _____

   g. Address of Your Legal Counsel: _____
   _____
   _____

K&E 11309803.1

2. If you have a court judgment against one or more of the W.R. Grace debtors or a settlement with one or more of the W.R. Grace debtors, provide the date obtained and amount of such judgment or settlement:

   Date of settlement or judgment: _____

   Amount of settlement or judgment: _____

3. Date of diagnosis of injury for which you are filing this proof of claim: _____

### PART III
(To Be Completed By Claimants Holding Settled Pre-Petition Asbestos PI Claims)

☐ Check here if you believe that one or more of the Debtors owes you money pursuant to an enforceable settlement agreement entered into between you and one or more of the Debtors, as of the commencement of these chapter 11 cases (April 2, 2001), but as for which you have not received full payment ("Settled Pre-Petition Asbestos PI Claim").

Identify which documents you have in support of your belief that you have a Settled Pre-Petition Asbestos PI Claim and attach the described documents (check all applicable boxes):

☐ A release that is signed and executed by you and was submitted to any of the Debtors before April 2, 2001.

☐ A written settlement agreement that is signed by both you and one or more of the Debtors in which you agree to release asbestos-related claims for personal injury or wrongful death against one or more of the Debtors in exchange for Debtors' agreement to pay you a certain sum.

☐ A written settlement agreement that is signed by both your attorney or authorized agent and one or more of the Debtors in which any of the Debtors and you agree to release asbestos-related claims for personal injury or wrongful death against one or more of the Debtors in exchange for Debtors' agreement to pay you a certain sum.

☐ A transcript or court order describing the terms and conditions of an asbestos-related personal injury claims settlement made in open court and entered on the record.

☐ Other documents supporting an enforceable settlement agreement between you and the Debtors (describe below; attach a supplemental list if necessary).

_____
_____
_____
_____

### TO BE COMPLETED BY ALL CLAIMANTS ASSERTING PRE-PETITION ASBESTOS PI CLAIMS

IF YOU ARE ASSERTING A SETTLED PRE-PETITION PI CLAIM YOU MUST COMPLETE AND RETURN THIS PROOF OF CLAIM FORM TO THE CLAIMS PROCESSING AGENT, RUST CONSULTING, ON OR BEFORE THE **SETTLED PRE-PETITION PI CLAIMS BAR DATE OF OCTOBER 16, 2006**, OR ELSE YOUR CLAIM WILL BE BARRED.

IF YOU ARE ASSERTING A NON-SETTLED PRE-PETITION PI CLAIM YOU MUST COMPLETE AND RETURN THIS PROOF OF CLAIM FORM TO THE CLAIMS PROCESSING AGENT, RUST CONSULTING, ON OR BEFORE THE **NON-SETTLED PRE-PETITION PI CLAIMS BAR DATE OF NOVEMBER 15, 2006**, OR ELSE YOUR CLAIM WILL BE BARRED.

PLEASE SEE THE "NOTICE OF BAR DATES FOR PRE-PETITION ASBESTOS PERSONAL-INJURY LITIGATION CLAIMS (SETTLED AND NON-SETTLED)" FOR MORE DETAILED INSTRUCTIONS.

| | |
|---|---|
| **Acknowledgement:** Upon receipt and processing of the Proof of Claim, you will receive an acknowledgement card indicating the date of filing and your unique claim number. If you want a file stamped copy of the Proof of Claim itself, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
| **Date:**  Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): | |

2

K&E 11309803.1

# Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| W. R. GRACE & CO., *et al.*,[1] | ) Case No. 01-01139 (JKF) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

## NOTICE OF BAR DATES FOR PRE-PETITION ASBESTOS
## PERSONAL-INJURY LITIGATION CLAIMS (SETTLED AND NON-SETTLED)

PLEASE TAKE NOTICE THAT on _____, 2006, the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware (the "Court"), having jurisdiction over the chapter 11 cases of W. R. Grace & Co. and certain of its affiliates (collectively, the "Debtors" or "Grace"), entered a Bar Date Order in the above-referenced bankruptcy cases.

