# EXHIBIT 5

```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE


IN RE:                              .  Case No. 01-1139(JKF)
                                    .  Chapter 11
W.R. GRACE, et al.,                 .
                                    .  Bankruptcy Courtroom No. 2
                                    .  824 Market Street
                         Debtors.   .  Wilmington, Delaware 19801
                                    .
                                    .
                                    .  September 25, 2006
. . . . . . . . . . . . . . . . . .    2:03 P.M.


                   TRANSCRIPT OF OMNIBUS HEARING
                BEFORE HONORABLE JUDITH K. FITZGERALD
                   UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For Debtors:              Kirkland & Ellis
                          By:  DAVID M. BERNICK, ESQ.
                               JANET BAER, ESQ.
                               SAMUEL BLATNICK, ESQ.
                               LISA G. ESAYIAN, ESQ.
                          200 East Randolph Drive
                          Chicago, Illinois 60601

                          Pachulski Stang Ziehl Young & Jones
                          By:  DAVID CARICKHOFF, JR., ESQ.
                          919 North Market Street, 16th Floor
                          Post Office Box 8705
                          Wilmington, Delaware 19899-8705



Audio Operator:           Brandon McCarthy


         Proceedings recorded by electronic sound recording,
            transcript produced by transcription service.
```
_____

## TRANSCRIPTS PLUS
**435 Riverview Circle, New Hope, Pennsylvania 18938**
e-mail <u>courttranscripts@aol.com</u>

**215-862-1115   (FAX) 215-862-6639**

```
Appearances:
(Continued)

For the Property            Bilzin Sumberg Baena Price & Axelrod
Damage Committee:           By:  JAY SAKALO, ESQ.
                                 SCOTT BAENA, ESQ.
                            200 South Biscayne Boulevard
                            Suite 2500
                            Miami, Florida 33131-5340

                            Ferry & Joseph, PA
                            By:  THEODORE TACCONELLI, ESQ.
                            824 North Market Street, No. 904
                            Wilmington, Delaware 19899

                            Dies and Hilp
                            By:  MARTIN DIES, ESQ.

For Anderson:               Speights & Runyan
                            By:  DANIEL SPEIGHTS, ESQ.
                            200 Jackson Avenue, East
                            P.O. Box 685
                            Hampton, South Carolina 29924

For California State        Speights & Runyan
University, et al.:         By:  ALAN RUNYAN, ESQ.
                            200 Jackson Avenue, East
                            P.O. Box 685
                            Hampton, South Carolina 29924

For Ad Hac Committee of     Weil Gotshal & Manges, LLP
Equity Security Holders:    By:  JARRAD WRIGHT, ESQ.
                            Eye Street, NW, Suite 900
                            Washington, DC 20005

For Official Creditors'     Stroock & Stroock & Lavan LLP
Committee:                  By:  KENNETH PASQUALE, ESQ.
                            180 Maiden Lane
                            New York, New York 10038-4982

For Prudential              Riker Danzig Scherer Hyland & Perretti
Insurance Company of        By:  ROBERT GILSON, ESQ.
America:                    Headquarters Plaza
                            One Speedwell Avenue
                            Morristown, New Jersey 07962-1981
```

**Appearances:**
**(Continued)**

| | |
|---|---|
| **For Asbestos P.I. Claimants:** | **Campbell & Levine**<br>**By: MARK HURFORD, ESQ.**<br>**1201 Market Street, 15th Floor**<br>**Wilmington, Delaware 19801** |
| | **Caplin & Drysdale**<br>**By: PETER LOCKWOOD, ESQ.**<br>**    NATHAN FINCH, ESQ.**<br>**One Thomas Circle, N.W.**<br>**Washington, DC 20005** |
| **For Grace Certain Cancer Claimants:** | **Montgomery McCracken**<br>**By: NATALIE RAMSEY, ESQ.**<br>**123 South Broad Street**<br>**Philadelphia, Pennsylvania 19109-1029** |
| **The U.S. Trustee:** | **Office of the U.S. Trustee**<br>**By: DAVID KLAUDER, ESQ.**<br>**844 King Street**<br>**Wilmington, Delaware 19899** |
| **For Canada/Montana:** | **Monzack & Monaco**<br>**By: FRANCIS A. MONACO, JR., ESQ.**<br>**1201 N. Orange Street, Suite 400**<br>**Wilmington, Delaware 19801** |
| **For FCR:** | **Orrick, Herrington & Sutcliffe LLP**<br>**By: RICHARD WYRON, ESQ.**<br>**Washington Harbour, 3050 K Street N.W.**<br>**Washington, DC 20007** |
| | **Phillips, Goldman & Spence, PA**<br>**By: JOSEPH FERNAN, III, ESQ.**<br>**1200 North Broom Street**<br>**Wilmington, Delaware 19806** |
| **For BNSF:** | **Burns, White & Hickton**<br>**By: ANGELA ALLEN, ESQ.**<br>**Four Northshore Center**<br>**106 Isabella Street**<br>**Pittsburgh, Pennsylvania 15212-5805** |

