# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

|  |  |
|---|---|
| In re: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES, LLC, *et al.*, | Chapter 11 |
|  | Jointly Administered |
| Debtors.[1] |  |

## MOTION TO ANNUL OR LIFT THE STAY

The ACandS Asbestos Settlement Trust, the Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust, the Owens Corning/Fibreboard Asbestos Personal Injury Trust, and the United States Gypsum Asbestos Personal Injury Settlement Trust (the "**Trusts**"); the Trust Advisory Committees for the ACandS Asbestos Settlement Trust, the Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust, the Owens Corning/Fibreboard Asbestos Personal Injury Trust, and the United States Gypsum Asbestos Personal Injury Settlement Trust (the "**TACs**"); and Hon. Dean M. Trafelet (Ret.), the Legal Representative for Future Claimants Against the United States Gypsum Asbestos Personal Injury Settlement Trust (the "**Futures Representative**") (collectively, the "**Movants**"), by and through their undersigned counsel, hereby move for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001, to seek and obtain declaratory and injunctive relief with respect to the Debtors in this case ("**Garlock**") from the Bankruptcy Court for the District of Delaware (which created,

---

[1] The Debtors are Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company.

DOC# 361737

oversees, and retains continuing jurisdiction over the Trusts) relating to discovery sought by, *inter alia*, the Debtors.

IN FURTHER SUPPORT THEREOF the Movants state:

1. The Trusts were created as part of plans of reorganization confirmed by Judge Judith Fitzgerald of the Bankruptcy Court for the District of Delaware. The Trusts are subject to that court's continuing jurisdiction and oversight.

2. Over the past several months, and in separate actions around the country, insurers and certain asbestos defendants that have recently filed for chapter 11 bankruptcy, including Garlock, have launched massive and intrusive discovery efforts against asbestos personal injury trusts, including the Movant Trusts here, seeking vast amounts of information concerning claims submissions made by claimants to the trusts. Some of these discovery requests, such as Garlock's, seek the complete records for hundreds of thousands of claimants, demanding every scrap of electronic information maintained by dozens of asbestos personal injury trusts. Not only are these discovery requests extraordinarily burdensome and overbroad, they are part of an improper and concerted effort to use the trusts to obtain discovery that no defendant could obtain in the tort system, distorting the rights and obligations under applicable nonbankruptcy law that the Trusts were carefully designed to leave intact as closely as possible.

3. On October 28, 2010, the Trusts, along with their respective Trust Advisory Committees and the above-named Futures Representative, filed an adversary proceeding seeking declaratory and injunctive relief, including preliminary injunctive relief, in each of their respective bankruptcy proceedings and in *In re Specialty Products Corp. Holding Corporation*,[2]

---

[2] *See ACandS Asbestos Settlement Trust v. Hartford Accident & Indem. Co.*, Case Nos. 10-53702, 10-53712, 10-53719, 10-53720 and 10-53721 (Bankr. D. Del.). The complaints and motions for injunctive relief are substantively identical in each case (copy attached as Exhibit 1).

2

each of which is presided over by Judge Fitzgerald (collectively, the "**Delaware Action**"). The Movants in the Delaware Action have and intend to seek a determination of the propriety of this coordinated, nationwide attempt to seek inappropriate discovery from the Trusts.

4. The Bankruptcy Court for the District of Delaware retained exclusive jurisdiction over the Movant Trusts post-confirmation to "[i]ssue injunctions, enforce the injunctions contained in the Plan and Confirmation Order, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with consummation, implementation, or enforcement of the Plan or Confirmation Order",[3] and to "[d]etermine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, the Disclosure Statement, or the Confirmation Order."[4]

5. Pursuant to that continuing jurisdiction, Movants are asking Judge Fitzgerald to interpret certain provisions of the Trust Distribution Procedures ("**TDP**") approved as part of

---

[3] Joint Plan of Reorganization of USG Corp. at Art. X.A.9, *In re USG Corp.*, No. 01-2094 (Bankr. D. Del. Mar. 27, 2006) [Dkt. No. 10709].

