# Exhibit "E"

ELECTRONIC FILING AGREEMENT

This Electronic Filing Agreement (the "Agreement") is made by and between Verus Claims Services, LLC ("VERUS"), with offices at 57 Hamilton Avenue, Suite 208, Hopewell, New Jersey 08525, and the law firm of _____, with offices at _____ ( the "Law Firm")(Collectively, "the Parties").

RECITALS

VERUS processes asbestos personal injury claims on behalf of the H. K. Porter Asbestos Trust (the "Trust"). The Law Firm intends to file asbestos personal injury claims on behalf of the Law Firm's clients ("Claimants") against the Trust. VERUS, on behalf of the Trust, and the Law Firm agree that it is mutually beneficial to communicate information to each other electronically and thereby speed claims processing and lower transaction costs. At the direction of the Trust, VERUS currently accepts claims and claim documentation by email with attachments, including in Excel and PDF formats. VERUS has also developed an electronic system for online claim filing and information transmission.

Based on these recitals and in consideration of the promises and undertakings described in this Agreement, the sufficiency of which consideration the Parties hereby acknowledge, the Parties agree as follows:

1. **Electronic Claims Filing**

1.1 Filing Methods, Media and Format. VERUS shall accept by email transmission or upload via the online claim filing system claim information from the Law Firm using one or more electronic formats and methods that VERUS will specify from time to time. The methods, media and formats that VERUS will specify will be among those then in general use by businesses transferring information electronically. VERUS will provide instructions to the Law Firm for electronic transmissions. VERUS will also publish the instructions on the Trust's webpage at www.HKPorterAsbestosTrust.org. By entering this Agreement, the Law Firm agrees to follow the instructions issued, from time to time, by VERUS for electronic submission of claims.

1.2 Electronic Communications. The Law Firm may communicate with VERUS by email. VERUS may communicate with the Law Firm by email. The communications may include those addressed under the Procedures (as defined below). By entering this Agreement, the Law Firm and VERUS, on its behalf and on behalf of the Trust, agree to accept such communications by email.

1.3 Reliance on Law Firm Communications. VERUS is entitled to rely on communications and instructions it receives by electronic transmission from the Law Firm and from persons purporting to act on behalf of the Law Firm and, unless VERUS acts with gross negligence, it shall not be held liable for such reliance.

1.4 <u>Continuous Access</u>. Electronic transmission of claim information allows the filing of claims and claim information seven days a week. VERUS will notify the Law Firm by email of any temporary interruption of the electronic system for maintenance.

## 2. **Rules and Procedures**

2.1 <u>Adherence to Asbestos Claims Resolution Procedures</u>. Electronic filing shall not affect the requirements of the H. K. Porter Asbestos Trust Claims Resolution Procedures (the "Procedures").

2.2 <u>Payment Criteria Unchanged</u>. This Agreement is not intended to alter and does not supersede the claim payment percentage established by the Trustee pursuant to the Procedures. This Agreement does not create any rights to claim payment beyond those set forth in the Procedures.

## 3. **Claim Information**

3.1 <u>Law Firm Certification</u>. The Law Firm hereby represents, and in connection with the submission of any claim shall certify, that it is authorized by the Claimant to submit a claim and that the information and materials submitted hereunder shall be submitted pursuant to and subject to the provisions of Rule 11 of the Federal Rules of Civil Procedure, including representations by the Law Firm to the Trust as set forth in Rule 11(b), as if the submissions were a paper presented to a court of the United States.

3.2 <u>Claims Submitted by Law Firm on Behalf of Estate Representatives or Personal Representatives</u>. In consideration of the payments herein provided, the Law Firm agrees to fully indemnify the H. K. Porter Asbestos Trust and the Trustee and any officers or employees of the H. K. Porter Asbestos Trust for any losses or damages sustained in the event any estate or personal representatives submitting claims through this Law Firm do not have all requisite legal authority to assert, release, and receive payment for a claim for damages based on the injured party's exposure to asbestos.

3.3 <u>Complete Information</u>. VERUS processes claims as directed by the Trust pursuant to the Trust's Procedures, posted on the Trust's web page at <u>www.HKPorterAsbestosTrust.org</u>. Electronic transmission of claims with incomplete information will be addressed as provided in the Procedures.

