## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **GARLOCK SEALING TECHNOLOGIES LLC; et al.,**[1] | **Case No.  10-BK-31607** |
| **Debtors.** | **(Jointly Administered)** |

## SUPPLEMENTAL DECLARATION OF CHARLES E. BATES, PH.D. IN SUPPORT OF DEBTORS' APPLICATION TO AUTHORIZE THE RETENTION OF BATES WHITE, LLC AS CONSULTANT FOR THE DEBTORS

I, CHARLES E. BATES, declare as follows:

(1)   I am Chairman of Bates White, LLC.  Bates White is an economic consulting firm that has been retained by Robinson, Bradshaw & Hinson, P.A. on behalf of the Debtors and whose retention was approved by order of this Court on July 21st, 2010.  An accurate copy of my curriculum vitae is attached as Exhibit A to my June 16th, 2010 Affidavit.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

(2)   I am duly authorized to make this Declaration on behalf of Bates White. I make this Declaration as a supplement to my June 16th, 2010 Affidavit in support of the Application of the Debtors for an Order Authorizing Them to Retain and Employ Bates White as Consultants, Nunc Pro Tunc as of the Petition Date (the "Application").[2]

---

[1]   The Debtors are The Anchor Packing Company, Garlock Sealing Technologies LLC, and Garrison Litigation Management Group, LTD.

[2]   Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

(3)    Since the filing of my June 16th, 2010 Affidavit in support of the Application and this Court's subsequent approval of Bates White's retention as the asbestos valuation expert for the Debtors on July 21st, 2010, Bates White has become aware that certain parties with interests in these cases may take issue with the disclosures made in my Declaration in support of the Application.  In particular, on November 22nd, 2010, certain attorneys who represent asbestos claimants in *In re: Motors Liquidation Company* (f/k/a *Re: General Motors Corporation*), pending in the United States Bankruptcy Court for the Southern District of New York, alleged that Bates White has ulterior motives, and perhaps a conflict of interest, in that matter as a result of what they contended was "its other identity … Litigation Resolution Group." In addition, on November 18th, 2010 Mr. Trevor Swett referred to Litigation Resolution Group in the hearings before this Court (see transcript starting at p. 942 line 21).  The implication of Mr. Swett's statements was not at all clear to me at the time but, in light of the subsequent activity in the *Motors Liquidation Company* case, it has become clear that Mr. Swett was implying that Bates White may have a conflict in these cases stemming from the involvement by certain individuals at Bates White in Litigation Resolution Group, LLC ("LRG").

(4)    Bates White believes that the disclosures contained in my June 16th, 2010 Affidavit are complete and accurate and that no additional disclosures were or are required to be made in support of the Application.  However, Bates White files this Declaration to address the allegations made by parties regarding LRG in these and other proceedings.

(5)    LRG is a dormant, effectively defunct, company in which I hold a passive economic interest by virtue of having contributed angel funding four years ago.  From my point of view, LRG is a failed investment which has long since been written off and which only continues to exist because my active business partners have concluded that the minimal costs of keeping the entity in existence are justified by the possibility, which my partners and I regard as relatively remote, that it could eventually turn around and prove viable.

(6)    Although there is significant overlap in terms of the ownership of Bates White and LRG, LRG is a distinct corporate entity with different controlling interest holders.  LRG was originally founded to facilitate transactions focused on transferring the risk of asbestos-related liabilities.  Since 2008, however, LRG has not been engaged on any asbestos-related matters.  LRG has been dormant since July 2009, with no employees and no capital.  For the better part of a year, it has had no meaningful business prospects.  Moreover, LRG's most recent business prospects have centered on litigation funding opportunities that are not related to asbestos litigation.

(7)    The history of LRG and its relationship to Bates White are documented in greater detail in the Declaration of Charles H. Mullin, a partner of mine at Bates White, filed recently in the

*Motors Liquidation Company* case.  A copy of Dr. Mullin's declaration is attached hereto and incorporated herein by reference as Exhibit 1.

(8)    LRG is not engaged by any of the parties in interest in these cases.  To the best of my knowledge, information and belief, insofar as I have been able to ascertain after due inquiry, neither LRG nor any of its members have any connections with and do not have or represent any interest materially adverse to the Debtors, their creditors, any other parties in interest, their respective attorneys or accountants or the United States trustee (the "U.S. Trustee") beyond the interests that exist by virtue of Bates White's retention as the asbestos valuation expert for the Debtors in these cases and except as otherwise set forth in Exhibit B of my June 16th, 2010 Affidavit in support of our Application in these cases.

(9)    LRG is not a creditor, equity security holder or an insider of any of the Debtors.

(10)   LRG is not, and was not, within two years before the Petition Date, a director, officer or employee of any of the Debtors.

(11)   Even if LRG had a thriving business centered on its original founding concept of facilitating transactions involving asbestos-related risks, which it does not, there are no commercial prospects for LRG that could be unduly enhanced by virtue of Bates White's role as an expert in these cases or by Bates White's receipt of any of the information that it has sought in connection with its role in these cases.  Moreover, working on these cases provides no special advantage to LRG, its principals, or Bates White for assisting asbestos defendants.  Experts at Bates White, including the principals of LRG, have spent years working with vast amounts of asbestos claimant and settlement data in their capacity as estimation experts.  We have also worked with asbestos trust data and understand the provisions of the Trust Distribution Procedures.  My colleagues and I have spent years researching asbestos claims and settlements.  Our work here adds nothing unique to our body of knowledge regarding asbestos claims and settlements that could be useful outside of this matter.

(12)   While LRG and Bates White are distinct entities, neither has ever attempted to hide the fact that there is a relationship between the two insofar as there is general overlap between the members and, at various times, the employees of one firm have also been employed at the other.  Quite to the contrary, the relationship has regularly been disclosed in public presentations and marketing materials and I believe that various parties active in the asbestos litigation space have been well aware of the overlap in personnel since shortly after the founding of LRG.  Although I cannot necessarily speak to the knowledge of every single individual, I do know that key members of the plaintiffs' bar, including firms on the Asbestos Creditors Committee (the "ACC") in these cases have been aware of LRG and its connections with Bates White for years prior to our retention on this matter. In addition, I

know that partners at Caplin and Drysdale, which serves as counsel for the ACC in these cases, and partners at Orrick, Herrington & Sutcliffe, which serves as counsel for the Future Claimants' Representative in these cases, have also been aware of LRG and its connections with Bates White for years prior to our retention on this matter.

(13)   Accordingly, to the best of my knowledge, information, and belief, Bates White as an entity, and I myself remain "disinterested persons" as such term is defined by § 101(14) of the Bankruptcy Code.

(14)   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 9th day of December, 2010.

Charles E. Bates, Ph.D.

## Exhibit 1

**Charles H. Mullin December 1, 2010 Declaration from**

*In re: Motors Liquidation Company*