FILED & JUDGMENT ENTERED
Steven T. Salata

Jun 21 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*George R. Hodges*
George R. Hodges
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| GARLOCK SEALING TECHNOLOGIES LLC, et al. | ) | Case No. 10-31607 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

### ORDER AUTHORIZING THE DEBTORS TO ISSUE QUESTIONNAIRE TO HOLDERS OF PENDING MESOTHELIOMA CLAIMS AND GOVERNING THE CONFIDENTIALITY OF INFORMATION PROVIDED IN RESPONSES

This matter came before the Court on the Motion of the Debtors for an Order Pursuant to Bankruptcy Rule 2004 Directing Submission of Information by Current Asbestos Mesothelioma Claimants (Doc. No. 1006) (hereinafter, the "**Motion**"), the Memorandum of the Official Committee of Asbestos Personal Injury Claimants in Opposition to Motion of the Debtors for an Order Pursuant to Bankruptcy Rule 2004 Directing Submission of Information by Current Asbestos Mesothelioma Claimants (Docket No. 1076), Debtors' reply thereto (Docket No. 1151), Debtors' Memorandum in Support of Proposed Form of Mesothelioma Claim Questionnaire (Docket No. 1290), and the Supplemental Response of the Official Committee of

---

[1] The Debtors in these jointly administered cases are Garlock Sealing Technologies LLC ("Garlock"), Garrison Litigation Management Group, Ltd., and the Anchor Packing Company ("Anchor").

Asbestos Personal Injury Claimants Regarding a Questionnaire Directed to Current

Mesothelioma Claimants (Docket No. 1288). Based upon a review of the Motion, the further

submissions of the parties, the evidence presented, and the arguments of counsel, and for the

reasons stated on the record on February 17, April 28, May 12, and May 26, 2011, the Court

concludes that Debtors should be permitted to take discovery from pending mesothelioma

claimants through the mechanism of a personal injury questionnaire for use in estimating the

Debtors' aggregate liability for asbestos-related personal injury and wrongful death claims for

purposes of formulating a plan of reorganization (the "**Estimation Proceeding**"), subject to the

terms and conditions of this Order, and hereby ORDERS, ADJUDGES, AND DECREES that:

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157.

2.      The Motion is GRANTED IN PART and DENIED IN PART on the terms and

conditions set forth in this Order.

3.      The Mesothelioma Claim Questionnaire (the "**Questionnaire**") attached to this

Order as Exhibit A and incorporated herein by reference is approved; *provided, however,* that

modifications to the form may be made without further Order of the Court on the written consent

of the Debtors, the Official Committee of Asbestos Personal Injury Claimants (the

"**Committee**"), and the Future Claimants' Representative (the "**FCR**" and, collectively with the

Debtors and the Committee, the "**Estimation Parties**").

4.      Every person with a lawsuit pending against Garlock or Anchor as of June 5,

2010, for asbestos-related personal injury or wrongful death, who is indicated in Debtors'

records as of June 5, 2010 or June 7, 2011, as seeking compensation based on an assertion that

such person or another individual contracted mesothelioma as a result of use of and/or exposure

to an asbestos-containing product manufactured and/or sold and/or placed into the stream of

commerce by Garlock or Anchor (for purposes of this Order, "**Mesothelioma Claimants**"), is

required to complete and return the Questionnaire, pursuant to the deadlines set forth in

paragraph 5 below and subject to any objections asserted pursuant to paragraph 6 below.

     5.    The following deadlines and requirements shall apply:

     a.    On or before July 1, 2011, Debtors shall serve the Questionnaire, via direct U.S. mail, on counsel of record for all Mesothelioma Claimants. Debtors shall provide counsel with a unique paper copy of the Questionnaire for each such Mesothelioma Claimant. Debtors shall directly serve Mesothelioma Claimants who are not represented by counsel if the identities and addresses of those claimants are known. The Debtors shall promptly file a certificate of service and provide the Committee and the FCR with an electronic copy of the service list.

     b.    Responses to the Questionnaire, whether in electronic or paper form, including all attachments thereto, and all trust claim forms submitted by Mesothelioma Claimants pursuant to the Questionnaire or obtained from any trust pursuant to the optional authorization form incorporated in the Questionnaire,[2] are referred to below as "**Questionnaire Responses.**"

     c.    All Mesothelioma Claimants may submit their Questionnaire responses and any attachments in paper form or electronically through a website to

---

[2]   The authorization form is set forth as Exhibit 1 to the Questionnaire and is entitled "Claimants' Optional Authorization for Debtors' Counsel to Obtain Trust Records." It is referred to below in this Order as the "**Authorization**."

be established by the Debtors' Claims Administrator, Rust Consulting ("**Rust**").

d.      If a Mesothelioma Claimant chooses to submit the Questionnaire response and any attachments electronically, he or she shall complete and submit the Questionnaire on the Rust system no later than November 1, 2011.

e.      If a Mesothelioma Claimant chooses to submit the Questionnaire response and any attachments in paper form, he or she shall complete and submit the Questionnaire and deposit it and any attachments in the U.S. Mail (prepaid), postmarked no later than November 1, 2011, addressed to Rust Consulting, Inc., P.O. Box 9999, Faribault, MN, 55021-9999.  Any Mesothelioma Claimant who chooses to submit the Questionnaire response and any attachments in paper form must use the unique, marked paper form that Rust provides to counsel for such claimant. Rust shall send unique, marked paper forms to all Mesothelioma Claimants in the initial service package.  All Mesothelioma Claimants submitting Questionnaire Responses in paper form are permitted and encouraged to provide attachments in electronic format, where feasible.

f.      Any executed Authorization submitted in response to the Questionnaire (*see* note 2 above) shall expire and cease to be effective on the earlier of July 31, 2012, or a date fixed by further order of the Bankruptcy Court. Debtors shall not use any Authorization after the operative expiration date thereof.

g.      Rust shall make all Questionnaire Responses readily open to examination
in their entirety by the Estimation Parties, their respective bankruptcy
counsel and special counsel named in the margin (the "**Bankruptcy
Counsel**"),[3] and their respective retained claims estimators named in the
margin (the "**Estimation Experts**").[4]

h.      Rust shall promptly create a database of the Questionnaire Responses;
*provided, however,* that personnel for Debtors shall input into Rust's
database information submitted in paper form.  Rust shall promptly
provide copies of this database to the Estimation Parties, their respective
Bankruptcy Counsel, and their respective retained Estimation Experts, and
shall supplement those copies promptly if and when additional trust claim
forms are obtained from trusts pursuant to any Authorization.

i.      No Questionnaire Responses shall be disseminated or disclosed, whether
in written or electronic form, to any person other than (i) the Estimation
Parties; (ii) any entity that becomes a party to the Estimation Proceeding
by way of intervention pursuant to an order of the Bankruptcy Court
(each, an "**Intervenor**"); (iii) any party in interest who obtains a right of
access to Questionnaire Responses by an order issued pursuant to
paragraph 18 of this Order; (iv) any law firm rendering legal services with
respect to the Estimation Proceeding to any person described in the

---

[3]   For the Debtors, Robinson, Bradshaw & Hinson, P.A. and Rayburn, Cooper & Durham, P.A.;
for the ACC,  Caplin & Drysdale, Chartered and Moon Wright & Houston, PLLC; for the
FCR,  Orrick, Herrington & Sutcliffe LLP and Grier, Furr & Crisp, P.A.

[4]   For the Debtors:  Bates White, LLC; for the ACC, Legal Analysis Systems, Inc.; for the
FCR, Hamilton, Rabinovitz & Associates, Inc.

preceding parts (i) through (iii) of this paragraph 5.i., and each such law firm's employees, agents, and representatives who are personally involved in rendering services in connection with the Estimation Proceeding; (v) any Estimation Party or Intervenor's consulting or testifying experts, and members of their staff, who are personally involved in rendering services to an Estimation Party or Intervenor in connection with the Estimation Proceeding; (vi) any person who testifies at a deposition or hearing in connection with the Estimation Proceeding, and for whose examination or cross-examination reference to a Questionnaire Response is relevant; (vii) third-party service companies providing outside photocopying, graphic production services, or litigation support services in connection with the Estimation Proceeding; (viii) Rust and any of its employees, agents, or representatives rendering services in connection with the Estimation Proceeding; (ix) the Court, including secretaries, judicial assistants, law clerks, and other clerical staff; and (x) court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Estimation Proceeding; *provided, however,* that the right of access to Questionnaire Responses hereby conferred on the foregoing persons is subject to the conditions precedent set forth in paragraph 5.j. immediately below.

j.      Any person exercising a right of access to Questionnaire Responses granted by this Order shall thereby consent, and be deemed to consent, to be bound by this Order and shall thereby submit, and be deemed to

submit, to the exclusive jurisdiction and venue of this Court for any

dispute pertaining to the interpretation or enforcement of this Order.

