FILED & JUDGMENT ENTERED
Steven T. Salata

Sep 07 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

/s/ George R. Hodges
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Charlotte Division

IN RE:

GARLOCK SEALING TECHNOLOGIES LLC, et al.,

Debtors.[1]

Case No. 10-31607

Chapter 11

Jointly Administered

## ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM FOR NON-ASBESTOS CLAIMS (II) APPROVING BAR DATE NOTICES AND MAILING PROCEDURES AND (III) PROVIDING CERTAIN SUPPLEMENTAL RELIEF

Upon the motion (the "Motion")[2] of Garlock Sealing Technologies LLC ("Garlock"), Garrison Litigation Management Group, Ltd. ("Garrison") and The Anchor Packing Company ("Anchor"), debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), (Docket No. 528) for the entry of an Order, pursuant to section 501 the Bankruptcy Code, Bankruptcy Rules 2002, 3003(c)(3), 9007 and 9008 and Local Rule 3003-1, (i) establishing the General Bar Date by which all creditors who assert Prepetition Non-Asbestos Claims must file

---

[1] The Debtors include Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd. and The Anchor Packing Company.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

{00203607 v 1}

proofs of claim[3] in these chapter 11 cases; (ii) establishing the later of the General Bar Date and thirty (30) days after the effective date of rejection of an executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court as the Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of such contract or lease must be filed; (iii) establishing the Amended Schedule Bar Date by which creditors holding claims which have been amended by the Debtors in their Schedules as the later of the General Bar Date and twenty-three (23) days after the date that notice of the amendment is served on the affected claimant; (iv) approving a tailored proof of claim form to be distributed to potential holders of Prepetition Non-Asbestos Claims; (v) approving the Bar Date Notice to be used to inform potential creditors of the Bar Dates; (vi) approving mailing procedures with respect to notice of the Bar Dates; and (vii) providing certain supplemental relief; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their estates and that the establishment of the Bar Dates and the procedures set forth in the Motion are fair and reasonable and will provide good, sufficient and proper notice to all creditors (other than holders of Asbestos Claims) of their rights and obligations in connection with claims they may have against the Debtors or their property in these chapter 11 cases; and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of this Motion having been due and sufficient under the circumstances; and upon the record in these chapter 11 cases; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

---

[3] The Bar Dates approved herein shall not extend to requests for payment of fees and expenses of professionals retained or sought to be retained by order of the Court in these cases.

{00203607 v 1} -2-

1. The Motion is GRANTED subject to the terms set forth herein.

2. <u>Bar Dates</u>. The Bar Dates set forth in the Motion are hereby APPROVED.

3. <u>The General Bar Date</u>. The General Bar Date by which proofs of claim against the Debtors must be filed is that date which is ninety (90) days after the date the Debtor serves the Bar Date Notice and Proof of Claim Form on the Bar Date Notice Parties, as defined herein (the "Service Date").

4. Any Entity that asserts a Prepetition Non-Asbestos Claim against any of the Debtors is required to file an original, written proof of such Prepetition Non-Asbestos Claim, substantially in the form attached to the Motion or the Official Form No. 10 (the "Proof of Claim Form"), so as to be received on or before the General Bar Date. A proof of claim shall be timely filed only if the original Proof of Claim form is actually received by or, as appropriate, electronically filed with the Claims Processing Agent on or before the General Bar Date.

5. The following Entities do not need to file proofs of claim:

   (a) any Entity that has already properly filed with the Court a proof of claim against one or more of the Debtors against whom that Entity asserts a Prepetition Non-Asbestos Claim;

   (b) any Entity (i) whose Prepetition Non-Asbestos Claim is listed in the Schedules and not designated therein as "disputed," "contingent," or "unliquidated" and (ii) that agrees with the nature, classification, and amount of such Prepetition Non-Asbestos Claim set forth in the Schedules;

   (c) any Entity whose Prepetition Non-Asbestos Claim previously has been allowed by, or paid pursuant to, an order of this Court; and

   (d) any of the Debtors that hold Prepetition Non-Asbestos Claims against one or more of the other Debtors.

6. As of the entry of this Order, this Court has not approved the establishment of any bar date for Asbestos Claims. Nothing in this Order shall apply to, affect, or impair any Asbestos Claims.

