# EXHIBIT E

| | |
|---|---|
| **From:** | Juris, Stephen M. <SJuris@maglaw.com> |
| **Sent:** | Tuesday, June 26, 2012 12:25 PM |
| **To:** | Cassada, Garland |
| **Cc:** | Worf, Richard C. Jr; 'eharron@ycst.com'; 'meskin@camlev.com'; 'bconaway@camlev.com'; Austin, David; Juris, Stephen M. |
| **Subject:** | Garlock |

Garland,

Pursuant to our call yesterday, and per your request, I wanted to outline the key features of our proposal for proceeding with respect to the Garlock Debtors' latest subpoena duces tecum, dated May 30, 2012. As discussed, our hope is that we can reach a mutually-acceptable arrangement that will allow us all to avoid the cost and delay associated with a protracted fight over the terms of your existing subpoena, which will impose a significant burden on the Trusts and DCPF. Here is what we propose in order to alleviate the objections of the Trusts and DCPF, and to allow us to move forward quickly and efficiently:

1. Any information produced pursuant to this subpoena must be covered by the existing confidentiality order already in place in the North Carolina bankruptcy court, with protections consistent with those applicable to materials being produced in response to the prior Garlock PIQ authorization subpoena and other prior/ongoing productions by trusts.

2. Garlock must reimburse the DCPF and Trusts for their costs and expenses incurred in responding to the subpoena. We will undertake to get you a general estimate in advance of production.

3. The Trusts will produce the information in an "anonymized" format that will enable Garlock to use the trust information for the specific purpose that was represented to Judge Hodges (i.e., determining whether or not claimants who settled their claims with Garlock pre-petition had filed claims against, or received payment from, any of the Trusts at the time of their settlement with Garlock).

In order to facilitate that process and enable the Trusts and DCPF to identify the claimants, Garlock will provide the DCPF with the following information: (A) Claimant's Full Name; (B) Claimant's Full SSN; and (C) Claimant's Date of Settlement with Garlock.

In return, Garlock will receive back from each Trust all of the data sought by the subpoena for each claimant whose data matches that provided by Garlock, linked to the Claimant's Date of Settlement (as opposed to name or SSN) as provided by Garlock, specifically:

i. The date any Garlock Settled Claimant filed a claim against a Trust.

ii. The date any claim filed by a Garlock Settled Claimant against a Trust was approved by the Trust (if approved).

iii. The date any claim filed by a Garlock Settled Claimant against a Trust was paid by the Trust (if paid).

iv. If a claim filed by a Garlock Settled Claimant against a Trust has not been approved or paid, the current status of the claim.

4. Consistent with their TDPs, each Trust also will send notice to the claimants whose data will be produced, advising them of the subpoena.

We think this production format provides for the most expeditious, and least costly, process. It provides reasonable protection for the Trusts and claimants while still giving Garlock all the information it says it needs to complete its analysis. The intent here is to balance Garlock's discovery needs against the Trusts' procedural and confidentiality concerns.

As we indicated during our call, we are in a position to move forward quickly with this process if this arrangement is acceptable to you and your client. I am out of the country until next week, but I will have periodic access to email in the interim. Please let us know at your convenience whether this is acceptable or whether you have any specific concerns with our proposal.


Best, Stephen

--Sent by Blackberry--

NOTICE: This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from their computer.