IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |

**DEBTORS' MOTION TO EXCLUDE OR STRIKE
COMMITTEE INDUSTRIAL HYGIENE EXPERT WITNESS OPINIONS**

Debtors move to exclude the testimony of Dr. Longo and Mr. Templin ("Committee industrial hygiene experts") because their opinions as expressed in their reports and depositions fail to pass muster under Federal Rule of Evidence 702, *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and case law following *Daubert*. The grounds for this motion are the following:

1.      The Committee did not provide these witnesses with information about the claimants' exposure gathered through the questionnaire process and discovery in this case. Thus, the Committee's industrial hygiene experts do not have a basis for relating the extreme industrial hygiene data that they present to the claimants' work experience.

2.      The Committee industrial hygiene experts' reports are riddled with inaccurate and misleading statements, misstatements and misapplications of scientific methodology, and subjective and insupportable opinions that lack the indicia of scientific rigor demanded by *Daubert* and its progeny.

---

[1] The debtors in these jointly administered cases are Garlock Sealing Technologies LLC ("Garlock"); Garrison Litigation Management Group, Ltd. ("Garrison"); and The Anchor Packing Company (hereinafter, collectively, "Debtors"). The Official Committee of Asbestos Personal Injury Creditors is referred to as the "Committee."

1

3. The Committee industrial hygiene experts display bias and lack of candor that goes far beyond merely impacting the weight to be given their opinions. *Daubert* requires exclusion of experts who have made up their mind and are merely marshaling evidence to support their views, rather than conducting an objective scientific evaluation and disclosing evidence both favorable to and adverse to the opinions they have reached.

4. For all of these reasons these experts should be excluded as witnesses.

5. Alternatively, the following opinions, if proffered, should be excluded:

- Testimony about the results of any MAS gasket and packing experiments.

- Opinions that asbestos gaskets or packing produce dangerous levels of asbestos under ordinary conditions of use.

- Opinions about the levels of asbestos exposure experienced by any claimant who has submitted PIQ information—data that these witnesses have not reviewed and cannot, therefore, opine about.

- Opinions about the levels of asbestos exposure of any persons who currently have or in the future may assert claims against Debtors.

- Opinions that retrospective exposure estimates performed in this case are not reliable.

- Opinions on medical issues of general or specific causation.

- Opinions on epidemiology, an area in which these witnesses are not qualified.

- Opinions on the alleged amphibole content of Garlock gaskets.

6. Debtors request that the Court make a Rule 104 determination on the admissibility of the opinions of these experts. Because the estimation trial is a bench trial, Debtors suggest that the Court carry the motion through the trial in this case.

2

7. In support of this motion, Debtors submit the following appendices of exhibits:

- Appendix A (expert reports of Committee industrial hygiene-related witnesses)

    1. Roger R. Beckett – Declaration of Roger R. Beckett (4/8/2013)

    2. William E. Longo, PhD – Expert Report (2/5/2013)

    3. William E. Longo, PhD – Rebuttal Report (4/10/2013)

    4. James H. Shoemaker – Rebuttal Report (4/10/2013)

    5. Philip John Templin, CIH – Expert Report (2/4/2013)

    6. Philip John Templin, CIH – Rebuttal (4/8/2013)

- Appendix B (expert reports of Debtors' industrial hygiene-related witnesses)

    1. Charles L. Blake, CIH – Rebuttal Report (4/12/2013)

    2. Frederick W. Boelter, CIH, PE, BCEE – Expert Report (February 2013)

    3. Frederick W. Boelter, CIH, PE, BCEE – Rebuttal Report to Longo Report (4/12/2013)

    4. Frederick W. Boelter, CIH, PE, BCEE – Rebuttal Report to Templin Report (4/12/2013)

    5. John L. Henshaw, MPH, CIH – Expert Report (2/8/2013)

    6. John L. Henshaw, MPH, CIH – Rebuttal Report (4/12/2013)

    7. Lambertus Hesselink, PhD – Expert Report (2/8/2013)

    8. Larry L. Liukonen, CIH, CSP – Rebuttal Report (4/5/2013)

    9. John W. Spencer, CIH, CSP – Summary Review of Longo Report (4/12/2013)

    10. Kenneth R. Still, PhD, CIH, Captain, MSC, USN (Ret) – Expert Report (2/8/2013)

    11. Kenneth R. Still, PhD, CIH, Captain, MSC, USN (Ret) – Rebuttal Report (4/12/2013)

    12. Drew R. Van Orden, PE – Critique of Longo Report (4/12/2013)

3

13. Charles D. Wasson, Captain, US Navy (Ret) – Expert Report (2/7/2013)

14. Charles D. Wasson, Captain, US Navy (Ret) – Rebuttal Report (4/12/2013)

- Appendix C (additional materials referenced specifically in the Debtors' Brief in support of this motion)

- Appendix D (a thumb drive containing electronic copies of all materials referenced by the experts in this case)

3190774v1 17067.00011

This 3rd day of July, 2013.

          Respectfully submitted,

*/s/ Raymond P. Harris, Jr.*
Cary Schachter
Raymond P. Harris, Jr.

SCHACHTER HARRIS, LLP
400 E. Las Colinas Blvd., Suite 220
Irving, Texas 75039
Telephone: (214) 999-5700
Facsimile: (214) 999-5747

cschachter@schachterharris.com
rharris@schachterharris.com

*Special Litigation Counsel to the Debtors Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company*

Garland S. Cassada
N.C. Bar No. 12352
Jonathan C. Krisko
N.C. Bar No. 28625
Richard C. Worf, Jr.
N.C. Bar No. 37143

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

gcassada@rbh.com
jkrisko@rbh.com
rworf@rbh.com

*Special Corporate and Litigation Counsel to the Debtors Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company*