**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| GARLOCK SEALING TECHNOLOGIES | ) | Case No. 10-31607 |
| LLC, et al. | ) | |
| | ) | |
| Garlock.1 | ) | Jointly Administered |
| | ) | |

**JOINT STATEMENT OF THE PARTIES REGARDING
EXHIBIT LISTS AND DEPOSITION DESIGNATIONS
FOR THE ESTIMATION OF PRESENT AND FUTURE
<u>MESOTHELIOMA  CLAIMS</u>**

The parties the estimation proceeding, by and through their respective undersigned

counsel, submit this Joint Statement to the Bankruptcy Court (the "Court") with respect to the

papers to be submitted in the post-hearing briefing of the estimation.

1.      In connection with the evidentiary hearing held between July 22 and August 22, 2013
(the "Estimation Hearing"), the parties have agreed to certain procedural matters to facilitate the
efficient conduct of that hearing, the post-trial briefing, and the Court's ultimate decision in this
estimation proceeding.  The parties now set forth this Joint Statement to memorialize those
procedural agreements. No agreements exist except as expressly set forth herein. Except as any
express agreement is accepted by the Court, the parties acknowledge that the usual rules and
procedures governing trial practice in this forum apply.

2.      The parties agree that the evidentiary record shall include, in addition to such testimony
and exhibits as the Court admitted into evidence during the Evidentiary Hearing, (a) additional
exhibits (the "Additional Exhibits") that are identified by the parties in the exhibit lists submitted
on or about November 1, 2013 (the "Final Exhibit Lists"), and not excluded hereafter pursuant to
objections sustained by the Court and (b) the deposition testimony described in paragraphs 5 and
6 below.

3.      The Final Exhibit Lists set forth each party's description of the exhibits it introduced
during the Estimation Hearing.  As to such exhibits, all objections raised during the evidentiary
hearing in accordance with Fed. R. Evid. 103 are preserved for appeal.

---

1      Debtors in these jointly administered cases are Garlock Sealing Technologies LLC, Garrison Litigation
Management Group, Ltd., and The Anchor Packing Company.

1

4.      In the meet-and-confer process, the parties have discussed potential objections to certain of the Additional Exhibits.  The parties recognize, however, that because the admissibility of a particular document may depend on the purpose for which it is offered, it is not practicable to limit at this time the purposes for which particular Additional Exhibits may be referenced in post-trial briefs or argument.  As to Additional Exhibits, therefore, the parties agree that any objections may be argued in the post-trial briefs.  The parties also agree that any standing objections raised before or during the Hearing, and any rulings heretofore made on such standing objections, shall extend to Additional Exhibits to which they pertain, without reargument of existing rulings or prejudice to responses to those objections not yet ruled upon.

5.      Subject to the limitations of Fed. R. Civ. P. 32 (a) and (b), the parties agree the evidence presented during the Estimation Hearing may be supplemented by deposition testimony that is identified in the Final Exhibit Lists and was duly designated or cross-designated in advance of that hearing under the procedure and deadline provided for in the Amended Case Management Order for Estimation of Mesothelioma Claims entered on October 30, 2012 [Dkt. No. 2586] (the "CMO") or included in the exhibit lists that were timely submitted under the CMO.  The admissibility of designated and cross-designated deposition testimony offered in accordance with this paragraph is subject to objections to form expressly noted in the transcripts and all other objections that could have been presented to the Court pursuant to Fed. R. Civ. P. 32(b) if the deposition had been read aloud in the Estimation Hearing; such objections may be asserted and responded to in the post-trial briefs.

6.      The parties agree that deposition testimony that is not described in paragraph 5 but was used at the Estimation Hearing only for impeachment during the cross-examination of a witness ("Impeachment Testimony") shall be made part of the record only to the extent that such deposition testimony was actually read into the record or played by video during the Estimation Hearing.  Where such Impeachment Testimony is transcribed in the record of the Estimation Hearing, it need not be noted in the Final Exhibit Lists or submitted separately to the Court.  If such Impeachment Testimony is not transcribed in the record of the Estimation Hearing, an excerpt of the transcript of the deposition, together with page and line references for the Impeachment Testimony (which may be supplemented only by the designation from the same transcript of testimony sufficient to identify the deponent, his place of employment, and his job) shall be set out in the Final Exhibit Lists or submitted separately to the Court.  Nothing in this paragraph concerning Impeachment Testimony restricts or expands a party's use of duly-designated or cross-designated deposition testimony as substantive evidence in accordance with paragraph 5 of this Joint Statement.

7.      The parties agree that expert reports are ordinarily not admissible as substantive evidence over a hearsay objection.  Rule 104(a) of the Federal Rules of Evidence provides, however, that, in deciding "any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible . . . . the court is not bound by evidence rules, except those on privilege."  Accordingly, any reports rendered in this proceeding by experts offered by the parties are for the limited purpose of Rule 104.

8.      During the Estimation Hearing, the parties used and offered certain demonstrative exhibits, including PowerPoint slides outlining subjects of testimony as aids to the examination and cross-examination of witnesses.  The parties agree that demonstrative exhibits may be referred to in the post-trial briefs as aids to argument.

