UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In Re: | Chapter 11 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al.[1] | Case No. 10-31607 |
| Debtors. | Jointly Administered |

**MOTION FOR RECONSIDERATION OF THIS COURT'S MAY 6 ORDER GRANTING FORD MOTOR COMPANY'S MOTION FOR ACCESS TO RULE 2019 FILINGS AND ALL JOINDERS TO THAT MOTION**

The Official Committee of Asbestos Personal Injury Claimants (the "**Committee**"), by and through the undersigned, hereby moves for reconsideration (the "**Motion for Reconsideration**") of this Court's May 6 Order (the "**May 6 Order**") granting the Motion for Access to Rule 2019 Filings and to Unseal the Evidence of "Demonstrable Misrepresentation," and Memorandum in Support Thereof, dated March 14, 2014 [Dkt. No. 3378] (the "**Ford 2019 Motion**") filed by Ford Motor Company ("**Ford**") and joined in by several other nonparties to these cases.[2] The Committee respectfully represents as follows:

**PRELIMINARY STATEMENT AND LEGAL STANDARDS**

1. The Committee seeks, not to vacate the May 6 Order in its entirety, but to amend it. The amendment we seek would provide that Ford and those who joined in its motion

---

[1] Debtors consist of Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company.

[2] Order Granting Ford's Motion for Access to 2019 Filings, dated May 6, 2014 [Dkt. No. 3618]. This Court already denied that portion of Ford's Motion which sought the unsealing of evidence. Order, dated April 11, 2014 [Dkt. No. 3525]. This Motion for Reconsideration addresses only this Court's May 6 Order.

1044651

(collectively, "**Movants**") for access to the Rule 2019 Exhibits may not retransfer those documents to other persons.

2. This Court has the jurisdiction and authority to grant the Motion for Reconsideration under Federal Rule of Civil Procedure 59(e), which is made applicable to bankruptcy matters by Federal Rule of Bankruptcy Procedure 9023. *See In re Sea Horse Realty & Constr., Inc.*, 2013 WL 1856265, at *3 (Bankr. E.D.N.C. May 2, 2013) (finding Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023 "permit[] reconsideration of a prior order or judgment").

3. Under Fourth Circuit precedent, the Court may grant the Motion for Reconsideration if "(1) [it would] accommodate an intervening change in controlling law; (2) [it would] account for new evidence not available at trial; or (3) [it would] correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotation marks omitted). "[C]ourts have found 'considerable discretion' in these matters regarding Rule 59(e)." *In re Thorne*, 2011 WL 4073403, at *2 (Bankr. E.D.N.C. Aug. 12, 2011) (quoting *Edward H. Bohlin Co v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)); *see also In re El-Amin*, 252 B.R. 652, 654 (Bankr. E.D. Va. 2000). Here, granting the Motion for Reconsideration would correct a clear error of law *and* prevent manifest injustice.

## ARGUMENT

4. The Committee files this Motion for Reconsideration to request that this Court amend the May 6 Order to prohibit Movants from transferring the Rule 2019 Exhibits to third persons. The May 6 Order should include the following additional provision:

> Movants are only permitted to use the information in the 2019 Statements for the purposes stated in the Motion and shall not publish it, and shall not transfer it to any third parties for such third parties' own use; and if submitted to a Court, it shall be submitted under seal.

Only by including such a restriction can the May 6 Order be made consistent with precedent and with this Court's own prior orders.

*The May 6 Order Should be Amended to be Internally Consistent*

5. Ford's 2019 Motion stated that it wanted the Rule 2019 Exhibits to "be better able to determine whether those claimants [listed in the Exhibits] had brought claims against Ford and disclosed, or withheld, relevant information in pursuit of settlements." Ford 2019 Motion ¶ 10. This Court's Order expressly held that such a purpose, as well as the other purposes in the motion and addressed at the hearing, was not improper. May 6 Order at 2 (holding "that no improper purpose exists"). But this Court, of course, was not in a position to rule on the purposes of persons not before the Court, such as any direct or indirect transferees of the information from Movants. To provide an opportunity for judicial review of the purposes for which anyone other than the Movants may seek access to the Rule 2019 Exhibits, the Order should preclude Movants from transferring those materials to others.