The Court has established **October 16, 2006** (the "Settled Pre-Petition PI Claims Bar Date") as the last date for all persons and entities including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have Settled Pre-Petition PI Claims (as defined herein) against any of the Debtors or their predecessors-in-interest, to file a W. R. Grace & Co. Asbestos PI Proof of Claim ("Asbestos PI Proof of Claim").

and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

K&E 11309546.2

The Court has established **November 15, 2006** (the "Non-Settled Pre-Petition PI Claims Bar Date," and together with the Settled Pre-Petition PI Claims Bar Date, the "Asbestos PI Bar Dates") as the last date for all persons and entities including without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit who have Non-Settled Pre-Petition Asbestos PI Claims (as defined herein) against any of the Debtors or their predecessors-in-interest, to file an Asbestos PI Proof of Claim.

## I.   WHO MUST FILE AN ASBESTOS PI PROOF OF CLAIM:

You MUST file an Asbestos PI Proof of Claim on or before the applicable Asbestos PI Bar Dates, if you hold at least one of the following:

- A "**Non-Settled Pre-Petition Asbestos PI Claim**," which is defined as an asbestos-related claim for personal injury or wrongful death alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material to which one or more of the Debtors were alleged to be legally responsible, and such claim against one or more of the Debtors (1) was filed in court as a lawsuit or civil action prior to April 2, 2001; (2) has not been dismissed or otherwise resolved with prejudice; (3) has not been fully satisfied by any of the Debtors (either by fully-paid settlement or judgment); and (4) is *not* subject to a settlement agreement that (a) is evidenced by a writing dated prior to April 2, 2001 (which you must attach to your Asbestos PI Proof of Claim), (b) is enforceable under applicable non-bankruptcy law, and (c) provides for a release of one or more of the Debtors.

- A "**Settled Pre-Petition Asbestos PI Claim**," which is defined as an asbestos-related claim for personal injury or wrongful death alleged to have been caused in whole or in part by exposure to asbestos or asbestos-containing material to which one or more of the Debtors were alleged to be legally responsible, and such claim against one or more of the Debtors (1) was filed in court as a lawsuit or civil action prior to April 2, 2001; and (2) *is* subject to a settlement agreement that (a) is evidenced by a writing dated prior to April 2, 2001 (which you must attach to your Asbestos PI Proof of Claim), (b) is enforceable under applicable non-bankruptcy law, (c) provides for a release of one or more of the Debtors, and (d) has not been fully paid or satisfied by any of the Debtors.

## II.  PROCEDURE FOR SETTLED PRE-PETITION ASBESTOS PI CLAIMS

If you are asserting a Settled Pre-Petition Asbestos PI Claim, as defined above, you MUST file your Asbestos PI Proof of Claim on or before the Settled Pre-Petition PI Claims Bar Date of **October 16, 2006,** or your claim will be barred.

If you are asserting a Settled Pre-Petition Asbestos PI Claim, you must so indicate on the accompanying Asbestos PI Proof of Claim form, and attach supporting documentation to the form. Upon receipt of your completed Asbestos PI Proof of Claim, the Debtors will examine it against their records. If, after examining their records, the Debtors do not dispute the settlement reflected or described in your Asbestos PI Proof of Claim, then the Debtors shall promptly notify you in writing within twenty-one (21) calendar days after receipt of your Asbestos PI Proof of Claim that the Debtors do not dispute or contest the settlement reflected or described in your Asbestos PI Proof of Claim.

-2-

If your Asbestos PI Proof of Claim sets forth a settlement amount that does not correspond with the Debtors' settlement records, or if the Debtors' records do not correspond with the settlement described or reflected in your Asbestos PI Proof of Claim, the Debtors will notify you or your attorney in writing that you have a "Contested Settled Claim" and send you or your attorney a W. R. Grace Asbestos Personal Injury Questionnaire ("Questionnaire") within twenty-one (21) calendar days after receipt of your Asbestos PI Proof of Claim.

Upon receiving the Questionnaire, you will have thirty (30) calendar days to fill out and return the Questionnaire, (1) unless you or your attorney have already filled out and returned the Questionnaire to the claims processing agent, Rust Consulting, or (2) you or your attorney file a written objection with the Court within fourteen (14) calendar days after receiving the Questionnaire setting forth, among other things, the reasons why you believe you do not hold a Contested Settled Claim or why you believe you should not be required to fill out and return the Questionnaire. If such an objection is not filed within that 14-day period, you must fill out and return the Questionnaire within thirty (30) calendar days after your receipt of the Questionnaire The Court will hear any objection that is timely filed by the holder of a Contested Settled Claim and decide whether that holder has to fill out the Questionnaire at the December 18, 2006 omnibus hearing.