**Appearances:**
**(Continued)**

| | |
|---|---|
| **For One Beacon/Seaton:** | **Drinker Biddle & Reath LLP**<br>**By:  MICHAEL BROWN, ESQ.**<br>**One Logan Square**<br>**18th & Cherry Streets**<br>**Philadelphia, Pennsylvania 19103-6996** |
| **For Prudential,**<br>**Motley Rice:** | **Jaspan Schlesinger Hoffman**<br>**By:  LAURIE S. POLLECK, ESQ.**<br>**1201 North Orange Street, Suite 1001**<br>**Wilmington, Delaware 19801**<br><br>**Motley Rice LLC**<br>**By:  JAMES HUGHES, ESQ.**<br>**28 Bridgeside Boulevard**<br>**P.O. Box 1792**<br>**Mount Pleasant, South Carolina 29465** |
| **For Various Firms:** | **Stutzman, Bromberg, Esserman & Plifka**<br>**By:  SANDER ESSERMAN, ESQ.**<br>**2323 Bryan Street, Suite 2200**<br>**Dallas, Texas 75201** |
| **For MCC:** | **Connolly Bove Lodge & Hutz, LLP**<br>**By:  MARC PHILLIPS, ESQ.**<br>**1220 Market Street, 10th Floor**<br>**Post Office Box 2207**<br>**Wilmington, Delaware 19899** |
| **For Canadian ZAI**<br>**Claimants:** | **The Hogan Firm**<br>**By:  DANIEL K. HOGAN, ESQ.**<br>**1311 Delaware Avenue**<br>**Wilmington, Delaware 19806** |
| **For Ad Hoc Committee**<br>**of Equity Holders:** | **The Bayard Firm**<br>**By:  KATHRYN SALLIE, ESQ.**<br>**222 Delaware Avenue, Suite 900**<br>**P.O. Box 25130**<br>**Wilmington, Delaware 19899-5130** |
| **For UCC:** | **Duane Morris, LLP**<br>**By:  RICHARD W. RILEY, ESQ.**<br>**1100 North Market Street, Suite 1200**<br>**Wilmington, Delaware 19801** |

1            **THE COURT:  Well, it --**

2            **MR. BERNICK:  I'll stipulate they'll collide.**

3            **THE COURT:  All right, we're off this -- we are off**
4   **the subject.  And I apologize.  I don't know how I led us down**
5   **that path.  We're off the subject.**

6            **The point was that this is for estimation purposes,**
7   **not for allowance and disallowance purposes.  So, I don't**
8   **expect to see something like I'm not going to tell you that my**
9   **client also worked for U.S.G. because it's work product.  Un-**
10  **un't.  If your client worked for U.S.G., that's a fact.  So,**
11  **put it in there.**

12           **MR. BERNICK:  Your Honor, on the objections, counsel**
13  **pointed out -- just to get us back on track.  Your Honor said**
14  **you want to know the objections within the 30-day**
15  **supplementation period.**

16           **Counsel then responded, well, a lot of those -- a lot**
17  **of objections have already been made.  And it is true that when**
18  **people submitted responses to our motion to compel, the kind of**
19  **global motion to compel, they stated a bunch of objections to**
20  **the questionnaire.  And some of them, as like lawyers do, maybe**
21  **are obliged to do, is I object to this, this, and this and**
22  **this.**

23           **Your Honor now has provided additional elucidation,**
24  **particularly with regard to the issue of relevance.  And I**
25  **think that it's only fair if there are objections that Your**

1  Honor has not heard and has not ruled on, they ought to be set
2  forth within this period of time.
3          We shouldn't have --
4          THE COURT:  That's what I said.
5          MR. BERNICK:  Well, but -- I think what was being
6  suggested was to the extent that people previously have lodged
7  objections, a lot of them are very kind of general, that that
8  might suffice.
9          And all that I'm saying is now that Your Honor
10 already has taken a cut of this, we ought to -- I know there
11 are going to be lots of groans.  But we ought to get some
12 process for people to identify any matter as to which there's
13 going to be an objection that Your Honor has not ruled on.
14         THE COURT:  I --
15         MR. BERNICK:  It's not the purpose of --
16         THE COURT:  I haven't ruled on any individual
17 claimant's objections.  None.  They haven't been teed up before
18 me.
19         If they've been stated in a previous document, and
20 there's some supplement, I -- perhaps this order should say
21 that prior objections go away.  And if you're going to file a
22 supplement, restate it.  Because --
23         MR. BERNICK:  But --
24         THE COURT:  Because otherwise there is no way to know
25 what the supplementary information is intended to do.  So, it

1  seems to me if you file a supplement and you want to raise an
2  objection to a specific question, rather than supplementing, it
3  should be raised.
4      I don't know how else we're ever going to get to the
5  end of this.
6      MR. FINCH:  Your Honor, unless it's been previously
7  raised.  I mean this is discovery aimed at people.  When you
8  get a -- whether it's a questionnaire or a set of document
9  requests, or interrogatories, you state on the -- you can
10 answer it, you can object to part of it, you can object to all
11 of it.  But they -- they have the questionnaire responses.
12 Some people in their questionnaire responses have objections to
13 various things.  If they --
14      THE COURT:  And if they've objected to a specific
15 question, and they don't supplement that question, then that
16 objection that's already on the record will suffice.
17      But if there is a supplement submitted, the debtor
18 can't possibly know whether the objection is withdrawn or not
19 withdrawn.  So, they have to restate the objection.  You have
20 to.  Otherwise --
21      MR. FINCH:  I -- I --
22      THE COURT:  -- the process can't work.
23      MR. FINCH:  I misunderstood Your Honor.  I thought
24 that Your Honor was saying that all objections were --
25      THE COURT:  No.