[4] Second Amended Joint Plan of Reorganization at Art. XIII.l & XIII.n, *In re Kaiser Aluminum Corp.*, No. 02-10429 (Bankr. D. Del. Sept. 7, 2005) [Dkt. No. 7312]. *See also* Order Confirming ACandS's Second Plan of Reorganization, *In re ACandS, Inc.*, No. 02-12637 (Bankr. D. Del. May 8, 2008) [Dkt. No. 3309] and Second Plan of Reorganization of ACandS Inc. at 13.3(d) & 13.3(e), *In re ACandS, Inc.*, No. 02-12637 (Bankr. D. Del. Nov. 19, 2007) [Dkt. No. 3109]; Order Confirming the Sixth Amended Joint Plan of Reorganization at 57-58, *In re Owens Corning*, No. 00-03837 (Bankr. D. Del. Sept. 26, 2006) [Dkt. No. 19366] and Sixth Amended Joint Plan of Reorganization at 13.1(a) & (l), *In re Owens Corning*, No. 00-03837 (Bankr. D. Del. July 10, 2006) [Dkt. No. 18339, Appendix A]; Order Confirming the First Amended Joint Plan of Reorganization at 27-28, *In re USG Corp.*, No. 01-2094 (Bankr. D. Del. June 15, 2006) [Dkt. No. 11688] and First Amended Chapter 11 Plan of Reorganization of USG Corp. at Art. X.A.9, *In re USG Corp.*, No. 01-2094 (Bankr. D. Del. Mar. 27, 2006) [Dkt. No. 10810].

3

those plans and to determine whether the defendants named in the Delaware Action are attempting to violate those provisions, and thus the respective confirmation orders.

6.Movants assert that the Delaware Action does not violate the automatic stay imposed by 11 U.S.C. § 362; specifically, the action does not fall within subsection (a)(1), which provides that a debtor's bankruptcy petition operates as a stay of

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor *that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title*;

11 U.S.C. § 362(a)(1) (emphasis added). Indeed, the Fourth Circuit has succinctly stated, "The stay is limited to actions that could have instituted before the petition was filed or that are based on claims that arose before the petition was filed." *Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991) (citations omitted). Here, the declaratory and injunctive relief presently sought could not have been pursued before the petition was filed (and is not based on pre-petition claims), as it is *responsive* to discovery just recently propounded by Garlock *post-petition*.

7.Moreover, Movants are not seeking "to recover a claim against the debtor," *see* 11 U.S.C. § 362(a)(1), because the declaratory and injunctive relief sought is not a "recovery" of damages on account of a claim. Nor does the relief qualify as a "claim" as defined under section 101(5) of the Bankruptcy Code because, *inter alia*, it is not a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment" such as the remedy of specific performance. *See* 11 U.S.C. § 101(5).

8.On or about October 31, 2010, counsel for the Owens Corning/Fibreboard Asbestos Personal Injury Trust and the United States Gypsum Asbestos Personal Injury

4

Settlement Trust contacted Debtor's counsel seeking his concurrence that the automatic stay was inapplicable. On or about November 1, 2010, counsel for the Debtors notified counsel for the Owens Corning/Fibreboard Asbestos Personal Injury Trust and the United States Gypsum Asbestos Personal Injury Settlement Trust that they did not concur, asserted that the stay applies, and declined on the Debtors' behalf to waive the stay. Counsel for the trusts advised that the Movants would seek relief from the stay.

9. Although Movants believe the Delaware Action is not subject to, and therefore would not be violative of, the automatic stay if Movants proceeded against Garlock in that action, in an abundance of caution Movants seek relief from the automatic stay imposed by 11 U.S.C. § 362 for the purpose of allowing the Delaware Action to proceed with its determination of the relative duties of the parties under the plans and other constitutive documents of the Trusts by the Bankruptcy Court of the District of Delaware.

10. Section 362(d)(1) provides that:

> On request of a party in interest and after notice and a hearing the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest

11. Bankruptcy courts have wide discretion in weighing the factors and determining what constitutes cause to grant relief from the stay. *Shaw v. Ehrlich*, 294 B.R. 260, 272 (W.D. Va. 2003), *aff'd sub nom*, 99 Fed. App'x 466 (4th Cir. 2004). Because the Bankruptcy Code provides no definition of what constitutes "cause," courts must determine when discretionary relief is appropriate on a case-by-case basis. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

12. *Robbins* identified several factors that this the Court may consider in deciding whether to annul or lift the stay, including the relative expertise of the bankruptcy court versus

5

the court in which the matter would proceed on annulling or lifting the stay, judicial economy, and whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. *Id.*