3.4 <u>Filing</u>. The date of the receipt of an electronically transmitted claim shall constitute the filing date of the claim for purposes of application of the processing order under the Procedures, and for the purposes of any applicable statute of limitations or repose provisions in the Procedures. The Law Firm acknowledges and agrees that although an electronic claim filing may be saved prior to its electronic submission, such action does not constitute a valid claim filing for any purposes, including tolling of any applicable statue of limitations or repose, and VERUS will not have, and in any case will not be deemed to have, any record of such an entry. If the Trust refuses or otherwise does not accept the submission of an electronic filing for any reason, including a system failure, this too shall not constitute a tolling of any applicable statute of limitations or repose

H K Porter Electronic Filing Agreement - Revised 10-07-08.Doc                    Page 2

3.5 <u>Claimant Signature</u>. The Law Firm shall maintain the original of any document signed by the Claimant. From time to time, the Trust may require the Law Firm to produce the original signature of the Claimant for a particular document, such as a release. Upon ten (10) days' notice to the Law Firm, the Law Firm shall produce the hard copy of the document or an electronic image of the document.

3.6 <u>Maintenance of Supporting Documents</u>. The Law Firm shall maintain a copy of each document relied upon in connection with any claim electronically transmitted, whether by input into the Excel program format, scanned and submitted in PDF format, electronically copied onto an electronic disc or by any other electronic means. Copies may be maintained in either paper or electronic format. The Law Firm will timely provide copies of such documents to VERUS upon request.

3.7 <u>Use of Claimants' Confidential Information</u>. Any claim information the Law Firm submits pursuant to the Procedures and/ or this Agreement shall remain confidential information in all respects and shall be treated as made in the course of settlement discussions between the Claimant and the Trust and intended by the parties to be confidential and to be protected by all applicable state and federal privileges, including, but not limited to, those directly applicable to settlement discussions. Verus, as agent for the Trust will preserve the confidentiality of such claimant submissions, and shall disclose the contents thereof only:

(a) to another trust established for the benefit of asbestos personal injury claimants pursuant to section 524(g) and/or section 105 of the Bankruptcy Code or other applicable law, with express written consent of the Law Firm for the Claimant or the Claimant,

(b) to such other persons as authorized by the express written consent of the Law Firm for the Claimant or the Claimant,

(c) in response to a valid subpoena of such materials issued by a court of competent jurisdiction, or

(d) to the extent required by any insurance settlement agreement, or insurance policy, or as required in discovery in any insurance litigation; and/or as necessary, in the Trust's sole discretion, in settlement discussions with insurers.

3.8 <u>Forms</u>. Forms provided by the Trust under the Procedures may be copied or printed from the Trust's web page and, after completion, submitted as an attachment to an email to VERUS as a word processing document or in PDF format.

## 4.    <u>Settlement Offer, Acceptance and Payment</u>

4.1 <u>Settlement Offers</u>. VERUS, acting on behalf of the Trust, may electronically communicate completion of review of a claim and any settlement offer, as provided in the Procedures, to the Law Firm. VERUS will attach an electronic copy of the release form provided in the Procedures when it provides claims material in connection with this Agreement or as provided by the Procedures or as requested by the Law Firm. The release form may also be printed from the Trust's web page. Except as provided in the Procedures, the release form shall not be modified in any manner. Upon request by the Law Firm, VERUS will mail a hard copy of the release form to the Law Firm.

4.2 Release Execution. In the event a Claimant intends to accept a settlement offer, the Law Firm will obtain the executed release as provided in the Procedures and deliver the release to VERUS by mail, delivery service or electronically. For electronic submission of the executed release, the release may be scanned into PDF format and delivered to VERUS by upload to the electronic claims filing system or as an email attachment. In the event that the release is electronically delivered to VERUS, (a) the Law Firm shall maintain the original, signed release as provided in Par. 3.4 of this Agreement; and (b) the Law Firm shall not be required to deliver the original, signed release as a precondition to payment.

4.3 Payment Method Options. The Trust may provide for payment of liquidated claims by electronic funds transfer, in which case the Law Firm must provide instructions to VERUS for payment by electronic funds transfer. Also, the Procedures provide for making payment of claims either by individual or group check, as directed by the Law Firm. In its discretion, the Trust may pay liquidated claims by check, notwithstanding requests for payment by electronic funds transfer.