Without limitation of the generality of the foregoing sentence, as a

condition of the right of access to Questionnaire Responses conferred by

paragraph 5.i. above, every entity described in subparts (ii) through (vii) of

paragraph 5.i. shall execute an Acknowledgment of Order and Agreement

to Be Bound in the form annexed to this Order as Exhibit B.1 or Exhibit

B.2.   Exhibit B.1 shall be executed on the part of corporations,

partnerships, companies, or firms whose employees, representatives, or

agents will receive access to Questionnaire Responses in the performance

of the firm's duties with respect to the Estimation Proceeding.  Exhibit B.2

shall be signed in an individual capacity by individuals (such as a

witnesses or self-employed experts) who receive a right of access to

Questionnaire Responses under paragraph 5.i above in their individual

capacities, rather than as employees, agents, or representatives of a firm.

k.   Any Intervenor shall be deemed subject to all of the obligations and

restrictions applicable to the Estimation Parties under this Order.  Any

Intervenor, and any party in interest who obtains such relief on motion

pursuant to paragraph 18 of this Order, shall have access to the

Questionnaire Responses only to the extent specified by the Bankruptcy

Court and subject to such terms and conditions as the Bankruptcy Court

may impose by further order.

6.      Any and all objections, procedural and substantive, that any Mesothelioma Claimant may have to the Questionnaire or to the inquiries set out therein are hereby fully preserved. Mesothelioma Claimants must indicate any objections, including their bases, on the form attached as Exhibit 2 to the Questionnaire (or, if the response is provided electronically, on the Rust electronic system).  Mesothelioma Claimants may not lodge objections by attaching or referring to documents. The consequences for failure to complete and timely submit the Questionnaire and any required attachments, and the process for litigating any objections, remain to be determined.

7.      Questionnaire Responses shall be confidential and treated as such without need of any special designation by or on behalf of the responding Mesothelioma Claimants.  Debtors' objections to such treatment are overruled.  Any entity granted access to Questionnaire Responses as provided in this Order must maintain the confidentiality of the same in a manner consistent with the obligations and restrictions imposed herein.

8.      Mesothelioma Claimants, Estimation Parties, and Intervenors shall have standing to enforce the protections afforded to Questionnaire Responses by this Order.

9.      As a precautionary measure, but not as a precondition to protection, Rust shall stamp any written Questionnaire Responses with the following legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

10.     Any entity that receives access to Questionnaire Responses as provided in this Order shall provide for physical, managerial and electronic security thereof such that Questionnaire Responses are reasonably maintained and secured, ensuring that they are safe from unauthorized access or use during utilization, transmission and storage.  Should any unauthorized breach of the confidentiality of Questionnaire Responses occur, the entity whose

agents or representatives were involved in the breach shall notify the Estimation Parties and any
Intervenor, as well as any Mesothelioma Claimants to which the subject information pertains, as
soon as reasonably practicable, but not later than two (2) business days after such entity first
becomes aware of such breach.

10.    Neither Questionnaire Responses, nor any analyses, conclusions, summaries,
excerpts, or redacted copies derived therefrom, nor any knowledge obtained therefrom, shall be
used for any purpose other than the Estimation Proceeding.

11.    Neither Questionnaire Responses nor any analyses, conclusions, summaries,
excerpts, or redacted copies derived therefrom may be (a) publicly disclosed except pursuant to
this Order, (b) used as a disclosed or undisclosed source in any article, study, research, editorial,
publication or scholarly work, or (c) incorporated into or merged with any preexisting database
that is to be used or maintained for any purpose other than the Estimation Proceeding.

12.    To the extent Questionnaire Responses are maintained in or converted to
electronic form, they must be maintained in a separate file, database, or physical storage
medium.  If Questionnaire Responses maintained or converted to electronic form are
incorporated into or merged with any preexisting electronic information or database (a "**Merged
Database**"), the Merged Database must itself be treated as confidential to the same extent as the
underlying Questionnaire Responses themselves, shall be maintained in a separate file, database,
or physical storage medium, and shall be subject to the same use restrictions that this Order
imposes on the Questionnaire Responses themselves.

13.    Nothing in this Order shall restrict any person's right to make lawful use of:

a.    any discrete data set or materials that came into the possession of such
person lawfully and free of any confidentiality obligation;

b.    any exhibit or other document that is placed on the public record in the Estimation Proceeding in conformity with the restrictions set forth in paragraph 14 below, or any data or material that is or becomes publicly available other than by a breach of this Agreement; or

c.    any discrete data set or materials developed by or on behalf of such person independent of any Questionnaire Responses.

14.    In the event that, in the course of the Estimation Proceeding, any Estimation Party or Intervenor intends to offer into evidence or otherwise use Questionnaire Responses in connection with testimony or filings in the Bankruptcy Court, or any reviewing court, such Estimation Party or Intervenor may not divulge Questionnaire Responses except when the following conditions are met: (i) such information is relevant to the Estimation Proceeding; (ii) there is no reasonable manner to use such information in the Estimation Proceeding without disclosing Questionnaire Responses; and (iii) such Estimation Party or Intervenor has first utilized its best efforts to maintain the confidentiality of the Questionnaire Responses, including by seeking an order, on notice to all other Estimation Parties and Intervenors and to the Mesothelioma Claimants, which provides that such information shall be filed under seal, redacted or reviewed by the Bankruptcy Court (or any other court) *in camera*, as appropriate, and that any hearing, deposition or other proceeding be closed and limited to attendance by persons who are subject to the terms of this Order.  Notwithstanding the foregoing, in the course of the Estimation Proceeding and solely for the purposes thereof, an Estimation Party or Intervenor may use in the Bankruptcy Court, or any reviewing court, summaries, analyses or copies derived from Questionnaire Responses if such material is redacted so as not to reveal the name, social security number, or other identifying detail of any individual Mesothelioma Claimant. Likewise,

nothing herein shall prohibit an expert for any Estimation Party or Intervenor from using or

referring to Questionnaire Responses in such expert's report, or testifying concerning

Questionnaire Responses, so long as such testimony or report does not reveal the name, social

security number, or other identifying detail of any individual Mesothelioma Claimant.

15.    In the event that an entity granted access to Questionnaire Responses pursuant to

this Order receives a subpoena, interrogatory, or other request for the production or disclosure of

any Questionnaire Response, in whole or in part, to a third party (a "**Third-Party Discovery**

**Demand**"), including a governmental or other regulatory body, such entity (a "**Discovery**

**Target**") shall provide prompt written notice of any such request or requirement to the

Mesothelioma Claimant or Mesothelioma Claimants who provided the information requested,

with copies to the Estimation Parties and any Intervenors, so that any of them may seek a

protective order or other appropriate remedy or waive compliance with the provisions of this

Order.  Pending a timely effort to obtain such a protective order or other remedy to prevent the

requested production or disclosure, or written waiver by the Mesothelioma Claimant, each of the

Estimation Parties, and any Intervenors of the right to seek such an order or remedy, the

Discovery Target shall interpose an objection to the Third-Party Discovery Demand on the basis

of this Order.   Nothing in this Order shall prohibit a Discovery Target from complying in good

faith with an order directing it to comply, in whole or in part, with such Third-Party Discovery

Demand, or require a Discovery Target to seek a stay of such an order, or to appeal from such an

order; *provided, however*, that any Discovery Target shall exercise reasonable efforts to preserve

the confidentiality of Questionnaire Responses produced or disclosed pursuant to such an order,

including, without limitation, by cooperating with any Mesothelioma Claimant, Estimation Party,

or Intervenor who expresses an intention to seek an appropriate protective order or other reliable

assurance that confidential treatment will be accorded the Questionnaire Responses.

16.    Within the one-year anniversary of the date of substantial consummation of a

confirmed Chapter 11 plan of reorganization for the Debtors (a "**Plan**"), each entity that has

received Questionnaire Responses shall destroy such Questionnaire Responses, including all

copies thereof, in a commercially reasonable manner and continue to be bound by the terms and

obligations imposed by this Order, and shall certify such destruction in writing to respective

counsel of record for the Debtors, the Committee, and the FCR ; *provided, however,* that the

obligations of this paragraph  shall not apply to copies of pleadings and exhibits filed under seal

with this Court, or to file copies in the possession of counsel of record for the Mesothelioma

Claimants, for the Estimation Parties, or for Intervenors of papers prepared in connection with

the Estimation Proceeding (*e.g.*, pleadings, transcripts, interview or document summaries,

internal memoranda, written communications with professionals, experts, and witnesses,

depositions and exhibits thereto, court papers, and other papers prepared, created, or served in

connection with the Estimation Proceeding); and *provided further* that the obligations of this

paragraph may be superseded and rendered inoperative if and to the extent that a confirmed Plan

specifically authorizes a particular entity to turn over Questionnaire Responses to an asbestos

settlement trust created pursuant to the Plan.