{00203607 v 1}                            -3-

7. Any Entity whose Prepetition Non-Asbestos Claim is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases and any Entity that believes its Prepetition Non-Asbestos Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its Prepetition Non-Asbestos Claim allowed in a classification or amount other than that set forth in the Schedules, must file a proof of claim on or before the General Bar Date.

8. <u>The Rejection Bar Date</u>. The Rejection Bar Date by which a proof of claim relating to the Debtors' rejection of any executory contract or unexpired lease must be filed is the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court.

9. Entities wishing to assert a Rejection Damages Claim are required to file (electronically or by mail, as applicable) an original proof of such Rejection Damages Claim using the Proof of Claim Form so as to be received on or before the Rejection Bar Date.

10. A proof of claim with respect to a Rejection Damages Claim shall be timely filed only if the original Proof of Claim Form is actually received (or, as applicable, electronically filed) on or before the Rejection Bar Date.

11. <u>The Amended Schedule Bar Date</u>. The Amended Schedule Bar Date for creditors holding Prepetition Non-Asbestos Claims which have been amended by the Debtors in their Schedules or added to the Schedules is the later of (a) the General Bar Date and (b) twenty-three (23) days after the date that notice of the amendment is served on the affected claimant.

12. Entities wishing to file proofs of claim with respect to Prepetition Non-Asbestos Claims which have been amended by the Debtors in their Schedules or added thereto are

required to file (by mail or electronically, as applicable) an original proof of such claim using the Proof of Claim Form so as to be received on or before the Amended Schedule Bar Date. Notwithstanding the foregoing, in the event the Debtor amends its Schedules with respect to any Non-Asbestos Claim the Debtors state has been satisfied, such paid creditor shall not be entitled to file a proof of claim with respect to the satisfied claim.

13. <u>Writings</u>. Upon the advance express written consent of the Debtors, a proof of claim may be filed without the writings upon which the Prepetition Non-Asbestos Claim is based, as required by Bankruptcy Rules 3001(c) and (d) and this Order; provided, however, that, upon request of the Debtors or any other party in interest in these cases, any creditor that receives such written consent shall be required to transmit promptly such writings to the Debtors and the party in interest making such request as soon as reasonably practicable, but in no event later than ten (10) business days from the date of such request.

14. <u>Filing Proofs of Claim against Multiple Debtors</u>. All Entities asserting Non-Asbestos Claims against more than one Debtor are required to: (a) file a separate proof of claim with respect to each such Debtor and (b) identify on each proof of claim the particular Debtor against which its claim is asserted.

15. <u>Effect of Failure to File by Applicable Bar Date</u>. **ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM FOR A PREPETITION NON-ASBESTOS CLAIM IN THESE CHAPTER 11 CASES PURSUANT TO THE BANKRUPTCY CODE, THE BANKRUPTCY RULES OR THIS ORDER WITH RESPECT TO A PARTICULAR NON-ASBESTOS CLAIM AGAINST A DEBTOR, BUT THAT FAILS TO DO SO IN A TIMELY MANNER, IS FOREVER BARRED, ESTOPPED, AND ENJOINED FROM: ASSERTING ANY PREPETITION NON-ASBESTOS CLAIM AGAINST ANY OF THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO), AND**

**THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH PREPETITION NON-ASBESTOS CLAIM. ADDITIONALLY, ANY HOLDER OF ANY PREPETITION NON-ASBESTOS CLAIM OR WHO IS REQUIRED, BUT FAILS, TO FILE A PROOF OF SUCH PREPETITION NON-ASBESTOS CLAIM IN ACCORDANCE WITH THIS ORDER ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE PERMITTED TO VOTE TO ACCEPT OR REJECT ANY PLAN OR PLANS OF REORGANIZATION OR PARTICIPATE IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION NON-ASBESTOS CLAIM OR TO RECEIVE FURTHER NOTICES REGARDING SUCH PREPETITION NON-ASBESTOS CLAIM.**

16. _Mailing of Bar Date Notice Packages._ Within three (3) business days after entry of this Order, the Debtors shall provide actual notice of the Bar Dates by mailing the Bar Date Notice and the Proof of Claim Form (collectively, the "Bar Date Notice Package") to: (a) the U.S. Bankruptcy Administrator; (b) counsel for the Asbestos Committee and counsel for the Unsecured Creditors' Committee; (c) all holders of Prepetition Non-Asbestos Claims listed on the Schedules at the addresses stated therein; (d) all counterparties to executory contracts and unexpired leases; (e) all record or otherwise readily known stockholders or members of a Debtor; (f) all current employees of the Debtors; (g) the District Director of Internal Revenue for the Western District of North Carolina and all taxing authorities for locations in which the Debtors do business; (h) the Securities and Exchange Commission; and (i) all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of this Order (collectively, the "Bar Date Notice Parties").