9.      The parties agree that demonstrative exhibits and reports and other materials received by the Court for the limited purposes of Fed. R. Evid. 104(a) do not constitute substantive evidence. Accordingly, each party has undertaken in its Final Exhibit List to designate its demonstrative exhibits and Rule 104 materials as such.

10.     The parties agree that the video demonstrations offered through the witnesses Longo, Boelter, Hesselink, and Spencer may be admitted as substantive evidence.

11.     A party may have offered certain exhibits and other evidence in order to rebut or otherwise respond to evidence offered by another party to which the first party objected. No waiver or abandonment of any objection shall be implied or otherwise deemed to have occurred from offering such exhibits or other evidence.

12.  Various documents included in the parties' respective exhibits have been designated as confidential pursuant to the provisions of one or more applicable orders and stipulations and will be submitted to the Court under seal.   The parties agree that in case of an inadvertent failure to seal any document properly designated as confidential and not rendered public upon notice and order of the Court, they shall cooperate in using their best efforts to cure such failure and to ensure the confidential treatment of such document.

Dated:  November 1, 2013                              Respectfully submitted,

**ROBINSON BRADSHAW & HINSON**          **RAYBURN COOPER & DURHAM**

/s/ Garland S. Cassada                              /s/ C. Richard Rayburn, Jr.
Garland S. Cassada                                 C. Richard Rayburn, Jr.
N.C. Bar No. 12352                                 N.C. Bar No. 6357
Jonathan C. Krisko                                 John R. Miller, Jr.
N.C. Bar No. 28625                                 N.C. Bar No. 28689
Richard C. Worf, Jr.                               Shelley Koon Abel
N.C. Bar No. 37143                                 N.C. Bar No. 34370

101 North Tryon Street, Suite 1900                 1200 Carillion, 227 West Trade Street
Charlotte, North Carolina 28246                    Charlotte, NC  28202
Telephone: (704) 377-2536                          Telephone:  (704) 334-0891
Facsimile: (704) 378-4000                          Facsimile:  (704) 334-0395

gcassada@rbh.com                                   rrayburn@rcdlaw.net
jkrisko@rbh.com                                    jmiller@rcdlaw.net
rworf@rbh.com                                      sabel@rcdlaw.net

*Special Corporate and Litigation Counsel*          *Counsel for the Debtors*
*to the Debtors Garlock Sealing Technologies*
*LLC, Garrison Litigation Management Group,*
*Ltd., and The Anchor Packing Company*

3

**SCHACHTER HARRIS**

/s/ Cary Schachter

Cary Schachter
Raymond P. Harris, Jr.

SCHACHTER HARRIS, LLP
600 North Pearl, Suite 2300
Dallas, TX 75201
Telephone: (214) 999-5700
Facsimile: (214) 999-5747

cschachter@schachterharris.com
rharris@schachterharris.com

*Special Litigation Counsel to the Debtors Garlock*
*Sealing Technologies LLC, Garrison Litigation Management*
*Group, Ltd., and The Anchor Packing Company*

**MOORE & VAN ALLEN PLLC**

/s/ *Daniel G. Clodfelter*
Daniel. G. Clodfelter
Hillary B. Crabtree
Mark A. Nebrig
E. Taylor Stukes

*Counsel for Coltec Industries Inc.*

| **ORRICK, HERRINGTON & SUTCLIFFE LLP** | **GRIER FURR & CRISP, PA** |
|---|---|
| /s/ *Jonathan P. Guy* | /s/ *A. Cotten Wright* |
| Jonathan P. Guy | A. Cotten Wright (State Bar No. 28162) |
| 1152 15th Street, NW | 101 North Tryon Street, Suite 1240 |
| Washington, DC 20005 | Charlotte, NC 28246 |
| Telephone:  (202) 339-8400 | Telephone:  (704) 375-3720 |
| *Co-Counsel for Joseph Grier, III, Future Claimants' Representative* | *Co-Counsel for Joseph Grier, III, Future Claimants' Representative* |

| **CAPLIN & DRYSDALE, CHARTERED** | **MOTLEY RICE LLC** |
|---|---|
| /s/ *Trevor W. Swett III* | /s/ *Nathan D. Finch* |
| Trevor W. Swett III | Nathan D. Finch |
| Leslie M. Kelleher | 1000 Potomac Street, N.W. |

4

James P. Wehner
One Thomas Circle, N.W.
Washington, D.C.  20005
Telephone:  (202) 862-5000

*/s/ Elihu Inselbuch*
Elihu Inselbuch
600 Lexington Avenue, 21st Floor
New York, NY  10022
Telephone:  (212) 379-0005

**MOON WRIGHT & HOUSTON, PLLC**

*Travis W. Moon*
Travis W. Moon
227 West Trade Street
Suite 1800
Charlotte, NC  28202
Telephone:  (704) 944-6560

*Co-Counsel for the Official Committee of
Asbestos Personal Injury Claimants*

Suite 150
Washington, DC  20007
Telephone: (202) 232-5504

**WATERS KRAUS & PAUL**

*Jonathan A. George*
Jonathan A. George
Scott L. Frost
222 N. Sepulveda Blvd.
Suite 1900
El Segundo, CA  90245
Telephone:  (310) 414-8146

*Special Litigation Counsel for the
Official Committee of Asbestos
Personal Injury Claimants*