6. A reasonable transfer restriction would permit Ford and the other Movants to fulfill their stated purposes, without needlessly subjecting the asbestos victims whose identifying information is included in the Rule 2019 Exhibits to the potentially improper purposes of others, or to additional risks of identity theft or other unlawful injury, including violations of their privacy interests.

7. Ford's 2019 Motion itself recognized that its purposes were not inconsistent with reasonable transfer restrictions. Ford wrote: "And legitimate concerns about the disclosure of other information shown to fall within an exception can and should be addressed by redacting information, where necessary, or *placing limits on subsequent disclosure*." *Id.* at 11 (emphasis added).

8. Such a restriction is the only way to ensure that this Court or other courts have the opportunity to review the purposes of other persons who may seek the Rule 2019 Exhibits and to consider any risks that their purposes may pose to the legitimate interests of filers of Rule 2019 Exhibits or their clients. "Although Section 107(a) evidences a strong desire by Congress to preserve the public's right to access judicial records, that right is not absolute. Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). *See In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) ("In limited circumstances, courts must deny access to judicial documents − generally where open inspection may be used as a vehicle for improper purposes.").

9. The May 6 Order is predicated on a finding that Movants' purposes are not improper and that their request poses no undue risk to countervailing interests. But it would permit the unfettered dissemination of Rule 2019 Exhibits to other persons whose purposes, and attendant risks, the Court cannot now know. The order is thus internally inconsistent. Amendment of the May 6 Order to cure its internal inconsistency is a good and sufficient reason to amend that Order. *See, e.g.*, *Whiteman v. Fed. Republic of Austria,* 2002 WL 31368236, at *8 (S.D.N.Y. Oct. 21, 2002) (granting motion to reconsider in part due to fact that order was "internally inconsistent").

*The May 6 Order Should be Amended to be Consistent with This Court's Prior Orders*

10. The orders entered by this Court pursuant to which Ford sought access to the 2019 Exhibits make clear that such Exhibits will be kept off the docket and require the filing of a motion, and the granting of that motion by the Court, before the Exhibits may be released. *See* Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. 2019, dated October 25, 2010

[Dkt. No. 631] and the Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, dated March 16, 2012 [Dkt. No. 2037] (collectively, the "**2019 Order**"). To permit Movants to transfer the Rule 2019 Exhibits to any and all unknown persons would vitiate this requirement of a motion to access the 2019 Exhibits set forth in the 2019 Order ― a requirement upon which the various submitting law firms and their clients relied in providing their 2019 Exhibits to begin with and upon which they are entitled to place continuing reliance. To render the 2019 Order effectively moot by permitting unfettered transfer of Rule 2019 Exhibits by Movants would be manifestly unjust.

11. In granting the Rawlings/Aetna motion for access to the same universe of Rule 2019 Exhibits, this Court specifically "require[d] that there be no sale or sharing or transfer of the information" and "no publication outside of the notice you mentioned." Hr'g Tr. 23:17-23, Mar. 27, 2014 [Dkt. No. 3468]. It bears emphasis that this language was part of the Court's bench ruling; it was not language that originated in the parties' negotiation of the form of order for the Aetna/Rawlings motion. The May 6 Order lacks such a transfer restriction and is thus irreconcilable with this Court's ruling on the Aetna/Rawlings motion. It would permit the Movants to transfer the exact same information, without restriction, that this Court recognized could not permissibly be transferred by Rawlings or Aetna.

12. This Court also entered a protective order with respect to Rule 2019 Exhibits received by Garlock from other cases, and ordered, "No 2019 Exhibits shall be disseminated or disclosed, whether in written or electronic form, to any person other than" a defined list of recipients. Order Governing Use and Confidentiality of Certain Exhibits to Rule 2019 Statements from Other Bankruptcy Cases ¶ 6, dated March 28, 2013 [Dkt. No. 2807]. The May 6 Order is likewise inconsistent with that prior order.

13. As shown by this Court's prior orders, and as also reinforced by the precedents discussed below, Section 107(c)'s privacy interests are implicated by the Rule 2019 Exhibits. This Court is certainly empowered to protect the interests in privacy and against identity theft of the asbestos victims listed within Rule 2019 Exhibits, as not only this Court, but the other courts referenced below, have previously held. Any suggestion to the contrary is clearly erroneous.