### III.   PROCEDURE FOR NON- SETTLED PRE-PETITION ASBESTOS PI CLAIMS

If you are asserting a Non-Settled Pre-Petition Asbestos PI Claim, you MUST file your Asbestos PI Proof of Claim on or before the Non-Settled Pre-Petition PI Claims Bar Date of **November 15, 2006**, or your claim will be barred.

**If you are asserting a Non-Settled Pre-Petition Asbestos PI Claim and you previously returned the Questionnaire, you still must file an Asbestos PI Proof of Claim. Also, filing an Asbestos PI Proof of Claim does not excuse you from filling out and returning the Questionnaire. If you filed an Asbestos PI Proof of Claim but did not return your Questionnaire, the Debtors reserve the right to request that the Court bar and disallow your Non-Settled Pre-Petition Asbestos PI Claim. All holders of Non-Settled Pre-Petition Asbestos PI Claims must file both the Asbestos PI Proof of Claim form and the Questionnaire.**

### IV.   WHAT IF I ALREADY FILED A PROOF OF CLAIM?

YOU MUST FILE THE ENCLOSED ASBESTOS PI PROOF OF CLAIM FORM EVEN IF YOU PREVIOUSLY FILED A PROOF OF CLAIM REGARDING YOUR PRE-PETITION ASBESTOS PI CLAIM ON BANKRUPTCY OFFICIAL FORM 10 (OR ON A FORM SUBSTANTIALLY SIMILAR TO OFFICIAL FORM 10).

If prior to the applicable claims bar date, you filed a proof of claim for any claim **other than** your Non-Settled Pre-Petition Asbestos PI Claim or your Settled Pre-Petition Asbestos PI Claim, then you do *not* need to refile that other claim on the accompanying Asbestos PI Proof of Claim form.

- 3 -

## V. WHO DOES <u>NOT</u> NEED TO FILE AN ASBESTOS PI PROOF OF CLAIM

The Asbestos PI Bar Dates and the need to file an Asbestos PI Proof of Claim apply only to holders of Settled Pre-Petition Asbestos PI Claims and to holders of Non-Settled Pre-Petition Asbestos PI Claims. You do not need to file an Asbestos PI Proof of Claim for any of the following types of asbestos claims:

- An asbestos-related property-damage claim.

- A property-damage claim arising from Zonolite attic insulation.

- An asbestos-related claim for which a lawsuit or civil action has been filed exclusively seeking or exclusively predicated on medical monitoring.

- An asbestos-related workers' compensation claim.

- Any asbestos-related claim for personal injury or wrongful death that does not satisfy either the definition of a Non-Settled Pre-Petition Asbestos PI Claim or the definition of a Settled Pre-Petition Asbestos PI Claim, including, without limitation, any asbestos-related claim for personal injury or wrongful death for which a lawsuit or civil action against the one or more of the Debtors was commenced prior to April 2, 2001 and that lawsuit or civil action was (i) settled or adjudicated to judgment and such settlement or judgment was fully satisfied as of April 2, 2001, or (ii) dismissed before April 2, 2001.

- Any asbestos-related claim for personal injury or wrongful death that would otherwise satisfy the definition of a Non-Settled Pre-Petition Asbestos PI Claim or the definition of a Settled Pre-Petition Asbestos PI Claim, but has been disallowed or expunged by order of a court of competent jurisdiction.

- An asbestos-related claim for personal injury or wrongful death that had not been filed in court as a lawsuit or civil action against any of the Debtors as of April 2, 2001.

YOU SHOULD NOT FILE AN ASBESTOS PI PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF YOUR LAWSUIT AGAINST THE DEBTORS WAS RESOLVED AND ANY JUDGMENT OR SETTLEMENT WAS SATISFIED BY THE DEBTORS BEFORE APRIL 2, 2001, OR IF THE CLAIM YOU HELD AGAINST THE DEBTORS HAS BEEN OTHERWISE DISALLOWED OR PAID IN FULL.

## VI. WHEN AND WHERE TO FILE

To file a claim, do the following:

- File your claim by completing the Asbestos PI Proof of Claim form attached to this notice as <u>Exhibit 1</u>.

- For additional copies of the Asbestos PI Proof of Claim form:
  - Contact Rust Consulting, Inc., the claims processing agent, toll-free at 1-800-432-1909, 9:00 a.m. - 4:00 P.M., Central time, Monday through Friday. Claimants will not be charged for this call.

- Visit the Grace chapter 11 website at www.graceclaims.com to request an Asbestos PI Proof of Claim form.