1              MR. FINCH:  -- as if they had never been made.
2              THE COURT:  No.
3              MR. FINCH:  And as long as objections already
4    previously made are preserved, as long as people don't
5    supplement --
6              THE COURT:  Right.
7              MR. FINCH:  -- or if they do supplement, they restate
8    the objections --
9              THE COURT:  Yes.
10             MR. FINCH:  -- then I -- then I don't have a problem
11   with that.
12             MR. BERNICK:  Yeah, well -- let's just --
13             THE COURT:  Mr. Bernick, that's my ruling.
14             MR. BERNICK:  Well, I understand --
15             THE COURT:  I'm not going to hear any more argument
16   on it, not from anybody.
17             MR. BERNICK:  Your --
18             THE COURT:  I've had this questionnaire until the
19   cows come home and, frankly, that's enough.
20             MR. BERNICK:  I don't even understand, Your Honor,
21   what was just said.
22             THE COURT:  What was just said is this:  Let's assume
23   that person A completed a questionnaire.
24             MR. BERNICK:  Right.
25             THE COURT:  And filed an objection on the

1  questionnaire to Question 3.

2      MR. BERNICK:  Right.

3      THE COURT:  All right.  If the person supplements and
4  doesn't submit a supplement to Question 3, they don't need to
5  restate the objection.  The objection stands.

6      If they file a supplement to Question 3, then -- if
7  they intend to have a new objection, they have to raise it.
8  Because otherwise, the debtor can't possibly know whether the
9  objection's been done away with because of the supplement or
10 whether there is still some objection.

11     So, if someone files a supplement, they have to
12 restate their objections.

13     If they don't file a supplement, their objections
14 stand.

15     MR. BERNICK:  What you will then get, Your Honor --
16 because that basically says that what you've just said about
17 relevance doesn't matter, they don't have to file it, it wasn't
18 -- it wasn't specific to a question, we will -- we will find
19 out --

20     THE COURT:  I didn't understand?

21     MR. BERNICK:  Very simple.  Your Honor, we believe,
22 has ruled that these questions are relevant.

23     THE COURT:  In the global sense, yes.

24     MR. BERNICK:  In the global sense.

25     THE COURT:  Yes.

1         **MR. BERNICK:  If you allow them, that is the**
2    **claimants, to basically stand on prior objections on the**
3    **grounds that they are now specific objections and they haven't**
4    **been ruled on, and there is then no indication to us that they**
5    **are so doing, then the first time we will find out that they're**
6    **standing on those objections and basically saying we don't**
7    **think that your global determination is dispositive with**
8    **respect to us is when we finally get the supplementation.  That**
9    **will be our first notice that they really haven't done anything**
10   **new at all, that Your Honor's determination with respect to**
11   **relevance, the guidance, hasn't caused them to change a thing**
12   **and we're now -- however far we are down the process, and we**
13   **haven't made any progress whatsoever.**
14        **THE COURT:  You --**
15        **MR. BERNICK:  The -- the --**
16        **THE COURT:  You can't be more than 30 days down the**
17   **process because they have to raise all objections in 30 days.**
18        **MR. BERNICK:  No.  No, no.  What they're saying --**
19   **what they just told you was that if they are not supplementing**
20   **--**
21        **THE COURT:  Right.**
22        **MR. BERNICK:  -- then they don't have to do anything**
23   **new.  So, they will take all the objections that they made**
24   **previously --**
25        **THE COURT:  Okay.**

1  MR. BERNICK: -- before Your Honor gave guidance.
2 They will stand on those objections.
3  THE COURT: All right.
4  MR. BERNICK: They will not supplement. They will
5 not tell us whether or not they're going to supplement as to
6 those individual questions. And we will find out when they
7 finally give their submission at the end of the day for the
8 first time that, in fact, they're standing on their old
9 objections and they haven't changed anything. And for that
10 matter, they haven't even supplemented anything.
11  THE COURT: Well --
12  MR. BERNICK: But -- but I think that there's a much
13 simpler --
14  THE COURT: I will never do this again.
15  MR. BERNICK: Yes.
16  THE COURT: This was such a nightmare. I will never
17 do this again.
18  MR. BERNICK: Well, but, Your Honor, there's only --
19 just think what the alternative was.
20  THE COURT: The alternative would have been a whole
21 lot easier. We put everybody in a room and throw the key away
22 until you come out with one side either alive or dead.
23  MR. BERNICK: You have -- well, they're older than I
24 am, so we may have killed them in the process. But --
25  MR. LOCKWOOD: Your Honor -- Your Honor said you've