13. Here, these factors favor granting the motion for relief from the stay. The Trusts were created as part of plans of reorganization confirmed by Judge Fitzgerald of the Bankruptcy Court for the District of Delaware, making that court an appropriate one in which to seek a determination of the meaning and application of their constitutive documents such as the TDP. For similar reasons, judicial economy is promoted by resolving multiple discovery disputes, including the dispute arising with the Debtors, in a single proceeding. Finally, any judgment made in the estimation proceeding in this case will remain the province of this Court. The Movants are not seeking to obtain a judgment for money damages, nor are they seeking to recover damages from them. This is simply a request to allow a multijurisdictional discovery dispute that extends beyond the boundaries of this case to be resolved in a single, appropriate forum.

14. In addition, equitable considerations further support permitting the Delaware Action to proceed against Garlock. Garlock itself is already actively litigating the propriety of certain TDP provisions in front of Judge Fitzgerald in *In re Pittsburgh Corning Corp.*, No, 00-22876 (Bankr. D. Del.) (JKF). Moreover, until shortly prior to Garlock's filing its petition for bankruptcy in this court, the Garlock Debtors were all Delaware entities. On December 29, 2009, six months before the Debtors filed for bankruptcy, The Anchor Packing Company was reincorporated under North Carolina law, and on March 3, 2010, just three months before the filing, Garlock was converted into a North Carolina limited liability company. Garrison Litigation Management Group, Ltd. became a North Carolina corporation at the same time. It is

no hardship to require the Debtors to litigate in the Delaware bankruptcy court their efforts to obtain sweeping discovery from Trusts created and overseen by that court, in derogation of the reorganization plans and related documents under which those Trusts exist and operate.

## **CONCLUSION**

15. For the foregoing reasons, Movants request that the Court grant this motion by entering the proposed form of order annexed hereto as Exhibit 2 and grant such other and further relief as this Court deems just and appropriate.

Dated: November 2, 2010

Respectfully submitted,

JACKSON & McGEE, LLP

/s/ Gary W. Jackson_____
Gary W. Jackson, NCSB No. 13976
Sam McGee, NCSB No. 25343
225 E. Worthington Avenue, Suite 200
Charlotte, NC 28203
Telephone: (704) 377-6680
Facsimile: (704) 377-6690


CAMPBELL & LEVINE, LLC

Bernard Conaway (2856)
Kathleen Campbell Davis (4229)
800 N. King Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

Douglas A. Campbell
Philip E. Milch
Stanley E. Levine
1700 Grant Building
Pittsburgh, Pennsylvania 15219
Telephone: (412) 261-0310
Facsimile: (412) 261-5066

*Counsel for the Owens Corning/Fibreboard
Asbestos Personal Injury Trust and the*

*United States Gypsum Asbestos Personal Injury Settlement Trust*

KEATING MUETHING & KLEKAMP PLL
Robert G. Sanker
Kevin E. Irwin
Jennifer Morales
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Telephone:  (513) 579-6400
Facsimile:  (513) 579-6457

*Counsel for ACandS Asbestos Settlement Trust*

FRANK GECKER, LLP
Joseph Frank
Frances Gecker
325 N. LaSalle, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0035

*Counsel for Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust*

CAPLIN & DRYSDALE, CHARTERED
Elihu Inselbuch
Rita C. Tobin
375 Park Avenue, 35th Floor
New York, New York  10152-3500
Telephone:  (212) 319-7125
Facsimile:  (212) 644-6755

Peter Van N. Lockwood
Ann C. McMillan
James P. Wehner
One Thomas Circle, N.W., Suite 1100
Washington, D.C.  20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301

*Counsel to the Trust Advisory Committees for the ACandS Asbestos Settlement Trust, the Kaiser Aluminum & Chemical Corporation Asbestos Personal Injury Trust, the Owens Corning/Fibreboard Asbestos Personal Injury Trust, and the Trust Advisory Committee for the United States Gypsum Asbestos Personal Injury Settlement Trust*

KAYE SCHOLER, LLP
Andrew Kress
425 Park Avenue
New York, New York 10022
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8689

*Counsel for Hon. Dean M. Trafelet (Ret.), Legal Representative for Future Claimants Against the United States Gypsum Asbestos Personal Injury Settlement Trust*