## 5.   Limitation of Liability; Indemnification

5.1 Limited Damages. Except as specifically provided in this Agreement, or as otherwise required by law, neither VERUS nor any of its officers, directors, trustees, employees, contractors, or agents shall be held liable for any indirect, incidental, special or consequential damages by reason of the Law Firm's electronic submission of claims, information and/ or communications. The Trust, the Trustee of the Trust, the H. K. Porter Asbestos Trustee Advisory Committee, the H. K. Porter Future Claimants' Representative, and their officers, directors, trustees, employees, contractors, and agents shall have no liability by reason of the Law Firm's electronic submission of claims, information and/ or communications or otherwise under this Agreement.

5.2 DISCLAIMER. VERUS MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND TO THE LAW FIRM OR TO CLAIMANT'S COUNSEL OF RECORD, ANY CLAIMANT OR ANY THIRD PARTY, AND EXPRESSLY DISCLAIMS ALL WARRANTIES, WHETHER IMPLIED OR STATUTORY OR ARISING OUT OF CUSTOM OR COURSE OF DEALING OR USAGE OF OR USAGE IN THE TRADE, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.

## 6.   Miscellaneous

6.1 No Assignment. Neither Party may assign or otherwise transfer in any way any of its rights and obligations arising out of this Agreement without the prior written consent of the other party, except VERUS, in its sole discretion, may assign or otherwise transfer this Agreement to another entity that processes claims on behalf of the Trust, provided such entity agrees to be bound by the terms of the Agreement.

6.2 Termination. Either Party may terminate this Agreement upon written notice to the other Party. Termination of the Agreement will not relieve the Law Firm of its obligations under

H K Porter Electronic Filing Agreement - Revised 10-07-08.Doc                                    Page 4

Par. 3.4 of this Agreement. On the effective date of the termination of this Agreement, the Law Firm may no longer electronically transmit claims to the Trust, notwithstanding any provision in the Procedures.

6.3 <u>Disputes.</u> Any dispute between the Parties relating to the claim process will be resolved pursuant to the Procedures.

6.4 <u>Force Majeure.</u> Neither party will be liable for any failure or delay in its performance under this Agreement due to any cause beyond its reasonable control, including acts of God, embargo, riot, sabotage, labor shortage or dispute, government act, or failure of Internet service, provided that the delaying party: (a) gives the other party prompt notice of such cause, and (b) uses reasonable efforts to promptly correct such failure or delay in performance.

6.5 <u>Applicable Law.</u> This Agreement shall be interpreted, construed and enforced according to the law of the State of New Jersey, without reference to the choice of law provisions thereof.

6.6 <u>Binding Effect.</u> Each of the undersigned persons represents and warrants that they are authorized to sign this Agreement on behalf of the Party they represent, and that they have the full power and authority to bind such Party to each and every provision of this Agreement. The person executing this Agreement on behalf of the Law Firm is a licensed, practicing attorney who is a partner or other principal of the Law Firm. A signature on a copy of this Agreement transmitted as a scanned, PDF attachment to an email or by facsimile machine will have the force of an original signature.

6.7 <u>Third Party Beneficiaries.</u> The Trust shall be a third party beneficiary of this Agreement. Except as provided in the preceding sentence, this Agreement is not intended, and shall not be construed, deemed, or interpreted, to confer on any party that is not a Party to this Agreement any rights or remedies under this Agreement.

6.8 <u>Severability.</u> If any term or provision of this Agreement shall be declared invalid or unenforceable by a court of competent jurisdiction or by operation of law, the remaining terms and provisions of this Agreement shall remain in full force and effect.

6.9 <u>Counterparts.</u> This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

6.10 <u>Headings.</u> The descriptive headings of the Articles of this Agreement are inserted for convenience only and shall not control or affect the meaning or construction of any of the provisions hereof.

6.11 <u>Entire Agreement and Waiver.</u> This Agreement constitutes the entire agreement and understanding between and among the Parties concerning the matters set forth herein. This Agreement may not be amended or modified except by another writing signed by the Parties. There are no oral promises, conditions, representations, understandings, interpretations or terms of any kind as conditions or inducements to the execution hereof or in effect between the Parties,

except as many otherwise be provided herein. Any failure of either party to exercise or enforce rights under this Agreement shall not act as a waiver of subsequent breaches.

**VERUS CLAIMS SERVICES, LLC**

By: _____

_____

**LAW FIRM**

_____

By: _____

_____