17.    When the Debtors serve the Questionnaire, a copy of this Order shall be attached

to the Questionnaire as an exhibit thereto.

18.    Any person who seeks relief from any provision of this Order shall do so by

motion in the Bankruptcy Court on notice to the Estimation Parties, any Intervenors, and

Mesothelioma Claimants determined by prior order of the Bankruptcy Court to be potentially

affected by the relief sought.  The movant shall bear the burden of showing good cause for the requested relief.  In considering whether that burden is met, and in tailoring or limiting any relief awarded, the Bankruptcy Court shall consider the following matters, among any other relevant factors and legitimate interests: (i) the Debtors have based their request for the Questionnaire on asserted discovery needs for the purposes of the Estimation Proceeding; (ii) the Questionnaire constitutes a hybrid form of discovery not contemplated by the usual rules of discovery under the Federal Rules of Civil Procedure and therefore not available in ordinary civil litigation; (iii) the Court has authorized the Questionnaire on the basis that it may be helpful and efficient for purposes of the Estimation Proceeding; (iv) Mesothelioma Claimants have a legitimate reliance interest in the provisions of this Order, including those provisions pertaining to the confidentiality and restricted uses of Questionnaire Responses; (v) the Bankruptcy Court and the Estimation Parties have legitimate interests in the efficient, fair, and expeditious conduct of the Estimation Proceeding; (vi) among the intended benefits of estimating the Debtors' asbestos-related liability in the aggregate for purposes of formulating a plan of reorganization is the avoidance of disputes that would implicate the due process rights of absent asbestos personal injury and wrongful death claimants.

19.    This Court shall retain jurisdiction to interpret, apply, and enforce this Order to the full extent permitted by law.

This Order has been signed electronically.                    United States Bankruptcy Court
The Judge's signature and court's seal
appear at the top of the Order

# Garlock Sealing Technologies LLC

MESOTHELIOMA CLAIM QUESTIONNAIRE ███████████

FOR RUST USE ONLY

01

<<0123456789>>



<<FIRM_NAME>>
<<ATTORNEY>>
<<ADDRESS_1>>
<<CITY>> <<STATE>> <<ZIPCODE>>

## MAILING SUMMARY

**MAIL DATE:**   <<MAIL_DATE>>

**DUE DATE:**   MONTH XX, 2011

**MAILED TO:**   <<ATTY_NAME>>

**CLAIMANT:**   <<CLAIMANT_NAME>>

☐ If the pre-printed address to the left is incorrect or out of date, **OR there is no pre-printed data**, check this box and provide your name and current address:

<<CLAIMANT_NAME>>

Firm Name: _____

Address: _____

City: _____

State: ___ ___   Zip Code: ___ ___ ___ ___ ___

## PURPOSE OF QUESTIONNAIRE

The U.S. Bankruptcy Court for the Western District of North Carolina has authorized Garlock Sealing Technologies LLC ("**Garlock**") and The Anchor Packing Company ("**Anchor**," and collectively with Garlock, the "**Debtors**") to issue this Questionnaire to every person with a lawsuit pending against Garlock or Anchor as of June 5, 2010, for asbestos-related personal injury or wrongful death, who is indicated in Debtors' records as of June 5, 2010 or June 7, 2011, as seeking compensation based on an assertion that such person or another individual contracted mesothelioma as a result of use of and/or exposure to an asbestos-containing product manufactured and/or sold and/or placed into the stream of commerce by Garlock or Anchor (a "**Pending Mesothelioma Claim**").

The Debtors are pursuing reorganization in jointly administered Chapter 11 cases in the Bankruptcy Court, referred to as *In re Garlock Sealing Technologies LLC, et al.*, Case No. 10-31607 (Bankr. W.D.N.C.). The Bankruptcy Court has granted the Debtors' application to issue this Questionnaire for purposes of estimating their aggregate liability for asbestos-related personal injury and wrongful death claims. The estimation is a contested matter in which the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative are parties adverse to the Debtors.

The purpose of this form is to obtain complete and up to date information about each Pending Mesothelioma Claim with respect to the topics noted below. If you have a Pending Mesothelioma Claim, you must provide accurate, complete, and timely responses to this Questionnaire.

All information provided in response to this Questionnaire will be treated as confidential. The uses and further disclosure of such information shall be restricted in accordance with the Order Authorizing the Debtors to Issue Questionnaire to Holders of Pending Mesothelioma Claims and Governing the Confidentiality and Use of Information Provided in Responses, dated June ___, 2011. A copy of that Order [Dkt. No. ___] is attached as Exhibit 3 to the Questionnaire.

## ADMINISTRATOR INFORMATION

If you have a Pending Mesothelioma Claim against Garlock or Anchor, you are directed to complete and submit this Questionnaire on or before November 1, 2011.

You may submit your Questionnaire responses and any attachments electronically through the system supported by Rust Consulting, whom the Debtors have retained as their Claims Administrator. Access to this system and electronic filing instructions are available through the Rust Consulting website at [address]. If you elect to submit your responses and any attachments electronically, please complete and submit the Questionnaire on the Rust Consulting system no later than November 1, 2011.

In the alternative, you have the option of submitting your Questionnaire responses and any attachments by mail. If this is your preference, please deposit your completed Questionnaire, along with any attachments, in the U.S. Mail (prepaid) postmarked no later than November 1, 2011, addressed to:

### RUST CONSULTING, INC., P.O. BOX 2512, FARIBAULT, MN 55021-9512

Each Pending Mesothelioma Claimant has been provided a unique copy of this Questionnaire. If you answer by mail, you must answer on the unique copy of the Questionnaire provided for you. In addition, if you answer by mail, you are permitted and encouraged to provide any attachments in electronic format, where feasible.







## LIST OF CLAIM FORM SECTIONS AND INSTRUCTIONS

### OCCUPATION AND INDUSTRY CODES
- Contains reference codes for occupation and industry of exposure for use in completing Part 5. For U.S. Navy occupation codes, you may respond by attaching service records.

### PART 1: INJURED PARTY INFORMATION
- Provide identifying information for the Injured Party. As used in this Questionnaire, the term "Injured Party" means the individual whose alleged mesothelioma forms the basis for the Pending Mesothelioma Claim.

### PART 2: RELATED CLAIMANT INFORMATION
- Only complete this section if the claimant (the plaintiff) is a "Related Claimant," rather than the Injured Party.
- As used in this Questionnaire, the term "Related Claimant" means a person who is not the Injured Party but who is making a claim based on or derived from the Injured Party's mesothelioma, either in a representative capacity (e.g., the personal representative of the Injured Party's estate suing for the Injured Party's injuries), or in an independent capacity (e.g., a family member suing for his or her own losses based on the alleged wrongful death of the Injured Party).
- Related Claimant IDs (social security number or foreign tax ID) are only required if no ID is provided for the Injured Party or Injured Party's estate.

### PART 3: LAW FIRM INFORMATION
- Provide contact information for the law firm that represents the claimant in responding to the Questionnaire.

### PART 4: ALLEGED INJURY DIAGNOSIS INFORMATION
- Provide diagnosis information related to the alleged injury and/or death of the Injured Party.

### PART 5: EXPOSURE
- In Part 5A, identify any industrial, commercial or residential location where the claimant alleges exposure to Garlock or Anchor asbestos-containing products. Also, answer the questions concerning the nature of any Garlock/Anchor alleged exposure.
- In Part 5B, identify any industrial, commercial or residential location where the claimant alleges exposure to non-Garlock/Anchor asbestos-containing products.
- In Parts 5A and 5B, "secondary" exposure means alleged exposure through another person who was occupationally exposed (the "primary" exposure); an example is take-home exposure. In the case of secondary exposure, list information for the site where primary exposure occurred and provide the required information regarding the primarily exposed person's exposure.
- See below for "Option to Respond by Producing Documents".

### PART 6: LITIGATION AND OTHER CLAIMS RELATED TO THE INJURED PARTY'S ALLEGED ASBESTOS EXPOSURE
- Provide the information requested in Part 6A regarding any lawsuit filed by you or on your behalf based on the Injured Party's mesothelioma, or any other lawsuit based on the Injured Party's mesothelioma.
- If you have filed multiple lawsuits based on the Injured Party's mesothelioma, respond to Part 6A as to each lawsuit filed, whether or not all of those lawsuits named Garlock or Anchor as a defendant.
- Provide the information requested in Part 6B regarding claims against other parties and Trusts by you or on your behalf based on the Injured Party's mesothelioma.
- The term "DWOP" in Tables A and C means "dismissed without payment." You should check this box if the claim was dismissed for any reason without a payment from the defendant.
- See below for "Option to Respond by Producing Documents."