17. The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice to certain Entities that are not Bar Date Notice Parties with which, prior to the Petition Date, the Debtors had done business with or any former employees or that may have asserted a Non-Asbestos Claim against the Debtors in the recent past.

18. Supplemental Mailings of Bar Date Notice Packages. In the event that: (a) Bar Date Notice Packages are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain parties acting on behalf of parties in interest decline to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential holders of Non-Asbestos Claims become known to the Debtors (collectively, the "Special Bar Date Parties"), the Debtors may, in their discretion, but shall not be required to, make supplemental mailings of the Bar Date Notice Package up to twenty-three (23) days in advance of the applicable Bar Dates, with any such supplemental mailings being deemed timely.

19. Establishment of Special Bar Dates. The Debtors are authorized to establish special bar dates with respect to the Special Bar Date Parties as to which a mailing or remailing of the Bar Date Notice Package is necessary and cannot be accomplished prior to twenty-three (23) days in advance of an applicable Bar Date. With respect to the Special Bar Date Parties, the Debtors are authorized to establish special bar dates at least twenty-three (23) days after the date on which the Debtors mail the notice of each such special bar date. Such notice will substantially take the form of the Bar Date Notice (with necessary modifications to reflect the special bar date provisions). The Debtors shall advise the Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Special Bar Date Parties that are subject thereto and a copy of the bar date notice applicable to the special bar date. In addition to being filed with the Court, the Debtors shall serve such notice upon the

Bankruptcy Administrator, counsel for the Committees and all Entities requesting notice pursuant to Bankruptcy Rule 2002. The Debtors shall file a certificate of service to evidence the mailing of each special bar date notice to the parties subject thereto.

20. Each of the special bar dates will apply only to the Special Bar Date Parties who are specifically identified as being subject thereto in the lists to be filed with the Court. However, as to any of such specifically identified parties who may be found to have received effective notice of the Bar Dates, the Debtors do not waive the right to assert that the Bar Dates, rather than the special bar date, governs. The Bar Dates will remain effective and fully enforceable both with respect to known parties who have received actual notice thereof pursuant to the Bar Date Notice.

21. <u>Actual Notice of Amended Schedule Bar Date</u>. If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Non-Asbestos Claim or add a Non-Asbestos Claim to the Schedules, the Debtors shall provide notice to the affected claimant of any such amended or added Non-Asbestos Claim, which shall include information regarding the Amended Schedule Bar Date and how to file a proof of claim or amend an existing proof of claim.

22. The forms of the Bar Date Notice and the Proof of Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved. The form and manner of notice of the Bar Dates approved hereby are deemed to fulfill the notice requirements of the Federal Rules of Bankruptcy Procedure and Local Rules 2002-1(e) and 3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina.

23. <u>Reservation of Rights</u>. The Debtors shall retain and hereby reserve the right to: (a) dispute, or assert offsets or defenses, against any Prepetition Non-Asbestos Claim; (b)

subsequently designate any Prepetition Non-Asbestos Claim as disputed, contingent or unliquidated; (c) add a claim to the Schedules; (d) object to any Prepetition Non-Asbestos Claim, whether scheduled or filed, on any grounds; and (e) file any amended or supplemental pleadings to support the relief granted herein.

24. Notwithstanding anything to the contrary in the Motion or in this Order, the terms of this Order shall neither affect nor impair any claims or rights of present or former employees who are currently receiving, currently have the right to receive, or may in the future have a right to elect to receive, benefits under a state-mandated workers' compensation system ("Workers' Compensation Claims"); and the holders of Workers' Compensation Claims shall neither be subject to the Bar Dates, nor required to file proofs of claim with respect to any Workers' Compensation Claim at this time. The Debtors reserve all rights with respect to the Workers' Compensation Claims including, without limitation, the right to seek a special bar date for Workers' Compensation Claims later in these cases.

25. The Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including payment of costs incurred in connection with the process of noticing the Bar Dates.

26. This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court