*The May 6 Order Should be Amended to be Consistent with Other Precedent*

14. There is no dispute that the Rule 2019 Exhibits include the clients' names and addresses, nor is there any dispute that such information is a "means of identification" that Section 107(c)(1) expressly provides may be protected. Nor is there any dispute that the Rule 2019 Exhibits also include identification of the asbestos-related disease suffered by each listed person. Accordingly, such information should be protected where there is an "undue risk" of "identity theft" or "other unlawful injury." 11 U.S.C. § 107(c)(1). To allow the disclosure of the Rule 2019 Exhibits to any and all comers, in derogation of the Rule 2019 Order's requirement that they be disclosed only pursuant to a motion, would create just such an undue risk, because it would eliminate any judicial review of who may receive the Rule 2019 Exhibits and how they may use them.

15. Conditioning access to Rule 2019 Exhibits upon the filing and granting of a motion was a feature of the numerous 2019 orders entered by Judge Fitzgerald, on which this Court's own 2019 Order was based, and her order was affirmed on appeal. *See, e.g.*, *Kaiser Aluminum*, 327 B.R. at 560 ("the Bankruptcy Court is regulating access to the information because of privacy concerns" and "Judge Fitzgerald's Rule 2019 Orders strike the appropriate balance between maintaining the public's right to access the Rule 2019 information and ensuring that the information is not misused").

16. The Delaware District Court's later decision granting Garlock access to Rule 2019 Exhibits for certain other cases also recognized that Rule 2019 Exhibits implicate "privacy interests of the individuals identified" therein, and provided access to such Exhibits only "subject to certain limitations, limitations that are intended to substantially reduce any threat to privacy interests." *In re Motions for Access*, 488 B.R. 281, 301 (D. Del. 2013). These limitations included that "[t]his Order authorizes Garlock to use such 2019 Exhibits solely in connection with the estimation proceedings in Garlock's chapter 11 bankruptcy cases pending in the North Carolina Bankruptcy Court, and neither the 2019 Exhibits nor the information contained therein may be used for any other purpose," and that "Garlock shall not disclose publicly the information contained in any 2019 Exhibit except in an aggregate format that does not identify any individual represented person." Order Implementing Opinion and Order Reversing Bankruptcy Court Orders and Granting Garlock Sealing Technologies LLC Access to 2019 Exhibits ¶¶ 2, 3, *In re Motions for Access of Garlock Sealing Technologies LLC*, No. 11-cv-1130 (D. Del. Mar. 14, 2013) [Dkt. No. 67].

17. The current May 6 Order does not "ensure[] that the information is not misused," *Kaiser Aluminum*, 327 B.R. at 560, and is inconsistent with the above precedents addressing identical categories of information.

18. The Committee's proposed language above provides Movants with the flexibility to use the Rule 2019 Exhibits for all of the purposes they articulated in persuading the Court to grant them access to the Rule 2019 Exhibits. That language only restricts the transfer of that information to third persons for their own, potentially improper, purposes, which left unchecked would create an undue risk of identity theft and other unlawful injury to the asbestos victims. Section 107(c) is expressly designed to defend against any such risk. That Movants persuaded

this Court that their own purposes were not improper and entailed no such risk provides no good reason for the Court, in effect, to prejudge the purposes of others who may want access to the Rule 2019 Exhibits, nor to implicitly abandon the precedents recognizing that such access should not be unfettered.  As shown above, there is no need or justification for such a result.

## CONCLUSION

The Court should grant the Motion, and amend the May 6 Order so that it reasonably restricts transfer of the Rule 2019 Exhibits.

Dated:  May 16, 2014

Respectfully submitted,

**CAPLIN & DRYSDALE, CHARTERED**

By: /s/ Trevor W. Swett III
Trevor W. Swett III
Kevin C. Maclay
One Thomas Circle, NW
Suite 1100
Washington, DC  20005
Telephone:  (202) 862-5000
Facsimile:  (202) 429-3301
E-mail:  tswett@capdale.com;
kmaclay@capdale.com

Elihu Inselbuch
600 Lexington Avenue, 21st Floor
New York, NY  10022
Telephone:  (212) 379-6000
E-mail: einselbuch@capdale.com

**MOON WRIGHT & HOUSTON, PLLC**
Travis W. Moon (Bar No. 1067)
227 West Trade Street
Suite 1800
Charlotte, NC 28202
Telephone:  (704) 944-6560
Email:  tmoon@mwhattorneys.com

*Co-Counsel for the Official Committee of Asbestos Personal Injury Claimants*

- 8 -