- Asbestos PI Proofs of Claim that are postmarked as mailed on or before the applicable Asbestos PI Bar Dates, but are actually received by Grace's claims agent, Rust Consulting, thereafter, shall be deemed and considered timely filed. However, Asbestos PI Proofs of Claim that are submitted by facsimile, telecopy, or other electronic transmission will **not** be accepted and will **not** be deemed filed. If you choose to mail your Asbestos PI Proof of Claim, you should mail it via first-class mail to the following address:

  Rust Consulting, Inc.
  Claims Processing Agent
  Re: W. R. Grace & Co. Bankruptcy
  P.O. Box 1620
  Faribault, MN 55021-1620

- If you choose to file your Asbestos PI Proof of Claim via hand-delivery, courier, or overnight express, you must send it so that it is *actually received* on or before the applicable Asbestos PI Bar Dates at the following address:

  Rust Consulting, Inc.
  Claims Processing Agent
  Re: W. R. Grace & Co. Bankruptcy
  201 S. Lyndale Ave.
  Faribault, MN 55021

  (between the hours of 9:00 a.m. and 4:00 p.m., Central Time, on business days).

- Asbestos PI Proofs of Claim <u>must</u> be signed by the claimant or the person or entity submitting the document on behalf of the claimant.

- Do not file or send copies of your Asbestos PI Proof of Claim to the Debtors, counsel for the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel.

- Upon receipt of your Asbestos PI Proof of Claim, the claims processing agent will send an acknowledgment card with the appropriate claim number noted thereon.

## VII. WHAT TO FILE

To file an Asbestos PI Proof of Claim, you must use the court-approved Asbestos PI Proof of Claim form that is attached to this notice as <u>Exhibit 1</u>.

Your Asbestos PI Proof of Claim must be written in English.

## VIII. CLAIMS AGAINST MULTIPLE DEBTORS/OTHER NAMES

If you assert claims against more than one Debtor, you do not need to file a separate Asbestos PI Proof of Claim against each applicable Debtor. The Debtors' chapter 11 plan currently contemplates a consolidation of the Debtors for plan purposes whereby claims will be paid by the consolidated Debtors' estates. If consolidation for plan purposes is not ultimately

allowed by the Court, you will have the opportunity to assert your claim against the applicable Debtor or Debtors.

### IX. EFFECT OF NOT PROPERLY FILING AN ASBESTOS PI PROOF OF CLAIM

ALL HOLDERS OF A SETTLED PRE-PETITION ASBESTOS PI CLAIM OR A NON-SETTLED PRE-PETITION ASBESTOS PI CLAIM ARE REQUIRED TO FILE A PROOF OF CLAIM ON THE COURT-APPROVED ASBESTOS PI PROOF OF CLAIM FORM. ANY SUCH HOLDER WHO FAILS TO FILE AN ASBESTOS PI PROOF OF CLAIM ON OR BEFORE THE APPLICABLE ASBESTOS PI BAR DATES **SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED** FROM ASSERTING ANY SUCH CLAIMS (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIMS) AGAINST ANY OF THE DEBTORS OR THEIR PREDECESSORS-IN-INTEREST, OR THEIR PROPERTY OR ESTATES. IF ANY SUCH CLAIMS ARE SO BARRED, EACH OF THE DEBTORS AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ALL INDEBTEDNESS AND LIABILITIES WITH RESPECT TO SUCH CLAIMS AND THE HOLDERS OF SUCH CLAIMS SHALL NOT BE ENTITLED TO RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIMS OR REGARDING THESE CHAPTER 11 CASES.

### X. QUESTIONS REGARDING COMPLETION OF THE ASBESTOS PI PROOF OF CLAIM FORM

If you have any questions concerning whether or not you need to file an Asbestos PI Proof of Claim, you should consult your attorney. If you have questions concerning the technical requirements of completing the Asbestos PI Proof of Claim form or for additional information regarding this notice or to obtain an Asbestos PI Proof of Claim form, contact the claims processing agent, Rust Consulting, toll-free at 1-800-432-1909 between 9:00 a.m. and 4:00 p.m. (Central time), Monday through Friday, or write to the claims processing agent, Rust Consulting, at the address set forth above. You may also request an Asbestos PI Proof of Claim form via Grace's chapter 11 website, at www.graceclaims.com.

BY ORDER OF THE COURT:

_____
The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

- 6 -

K&E 11309546.2