### OPTION TO RESPOND BY PRODUCING DOCUMENTS (APPLICABLE TO PART 5 AND PART 6)
- In lieu of providing a written response to Part 5A, Part 5B, Part 6A, or Part 6B, or any particular question included therein, you may submit verified complaints, interrogatory responses, deposition transcripts of plaintiffs and/or product identification witnesses, or bankruptcy trust claim forms that provide true and complete information responsive to the questions answered by this alternative means, as of the date you submit your response to this Questionnaire.
- You are required to certify that your response to this Questionnaire is true and complete as of the date it is submitted. Therefore, if you choose to respond to any question by attaching documents, you must still ensure that you have provided a true and complete response to the question. If, for example, you or your attorneys have learned additional responsive information since the document was created, you must provide that information in the Questionnaire form or by attaching additional documents, to ensure that your answer is true and complete.
- If, in lieu of a written response, you elect to submit any document longer than twenty pages, identify the document and the relevant part thereof, if this is readily known to you, or, in the alternative, submit only the relevant pages.

### PART 7: CERTIFICATION
- Either the claimant or the claimant's attorney must sign the appropriate certification.

### PART 8: ATTACHMENT OF TRUST CLAIM FORMS
- The claimant must submit copies of all Trust claim forms submitted by or on behalf of the claimant or Injured Party to Trusts listed in Table B (or the equivalent information as to Trust claims that you filed with Trusts electronically). Alternatively, the claimant may execute the authorization attached as Exhibit 1 for Garlock and Anchor to obtain the claim forms from the Trusts. This requirement applies only to claim forms submitted to one or more Trusts (or the equivalent information as to Trust claims that you filed with Trusts electronically). Although you must provide each complete Trust claim form, you are not required to provide attachments to Trust claim forms submitted in support of Trust claims and, if you choose to execute the authorization, you are not required to authorize Trusts to release attachments to Trust claim forms submitted in support of Trust claims.

If you object to any portion of any question in this Questionnaire, you must indicate your objection and its basis on the form attached as Exhibit 2. **You may not lodge objections by attaching or referring to documents.**



## OCCUPATION AND INDUSTRY CODES

**INSTRUCTIONS:** *Use these Occupation and Industry codes when completing* **PART 5: ALLEGED EXPOSURE**

### Occupation Codes

| CODE | OCCUPATION | CODE | OCCUPATION |
|------|-----------|------|-----------|
| O-01 | Non-occupational / residential / do-it-yourself (DIY) | O-31 | Insulator |
| O-02 | Air conditioning and heating installer / maintenance | O-32 | Iron worker |
| O-03 | Asbestos miner | O-33 | Joiner |
| O-04 | Asbestos plant worker / asbestos manufacturing worker | O-34 | Laborer |
| O-05 | Asbestos removal / abatement | O-35 | Longshoreman |
| O-06 | Asbestos sprayer / spray gun mechanic | O-36 | Machinist / machine operator |
| O-07 | Assembly line / factory / plant worker | O-37 | Millwright / mill worker |
| O-08 | Auto mechanic / bodywork / brake repairman | O-38 | Mixer / bagger |
| O-09 | Boilermaker | O-39 | Non-asbestos miner |
| O-10 | Boiler repairman | O-40 | Painter |
| O-11 | Boiler worker / cleaner / inspector / engineer / installer | O-41 | Pipefitter |
| O-12 | Building maintenance / building superintendent | O-42 | Plasterer |
| O-13 | Brake manufacturer / installer | O-43 | Plumber - install / repair |
| O-14 | Brick mason / layer / hod carrier | O-44 | Power plant operator |
| O-15 | Burner operator | O-45 | Professional (e.g., accountant, architect, physician) |
| O-16 | Carpenter / woodworker / cabinetmaker | O-46 | Railroad worker / carman / brakeman / machinist / conductor |
| O-17 | Chipper | O-47 | Refinery worker |
| O-18 | Clerical / office worker | O-48 | Remover / installer of gaskets |
| O-19 | Construction - general | O-49 | Rigger / stevedore / seaman |
| O-20 | Custodian / janitor in office / residential building | O-50 | Rubber / tire worker |
| O-21 | Custodian / janitor in plant / manufacturing facility | O-51 | Sandblaster |
| O-22 | Electrician / inspector / worker | O-52 | Sheet metal worker / sheet metal mechanic |
| O-23 | Engineer | O-53 | Shipfitter / shipwright / ship builder |
| O-24 | Firefighter | O-54 | Shipyard worker (mainland repair, maintenance) |
| O-25 | Fireman | O-55 | Steamfitter |
| O-26 | Flooring installer / tile installer / tile mechanic | O-56 | Steelworker |
| O-27 | Foundry worker | O-57 | Warehouse worker |
| O-28 | Furnace worker / repairman / installer | O-58 | Welder / blacksmith |
| O-29 | Glass worker | O-59 | [Intentionally Left Blank] |
| O-30 | Heavy equipment operator (includes truck, forklift, & crane) | O-60 | [Intentionally Left Blank] |
|  |  | O-61 | Other (describe) |





## Naval Occupation Codes

| CODE | OCCUPATION | CODE | OCCUPATION |
|---|---|---|---|
| N-1 | Boiler technician | N-10 | Instrumentman |
| N-2 | Boiler maker | N-11 | Molder |
| N-3 | Damage controlman | N-12 | Machinist's mate |
| N-4 | Electrician's mate | N-13 | Machinery repairman |
| N-5 | Engineman | N-14 | Opticalman |
| N-6 | Fireman | N-15 | Patternmaker |
| N-7 | Gas turbine system technician | N-16 | Pipe fitter |
| N-8 | Hull maintenance technician | N-17 | Other (describe) |
| N-9 | Interior communications electrician | | |

## Industry Codes

| CODE | INDUSTRY | CODE | INDUSTRY |
|---|---|---|---|
| I-01 | Residential / do-it-yourself (DIY) | I-12 | Non-asbestos products manufacturing |
| I-02 | Asbestos abatement / removal | I-13 | Petrochemical |
| I-03 | Aerospace / aviation | I-14 | Railroad |
| I-04 | Asbestos mining | I-15 | Shipyard-construction / repair |
| I-05 | Automotive | I-16 | Textile |
| I-06 | Chemical | I-17 | Tire / rubber |
| I-07 | Construction trades | I-18 | U.S. Navy |
| I-08 | Iron / steel | I-19 | Utilities |
| I-09 | Longshore | I-20 | Asbestos manufacture or milling |
| I-10 | Maritime | I-21 | [Intentionally Left Blank] |
| I-11 | Military (other than U.S. Navy) | I-22 | Other (describe) |
| | | I-23 | Unknown |

CLAIM QUESTIONNAIRE FOR: <<NAME>>

## PART 1: INJURED PARTY INFORMATION *(See instructions above for Part 1 for definition of "Injured Party")*

Last Name: _____    First Name: _____    Middle Initial: _____    Suffix: _____

Date of Birth (mm/dd/yyyy): ___ ___ / ___ ___ / ___ ___

Social Security Number : ___ ___ ___ - ___ ___ - ___ ___ ___ ___

Foreign Tax ID (if applicable): _____    Estate Tax ID (if applicable): _____

City of Residence: _____    State of Residence: _____    Postal Code: _____

Country (if outside the US): _____

## PART 2: RELATED CLAIMANT INFORMATION *(if different than INJURED PARTY)*

→ *See instructions above for Part 2 for definition of "Related Claimant"*

Last Name: _____    First Name: _____    Middle Initial: _____    Suffix: _____

Date of Birth (mm/dd/yyyy): ___ ___ / ___ ___ / ___ ___

→ *Related Claimant ID is only required if no ID is provided for the Injured Party or related estate*

Social Security Number : ___ ___ ___ - ___ ___ - ___ ___ ___ ___    Foreign Tax ID (if applicable): _____

City of Residence: _____    State of Residence: _____    Postal Code: _____

Country (if outside the US): _____

## PART 3: RESPONDING LAW FIRM INFORMATION

Name of Firm: _____

Firm Mailing or Street Address: _____

Firm City: _____    Firm State: ___ ___    Zip Code: ___ ___ ___ ___ ___

Phone No.: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

Name of Firm Contact: _____

Email Address: _____ @ _____ . _____

## PART 4: MESOTHELIOMA DIAGNOSIS INFORMATION

→ **INSTRUCTIONS:** *Check all that apply*

1. Date of first diagnosis of Mesothelioma:    ___ ___ / ___ ___ / ___ ___

2. Name of doctor making first diagnosis (fill in blank): _____

3. Is the Injured Party deceased?    ☐ Yes    ☐ No

→ If "Yes", Date of Death: ___ ___ / ___ ___ / ___ ___

4. Was autopsy performed?    ☐ Yes    ☐ No



CLAIM QUESTIONNAIRE FOR: <<NAME>>

## PART 5A: ALLEGED EXPOSURE TO GARLOCK/ANCHOR PRODUCTS

*INSTRUCTIONS: Complete for every site where claimant alleges exposure to Garlock or Anchor product. "Secondary" exposure means alleged exposure through another person who was occupationally exposed (the "primary" exposure); an example is take-home exposure. In the case of secondary exposure, list information for the site where primary exposure occurred and provide the required information regarding the primarily exposed person's exposure.*

*Use additional pages if more space is required. If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 2 above, and follow the instructions set forth there.*

### ALLEGED ASBESTOS EXPOSURE TO GARLOCK OR ANCHOR PRODUCTS (SITE 1)

**1** Type of Exposure:

☐ Occupational    ☐ Non-Occupational    ☐ Bystander    ☐ Secondary: _____
*provide relationship to occupationally exposed person*

**2** Site Name *(i.e. name of plant, refinery, etc.)*:

**3** Unions of which Injured Party *(or occupationally exposed person)* was a member during employment:

**4**

| City | State | Country | Employer *(if applicable)* |
|------|-------|---------|----------------------------|
|      |       |         |                            |

**5** Occupation Code : O- or N- *(if Industry is U.S. Navy; you may respond by attaching service records) (see codes on **page 4**; if "Other," describe))*

**6** Industry Code : I- *(see codes on pages 3 and 4; if "Other," describe)*

**7** Start Date:                                                    End Date:

____ ____ / ____ ____ / ____ ____                ____ ____ / ____ ____ / ____ ____

**8** List Garlock and Anchor asbestos-containing products to which the Injured Party was allegedly exposed at this site

**9** Please indicate the nature of the Injured Party's *(or occupationally exposed person's)* alleged exposure to asbestos from Garlock or Anchor products at this site *(check all that apply)*:

☐ Personally cut asbestos-containing gaskets

☐ Personally cut asbestos-containing packing

☐ Personally removed asbestos-containing gaskets

☐ Personally removed asbestos-containing packing

☐ Worked at a site where Garlock or Anchor asbestos-containing products were cut or removed by others

☐ Worked in or around areas where Garlock or Anchor asbestos-containing products were cut or removed by others

☐ Other *(please specify)*: _____



CLAIM QUESTIONNAIRE FOR: <<NAME>>

## ALLEGED ASBESTOS EXPOSURE TO GARLOCK OR ANCHOR PRODUCTS (SITE 2)

**1** Type of Exposure:

☐ Occupational    ☐ Non-Occupational    ☐ Bystander    ☐ Secondary: _____
*provide relationship to occupationally exposed person*

**2** Site Name *(i.e. name of plant, refinery, etc.)*:

**3** Unions of which Injured Party *(or occupationally exposed person)* was a member during employment:

**4**
| City | State | Country | Employer *(if applicable)* |
|------|-------|---------|---------------------------|

**5** Occupation Code : O- or N- *(if Industry is U.S. Navy; you may respond by attaching service records) (see codes on **page 4**; if "Other," describe))*

**6** Industry Code : I- *(see codes on pages 3 and 4; if "Other," describe)*

**7** Start Date:                                    End Date:

____ ____ / ____ ____ / ____ ____           ____ ____ / ____ ____ / ____ ____

**8** List Garlock and Anchor asbestos-containing products to which the Injured Party was allegedly exposed at this site

**9** Please indicate the nature of the Injured Party's *(or occupationally exposed person's)* alleged exposure to asbestos from Garlock or Anchor products at this site *(check all that apply)*:

☐ Personally cut asbestos-containing gaskets

☐ Personally cut asbestos-containing packing

☐ Personally removed asbestos-containing gaskets

☐ Personally removed asbestos-containing packing

☐ Worked at a site where Garlock or Anchor asbestos-containing products were cut or removed by others

☐ Worked in or around areas where Garlock or Anchor asbestos-containing products were cut or removed by others

☐ Other *(please specify)*: _____



CLAIM QUESTIONNAIRE FOR: <<NAME>>

## ALLEGED ASBESTOS EXPOSURE TO GARLOCK OR ANCHOR PRODUCTS (SITE 3)

**1** Type of Exposure:

☐ Occupational    ☐ Non-Occupational    ☐ Bystander    ☐ Secondary: _____
*provide relationship to occupationally exposed person*

**2** Site Name *(i.e. name of plant, refinery, etc.)*:

**3** Unions of which Injured Party *(or occupationally exposed person)* was a member during employment:

**4**
| City | State | Country | Employer *(if applicable)* |
|---|---|---|---|
| | | | |

**5** Occupation Code : O- or N- *(if Industry is U.S. Navy; you may respond by attaching service records) (see codes on **page 4**; if "Other," describe))*

**6** Industry Code : I- *(see codes on pages 3 and 4; if "Other," describe)*

**7** Start Date:                                    End Date:

____ ____ / ____ ____ / ____ ____          ____ ____ / ____ ____ / ____ ____

**8** List Garlock and Anchor asbestos-containing products to which the Injured Party was allegedly exposed at this site

**9** Please indicate the nature of the Injured Party's *(or occupationally exposed person's)* alleged exposure to asbestos from Garlock or Anchor products at this site *(check all that apply)*:

☐ Personally cut asbestos-containing gaskets

☐ Personally cut asbestos-containing packing

☐ Personally removed asbestos-containing gaskets

☐ Personally removed asbestos-containing packing

☐ Worked at a site where Garlock or Anchor asbestos-containing products were cut or removed by others

☐ Worked in or around areas where Garlock or Anchor asbestos-containing products were cut or removed by others

☐ Other *(please specify)*: _____





CLAIM QUESTIONNAIRE FOR: <<NAME>>

## PART 5B: ALLEGED EXPOSURE TO PRODUCTS OTHER THAN GARLOCK/ANCHOR PRODUCTS

*INSTRUCTIONS:* Complete for every site where claimant alleges exposure to asbestos products other than Garlock or Anchor products. "Secondary" exposure means alleged exposure through another person who was occupationally exposed (the "primary" exposure); an example is take-home exposure. In the case of secondary exposure, list information for the site where primary exposure occurred and provide the required information regarding the primarily exposed person's exposure.

Use additional pages if more space is required. If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 2 above, and follow the instructions set forth there.

### ALLEGED ASBESTOS EXPOSURE TO PRODUCTS OR AT LOCATIONS NOT INVOLVING GARLOCK OR ANCHOR (SITE 1)

**1** Type of Exposure:

☐ Occupational   ☐ Non-Occupational   ☐ Bystander   ☐ Secondary: _____

*provide relationship to occupationally exposed person*

**2** Site Name (*i.e. name of plant, refinery, etc.*):

**3**

| City | State | Country | Employer *(if applicable)* |
|------|-------|---------|---------------------------|
|      |       |         |                           |

**4** Occupation Code : O- or N- *(if Industry is U.S. Navy; you may respond by attaching service records) (see codes on **page 4**; if "Other," describe))*

**5** Industry Code : I- *(see codes on pages 3 and 4; if "Other," describe)*

**6** Start Date: ___ ___ / ___ ___ / ___ ___         End Date: ___ ___ / ___ ___ / ___ ___

**7** Describe the activity that resulted in asbestos exposure:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____



CLAIM QUESTIONNAIRE FOR: <<NAME>>

**ALLEGED ASBESTOS EXPOSURE TO PRODUCTS OR AT LOCATIONS NOT INVOLVING GARLOCK OR ANCHOR (SITE 2)**

1  Type of Exposure:

☐ Occupational    ☐ Non-Occupational    ☐ Bystander    ☐ Secondary: _____
*provide relationship to occupationally exposed person*

2  Site Name *(i.e. name of plant, refinery, etc.)*:

3  City | State | Country | Employer *(if applicable)*

4  Occupation Code : O- or N- *(if Industry is U.S. Navy; you may respond by attaching service records) (see codes on page 4; if "Other," describe))*

5  Industry Code : I- *(see codes on pages 3 and 4; if "Other," describe)*

6  Start Date: ___ ___ / ___ ___ / ___ ___     End Date: ___ ___ / ___ ___ / ___ ___

7  Describe the activity that resulted in asbestos exposure:



CLAIM QUESTIONNAIRE FOR: <<NAME>>

## ALLEGED ASBESTOS EXPOSURE TO PRODUCTS OR AT LOCATIONS NOT INVOLVING GARLOCK OR ANCHOR (SITE 3)

**1** Type of Exposure:

☐ Occupational   ☐ Non-Occupational   ☐ Bystander   ☐ Secondary: _____

*provide relationship to occupationally exposed person*

**2** Site Name *(i.e. name of plant, refinery, etc.)*:

**3**

| City | State | Country | Employer *(if applicable)* |
|------|-------|---------|----------------------------|
|      |       |         |                            |

**4** Occupation Code : O- or N- *(if Industry is U.S. Navy; you may respond by attaching service records) (see codes on page 4; if "Other," describe))*

**5** Industry Code : I- *(see codes on pages 3 and 4; if "Other," describe)*

**6** Start Date:                                   End Date:

____ ____ / ____ ____ / ____ ____        ____ ____ / ____ ____ / ____ ____

**7** Describe the activity that resulted in asbestos exposure:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____





CLAIM QUESTIONNAIRE FOR: <<NAME>>

## PART 6A: LITIGATION RELATED TO THE INJURED PARTY *(Information about Asbestos Lawsuits Filed)*

***INSTRUCTIONS:*** Use additional copies of this page ***AND*** associated ***TABLE A*** for ***EACH LAWSUIT*** related to the Injured Party, whether or not (1) Garlock or Anchor was named as a defendant, or (2) the lawsuit remains pending. Use additional pages if more space is required. If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 2 above, and follow the instructions set forth there.

### LAWSUIT ## _____ -of - _____

**(For example, Lawsuit #1 of 3 related lawsuits. Use additional copies of this page to complete the section separately for each related lawsuit.)**

**1**

**What is the capacity of the claimant *(select and fill out for all that apply)*?**

- ☐ Injured Party
- ☐ Personal Representative/Executor
- ☐ Dependent Child
- ☐ Spouse of Injured Party
- ☐ Wrongful Death Claimant
- ☐ Other *(please specify)*: _____

State *(list state)*: ____ ____

Federal court?:    ☐ Yes    ☐ No

What state county/subdivision or federal district court *(fill in the blank)*: _____

Case Number / Docket Number *(fill in the blank)*: _____

Date first filed: ____ ____ / ____ ____ / ____ ____

- - Was the claimant's deposition taken?    ☐ Yes  ☐ No
- - Was any product identification witness deposed, including the claimant?    ☐ Yes  ☐ No
- - Was any co-worker deposition taken?    ☐ Yes  ☐ No

**2**

**Has this lawsuit been resolved either in whole or in part** *(excluding Garlock and Anchor)*?    ☐ Yes  ☐ No

→    If yes:    ☐ Whole?  ☐ Part?

**If the lawsuit has been resolved in whole or in part, excluding Garlock and Anchor, how was it resolved?** *(check all that apply)*:    ☐ Trial  ☐ Settlement

→    **If resolved *(excluding Garlock and Anchor)* at least in part by trial**

- - When was the trial?:    ____ ____ / ____ ____ / ____ ____
- - Was there a plaintiff verdict?    ☐ Yes  ☐ No
- - Is the case on appeal?    ☐ Yes  ☐ No

- - Which defendants were found liable? _____

_____

_____

_____

_____

_____

_____

*Part 6A continued:*

→ **If resolved** *(excluding Garlock and Anchor)* **at least in part by trial:**

- Was there a monetary award to plaintiff?:          ☐ Yes    ☐ No

- What was the award of compensatory damages?          $ _ _ _ _, _ _ _ _ . _ _

- Has any judgment been satisfied?          ☐ Yes    ☐ No

- What was the allocation of fault or damages? _____

**2** _____
_____
_____
_____
_____
_____
_____

**3**   Complete *attached Table A* for all defendants named in this lawsuit

---

## PART 6B: OTHER CLAIMS RELATED TO THE INJURED PARTY *(Information About Claims against Bankruptcy Trusts and Other Entities)*

**INSTRUCTIONS:** *Complete attached Table B (claims against bankruptcy trusts) and attached Table C (claims against other entities not previously identified in Table A or Table B) for all such claims based on the Injured Party's mesothelioma. You must provide information relating to claims against Trusts and against other entities made by or on behalf of the claimant or the Injured Party. Use additional pages if more space is required. If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 2 above, and follow the instructions set forth there.*





# TABLE A

### NAMED DEFENDANTS AGAINST WHICH A LAWSUIT FOR ASBESTOS-RELATED
### PERSONAL INJURIES OR WRONGFUL DEATH HAS BEEN FILED

**If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 2 above, and follow the instructions set forth there.**

**LAWSUIT ##** _____ -of - _____ *(fill in appropriate lawsuit ## from PART 6)*

**RELATED CASE NUMBER** _____ *(fill in appropriate lawsuit ## from PART 6)*

| | Named Defendant | Claim Status | | |
|---|---|---|---|---|
| 1 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 2 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 3 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 4 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 5 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 6 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 7 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 8 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 9 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 10 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 11 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 12 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 13 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 14 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 15 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 16 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 17 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 18 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 19 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 20 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 21 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 22 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 23 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 24 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 25 | | ☐ Pending | ☐ DWOP | ☐ Settled |

Note: If more space is required, use additional pages



CLAIM QUESTIONNAIRE FOR: <<NAME>>

## TABLE B

#### BANKRUPTCY TRUSTS AGAINST WHICH A CLAIM HAS BEEN FILED
#### FOR ASBESTOS-RELATED PERSONAL INJURIES OR WRONGFUL DEATH

**If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 2 above, and follow the instructions set forth there.**

| | Trust Name | Claim Has Been Filed | | Claim Status *(check both if applicable)* | |
|---|---|---|---|---|---|
| 1 | A&I Corporation Asbestos Bodily Injury Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 2 | A-Best Asbestos Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 3 | AC&S Asbestos Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 4 | Amatex Asbestos Disease Trust Fund | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 5 | APG Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 6 | API, Inc. Asbestos Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 7 | Armstrong World Industries Asbestos Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 8 | ARTRA 524(g) Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 9 | ASARCO LLC Asbestos Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 10 | Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 11 | Bartells Asbestos Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 12 | Brauer 524(g) Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 13 | Burns and Roe Asbestos Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 14 | C. E. Thurston & Sons Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 15 | Celotex Asbestos Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 16 | Combustion Engineering 524(g) Asbestos PI Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 17 | Congoleum Plan Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 18 | DII Industries, LLC Asbestos PI Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 19 | Eagle-Picher Industries Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 20 | Federal Mogul U.S. Asbestos Personal Injury Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 21 | Forty-Eight Insulations Qualified Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 22 | Fuller-Austin Asbestos Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 23 | G-I Asbestos Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 24 | H. K. Porter Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 25 | Hercules Chemical Company, Inc. Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 26 | J.T. Thorpe Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 27 | JT Thorpe Company Successor Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 28 | Kaiser Asbestos Personal Injury Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 29 | Keene Creditors Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 30 | Lummus 524(g) Asbestos PI Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |

CLAIM QUESTIONNAIRE FOR: <<NAME>>

*Table B Continued:*

| | Trust Name | Claim Has Been Filed | | Claim Status *(check both if applicable)* | |
|---|---|---|---|---|---|
| 31 | Lykes Tort Claims Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 32 | M. H. Detrick Company Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 33 | Manville Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 34 | Muralo Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 35 | NGC Bodily Injury Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 36 | Owens Corning Fibreboard Asbestos Personal Injury Trust (OC Sub-Fund) | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 37 | Owens Corning Fibreboard Asbestos Personal Injury Trust (FB Sub-Fund) | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 38 | PLI Disbursement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 39 | Plibrico Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 40 | Porter Hayden Bodily Injury Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 41 | Raytech Corporation Asbestos Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 42 | Rock Wool Mfg Company Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 43 | Rutland Fire Clay Company Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 44 | Shook & Fletcher Asbestos Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 45 | Skinner Engine Co. Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 46 | Stone and Webster Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 47 | Swan Asbestos and Silica Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 48 | T H Agriculture & Nutrition, LLC Industries Asbestos Personal Injury Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 49 | Thorpe Insulation Company Asbestos Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 50 | United States Gypsum Asbestos Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 51 | United States Lines, Inc. and United States Lines (S.A.) Inc. Reorganization Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 52 | United States Mineral Products Company Asbestos Personal Injury Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 53 | UNR Asbestos-Disease Claims Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 54 | Utex Industries, Inc. Successor Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 55 | Wallace & Gale Company Asbestos Settlement Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |
| 56 | Western MacArthur-Western Asbestos Trust | ☐ Yes | ☐ No | ☐ Approved | ☐ Paid |





## TABLE C

**OTHER ENTITIES AGAINST WHOM A CLAIM FOR ASBESTOS-RELATED PERSONAL INJURIES OR WRONGFUL DEATH HAS BEEN ASSERTED OUTSIDE OF JUDICIAL PROCEEDINGS OR TRUST PROCESSES**

**If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 2 above, and follow the instructions set forth there.**

| | Company or Other Party | Claim Status | | |
|---|---|---|---|---|
| 1 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 2 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 3 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 4 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 5 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 6 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 7 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 8 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 9 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 10 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 11 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 12 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 13 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 14 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 15 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 16 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 17 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 18 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 19 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 20 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 21 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 22 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 23 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 24 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| 25 | | ☐ Pending | ☐ DWOP | ☐ Settled |
| Note: If more space is required, use additional pages | | | | |

*17-24*

## PART 7: CLAIM CERTIFICATION

**INSTRUCTIONS:** *This certification must be signed by either the Injured Party/Related Claimant or by the attorney for such party but need not be signed by both.*

⟶    **If Completed By Claimant:**

I swear, under penalty of perjury, that, to the best of my knowledge, all of the information contained in the foregoing responses to this Mesothelioma Claim Questionnaire is true, accurate and complete as of the date hereof.

Signature: _____     Date: ___ ___ / ___ ___ / ___ ___

Print Name: _____

⟶    **If Completed By Attorney:**

I acknowledge that by submitting the foregoing responses to this Mesothelioma Claim Questionnaire on behalf of my client, I am making the certifications contained in Rule 9011(b) of the Federal Rules of Bankruptcy Procedure.

Signature: _____     Date: ___ ___ / ___ ___ / ___ ___

Print Name: _____

## PART 8: TRUST CLAIM FORMS

Attach copies of all Trust claim forms submitted by or on behalf of the claimant or Injured Party to Trusts listed in Table B. Alternatively, the claimant may execute the form attached as Exhibit 1 to authorize a law firm representing Garlock, Anchor, and their co-debtor Garrison Litigation Management Group, Ltd. to obtain from Trusts any claim forms submitted to a Trust by or on behalf of the claimant or Injured Party. This requirement applies only to claim forms submitted to one or more Trusts (or the equivalent information as to trust claims that you filed with trusts electronically). Although you must provide each complete Trust claim form, you are not required to provide attachments to Trust claim forms submitted in support of Trust claims and, if you choose to execute the authorization, you are not required to authorize Trusts to release attachments to Trust claim forms submitted in support of Trust claims.

CLAIM QUESTIONNAIRE FOR: <<NAME>>

**Exhibit 1: Claimants' Optional Authorization for Debtors' Counsel to Obtain Trust Records**

TO WHOM IT MAY CONCERN:

The Claimant named below hereby authorizes each Trust listed in the attachment hereto to provide a copy of any claim form submitted to such Trust by or on behalf of such Claimant (or the equivalent information as to Trust claims filed with Trusts electronically) to the law firm of Robinson, Bradshaw & Hinson, P.A. ("Robinson Bradshaw") in its capacity as counsel to Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and/or The Anchor Packing Company in their jointly administered chapter 11 cases, docketed as Case No. 10-BK-31607 (Bankr. W.D.N.C.) (the "Bankruptcy Cases").

The Claimant has elected to provide this Authorization pursuant to the Order Authorizing the Debtors to Issue Questionnaire to Holders of Pending Mesothelioma Claims and Governing the Confidentiality and Use of Information Provided in Responses, entered in the Bankruptcy Cases on June ___, 2011 [Dkt. No. ___] (the "Questionnaire Order"). The Claimant expressly reserves his or her right to all of the protections of the Questionnaire Order, including without limitation the restrictions set forth therein on the uses and disclosure of Questionnaire Responses (as defined therein). Except for the limited disclosure permitted by this Authorization, the Claimant does not waive, but expressly asserts, his or her rights under any confidentiality provisions applicable under the bankruptcy plan of reorganization, Trust agreement, or Trust distribution procedures under which any given Trust was created or operates.

This Authorization does not permit any Trust to release any information whatsoever, other than a copy of any claim form submitted to any of the listed Trusts by or on behalf of the Claimant (or the equivalent information as to Trust claims filed with Trusts electronically). The Authorization does not extend to attachments to Trust claim forms submitted in support of Trust claims (such as affidavits, deposition transcripts, invoices, or the like). Without limiting the generality of the foregoing two sentences, the Authorization does not permit any Trust to release information concerning the status of any claim, settlement of any claim, or payment of any claim.

This Authorization expires on July 31, 2012.

Name of Claimant: _____

Social Security No.: ____ ____ ____ - ____ ____ - ____ ____ ____ ____

Signature of Claimant or attorney authorized to execute this document for Claimant: _____

Name of signing attorney, if applicable: _____

Date: ____ ____ / ____ ____ / ____ ____

Attachment: List of Asbestos Settlement Trusts

CLAIM QUESTIONNAIRE FOR: <<NAME>>

## Attachment to Exhibit 1: List of Trusts Referenced in Claimants' Optional Authorization for Debtors' Counsel to Obtain Trust Records

| TRUSTS | |
| --- | --- |
| A&I Corporation Asbestos Bodily Injury Trust | Owens Corning Fibreboard Asbestos Personal Injury Trust (OC Sub-Fund) |
| A-Best Asbestos Settlement Trust | Owens Corning Fibreboard Asbestos Personal Injury Trust (FB Sub-Fund) |
| AC&S Asbestos Settlement Trust | PLI Disbursement Trust |
| Amatex Asbestos Disease Trust Fund | Plibrico Asbestos Trust |
| APG Asbestos Trust | Porter Hayden Bodily Injury Trust |
| API, Inc. Asbestos Settlement Trust | Raytech Corporation Asbestos Personal Injury Settlement Trust |
| Armstrong World Industries Asbestos Personal Injury Settlement Trust | Rock Wool Mfg Company Asbestos Trust |
| ARTRA 524(g) Asbestos Trust | Rutland Fire Clay Company Asbestos Trust |
| ASARCO LLC Asbestos Personal Injury Settlement Trust | Shook & Fletcher Asbestos Settlement Trust |
| Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust | Skinner Engine Co. Asbestos Trust |
| Bartells Asbestos Settlement Trust | Stone and Webster Asbestos Trust |
| Brauer 524(g) Asbestos Trust | Swan Asbestos and Silica Settlement Trust |
| Burns and Roe Asbestos Personal Injury Settlement Trust | T H Agriculture & Nutrition, LLC Industries Asbestos Personal Injury Trust |
| C. E. Thurston & Sons Asbestos Trust | Thorpe Insulation Company Asbestos Personal Injury Settlement Trust |
| Celotex Asbestos Settlement Trust | United States Gypsum Asbestos Personal Injury Settlement Trust |
| Combustion Engineering 524(g) Asbestos PI Trust | United States Lines, Inc. and United States Lines (S.A.) Inc. Reorganization Trust |
| Congoleum Plan Trust | United States Mineral Products Company Asbestos Personal Injury Settlement Trust |
| DII Industries, LLC Asbestos PI Trust | UNR Asbestos-Disease Claims Trust |
| Eagle-Picher Industries Personal Injury Settlement Trust | Utex Industries, Inc. Successor Trust |
| Forty-Eight Insulations Qualified Settlement Trust | Wallace & Gale Company Asbestos Settlement Trust |
| Fuller-Austin Asbestos Settlement Trust | Western MacArthur-Western Asbestos Trust |
| G-I Asbestos Settlement Trust | |
| H. K. Porter Asbestos Trust | |
| Hercules Chemical Company, Inc. Asbestos Trust | |
| J.T. Thorpe Settlement Trust | |
| JT Thorpe Company Successor Trust | |
| Kaiser Asbestos Personal Injury Trust | |
| Keene Creditors Trust | |
| Lummus 524(g) Asbestos PI Trust | |
| Lykes Tort Claims Trust | |
| M. H. Detrick Company Asbestos Trust | |
| Manville Personal Injury Settlement Trust | |
| Muralo Trust | |
| NGC Bodily Injury Trust | |

CLAIM QUESTIONNAIRE FOR: <<NAME>>

**Exhibit 2: Objections**



| | PART | QUESTION | BASIS FOR OBJECTION |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |

CLAIM QUESTIONNAIRE FOR: <<NAME>>

**Exhibit 3: Order Authorizing Issuance of Questionnaire and Governing Disclosure and Use of Information Provided in Response to the Questionnaire**

CLAIM QUESTIONNAIRE FOR: <<NAME>>

## COPY OF PART 5A: ALLEGED EXPOSURE TO GARLOCK/ANCHOR PRODUCTS

*Additional Site Number:* _____

| ALLEGED ASBESTOS EXPOSURE TO GARLOCK OR ANCHOR PRODUCTS |
|---|

**1** Type of Exposure:

☐ Occupational    ☐ Non-Occupational    ☐ Bystander    ☐ Secondary: _____
*provide relationship to occupationally exposed person*

**2** Site Name *(i.e. name of plant, refinery, etc.):*

**3** Unions of which Injured Party *(or occupationally exposed person)* was a member during employment:

**4**

| City | State | Country | Employer *(if applicable)* |
|---|---|---|---|
| | | | |

**5** Occupation Code : O- or N- *(if Industry is U.S. Navy; you may respond by attaching service records) (see codes on page 4; if "Other," describe))*

**6** Industry Code : I- *(see codes on pages 3 and 4; if "Other," describe)*

**7** Start Date:    End Date:

____ ____ / ____ ____ / ____ ____    ____ ____ / ____ ____ / ____ ____

**8** List Garlock and Anchor asbestos-containing products to which the Injured Party was allegedly exposed at this site

Please indicate the nature of the Injured Party's *(or occupationally exposed person's)* alleged exposure to asbestos from Garlock or Anchor products at this site *(check all that apply):*

**9**
☐ Personally cut asbestos-containing gaskets

☐ Personally cut asbestos-containing packing

☐ Personally removed asbestos-containing gaskets

☐ Personally removed asbestos-containing packing

☐ Worked at a site where Garlock or Anchor asbestos-containing products were cut or removed by others

☐ Worked in or around areas where Garlock or Anchor asbestos-containing products were cut or removed by others

☐ Other *(please specify):* _____



CLAIM QUESTIONNAIRE FOR: <<NAME>>

## COPY OF PART 5B: ALLEGED EXPOSURE TO PRODUCTS OTHER THAN GARLOCK/ANCHOR PRODUCTS

*Additional Site Number:* _____

| | ALLEGED ASBESTOS EXPOSURE TO PRODUCTS OR AT LOCATIONS NOT INVOLVING GARLOCK OR ANCHOR |
|---|---|
| 1 | Type of Exposure:<br><br>☐ Occupational    ☐ Non-Occupational    ☐ Bystander    ☐ Secondary: _____<br>*provide relationship to occupationally exposed person* |
| 2 | Site Name *(i.e. name of plant, refinery, etc.):* |
| 3 | City                          State        Country        Employer *(if applicable)* |
| 4 | Occupation Code : O– or N– *(if Industry is U.S. Navy; you may respond by attaching service records) (see codes on **page 4**; if "Other," describe))* |
| 5 | Industry Code : I– *(see codes on pages 3 and 4; if "Other," describe)* |
| 6 | Start Date:                                    End Date:<br><br>____ ____ / ____ ____ / ____ ____            ____ ____ / ____ ____ / ____ ____ |
| 7 | Describe the activity that resulted in asbestos exposure:<br><br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____ |

**EXHIBIT B.1 TO ORDER AUTHORIZING THE DEBTORS TO ISSUE QUESTIONNAIRE TO HOLDERS OF MESOTHELIOMA CLAIMS AND GOVERNING THE CONFIDENTIALITY OF INFORMATION PROVIDED IN RESPONSES**

**Re: *In re Garlock Sealing Technologies LLC, et al.*,**
**Case No. 10-BK-31607 (Jointly Administered)**
**United States Bankruptcy Court**
**for the Western District of North Carolina**

*__Instructions:__ This Acknowledgment must be executed by an authorized representative of any corporation, partnership, company, or firm required to execute an Acknowledgment pursuant to paragraph 5.j. of the above-referenced Order.*

**A C K N O W L E D G E M E N T**

On behalf of my employer, _____ [*write in name of employer*] ("**Employer**"), I and other employees, agents, and representatives of Employer may be given access to Questionnaire Responses.  Each and every Questionnaire Response constitutes confidential and protected information in connection with the above-referenced Order Authorizing the Debtors to Issue Questionnaire to Holders of Mesothelioma Claims and Governing the Confidentiality of Information Provided in Responses (the "**Questionnaire Order**"), entered by the United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") in the above-referenced jointly-administered Chapter 11 cases.  Capitalized terms used in this Acknowledgment but not otherwise defined herein shall have the meanings ascribed to them in the Questionnaire Order.

I have read the Questionnaire Order on behalf of Employer  as part of performing its duties to _____ [*write in name of the Estimation Party or other client for whom Employer is rendering services in connection with the Estimation Proceeding*].  I understand the conditions and obligations of confidentiality, and use restrictions, that the Questionnaire Order makes applicable to Questionnaire Responses.  By my signature below, Employer, for itself and all of its employees, agents, and representatives who receive access to Questionnaire Responses, hereby accepts and agrees to be bound by, and to abide by, those conditions, obligations, and restrictions.  On Employer's behalf, I represent that Employer has made, or will make the Questionnaire Order and this Acknowledgment known in advance to all of Employer's employees, agents, and representatives who are to receive access Questionnaire Responses, so that they will be on notice of Employer's duties in connection therewith and their own responsibilities to ensure compliance with the Questionnaire Order.

Employer, its employees, agents, and representatives will not disclose any Questionnaire Responses to any person not authorized by the Questionnaire Order, or further order of the Bankruptcy Court, to receive such information.  They will not use Questionnaire Responses for

any purpose other than the Estimation Proceeding, except as may be specifically authorized by further order of the Bankruptcy Court pursuant to paragraph 18 of the Questionnaire Order.

Pursuant to paragraph 16 of the Questionnaire Order, Employer will destroy or cause to be destroyed all Questionnaire Responses within one year of the date of substantial consumption of a confirmed Chapter 11 plan of reorganization for the Debtors (the "**Plan**"), and will promptly certify such destruction in writing to counsel of record for the Debtors, the Committee, and the FCR, unless relieved of that obligation by a specific provision of the Plan authorizing Employer to turnover Questionnaire Responses to an asbestos settlement trust created pursuant to the Plan.

Employer and I (in my individual capacity and my capacity as a representative of Employer) consent to the exclusive jurisdiction and venue of the Bankruptcy Court for any action to interpret, apply, and enforce the terms of the Questionnaire Order and this Acknowledgment and for no other purposes.

I represent that I am duly authorized to execute this Acknowledgment on behalf of Employer.

By:      _____
Print Name:  _____
Title:     _____
Employer:   _____
Address:    _____
           _____
Dated:     _____
Relationship to Employer:  _____

**EXHIBIT B.2 TO ORDER AUTHORIZING THE DEBTORS TO ISSUE
QUESTIONNAIRE TO HOLDERS OF MESOTHELIOMA CLAIMS AND GOVERNING
THE CONFIDENTIALITY OF INFORMATION PROVIDED IN RESPONSES**

Re:  *In re Garlock Sealing Technologies LLC, et al.,*
Case No. 10-BK-31607 (Jointly Administered)
United States Bankruptcy Court
for the Western District of North Carolina

*__Instructions__:  This Acknowledgment must be executed by any individual required to execute
an Acknowledgment in his or her individual capacity pursuant to the paragraph 5.j. of the
above-referenced Order (for example, a self-employed expert or a witness).*

**A C K N O W L E D G E M E N T**

I may be given access to certain confidential and protected information in connection
with the above-referenced Order Authorizing the Debtors to Issue Questionnaire to Holders of
Mesothelioma Claims and Governing the Confidentiality of Information Provided in Responses
(the "**Questionnaire Order**"), entered by the United States Bankruptcy Court for the Western
District of North Carolina (the "**Bankruptcy Court**") in the above-referenced jointly-
administered Chapter 11 cases.

I have read the Questionnaire Order.  Capitalized terms used in this Acknowledgment but
not otherwise defined herein shall have the meanings ascribed to them in the Questionnaire
Order.  I understand the conditions and obligations of confidentiality, and use restrictions, that
the Questionnaire Order makes applicable to Questionnaire Responses and hereby accept and
agree to be bound by, and to abide by, those conditions, obligations, and restrictions.

I will not disclose any Questionnaire Responses to any person not authorized by the
Questionnaire Order, or further order of the Bankruptcy Court, to receive such information.  I
will not use Questionnaire Responses for any purpose other than the Estimation Proceeding,
except as may be specifically authorized by further order of the Bankruptcy Court pursuant to
paragraph 18 of the Questionnaire Order.

Pursuant to paragraph 16 of the Questionnaire Order, I will destroy all Questionnaire
Responses within one year of the date of substantial consummation of a confirmed Chapter 11
plan of reorganization for the Debtors (the "**Plan**"), and will promptly certify such destruction in
writing to counsel of record for the Debtors, the Committee, and the FCR, unless relieved of that
obligation by a specific provision of the Plan authorizing me to turn over Questionnaire
Responses    to    an    asbestos    settlement    trust    created    pursuant    to    the    Plan.

I consent to the jurisdiction of the Bankruptcy Court for any action to enforce the terms of the Questionnaire Order and this Acknowledgment and for no other purposes.

By: _____

Print Name: _____

Title: _____

Address: _____

_____

Dated: _____

[ii]