

FILED & JUDGMENT ENTERED
Steven T. Salata

Oct 31 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER ON MOTIONS TO SEAL MATERIALS IN RECORD OF ESTIMATION PROCEEDING AND PROTOCOL FOR REDACTION OF RECORD**

This matter came before the Court pursuant to the Order Establishing Protocols for Public Access to Sealed Materials in Record of Estimation Proceeding (Docket No. 3925) (the "Public Access Protocol Order"), which was entered in accordance with the remand contained in the Memorandum of Decision and Order of the United States District Court for the Western District of North Carolina (the "District Court") in *Legal Newsline v. Garlock Sealing Technologies LLC*, No. 3:13-cv-00464-GCM, entered at Docket No. 3957 in these bankruptcy cases. Pursuant to the Public Access Protocol Order, a number of persons and entities filed motions to seal materials in the record of the proceeding for estimation of mesothelioma claims as well as similar materials filed in

---

[1] The Debtors in these jointly administered cases are Garlock Sealing Technologies LLC, Garrison Litigation Management Group, Ltd., and The Anchor Packing Company (collectively, the "Debtors").

1

connection with the Motion to Reopen the Record of the Estimation Proceeding (the "Motion to Reopen") filed by the Official Committee of Asbestos Personal Injury Claimants (Docket No. 3725). The materials in the record of the proceeding for estimation of mesothelioma claims and the materials filed in connection with the Motion to Reopen are referred to in this Order as the "Estimation Record Materials." The following motions to seal, statements, and joinders to motions to seal (the "Motions to Seal") were filed:

1) Debtors' Motion to Place Certain Documents in the Mesothelioma Estimation Record Under Seal (Docket No. 4058);

2) Motion to Seal of the Official Committee of Asbestos Personal Injury Claimants (Docket No. 4042);

3) Future Asbestos Claimants' Representative's Statement Pursuant to the Court's Order Establishing Protocols for Public Access to Sealed Materials in Record of Estimation Proceeding (Docket No. 4043)

4) Motion to Seal Confidential Information of Asbestos Personal Injury Claimants Represented by Belluck & Fox LLP (Docket No. 4049);

5) HendlerLaw Claimants' Motion to Seal (Docket No. 4025);

6) Motion to Seal (Docket No. 4033) filed by Jacobs & Crumplar, P.A.;

7) Madeksho Law Firm, PLLC's Claimants' Motion to Seal (Docket No. 4032);

8) Motion to Seal the Medical Records, Settlement Information, and Limited Personal Information of the Victims of Asbestos Injuries (Docket No. 4052) filed by certain plaintiff's law firms;

9) Roussel & Clement Claimants' Motion to Seal (Docket No. 4015);

2

10) Shein Law Center, Ltd's Joinder in Motion to Seal the Medical Records, Settlement Information, and Limited Personal Information of the Victims of Asbestos Injuries (Docket No. 4057);

11) Simon Greenstone's Motion to Seal Personal Information, Medical Records, and Settlement Information of the Victims of Asbestos Injuries (Docket No. 4055);

12) Joinder in Motion to Seal of the Official Committee of Asbestos Personal Injury Claimants (Docket No. 4045) filed by Waters & Kraus, LLP, Estate of Ronald C. Eddins, Michael L. Armitage, Jeffrey B. Simon, C. Andrew Waters, Peter A. Kraus, Stanley Iola, LLP, and Mark Iola; and

13) Motion of Williams Kherkher Hart Boundas, LLP to Seal Its Clients' Personal Information, Medical Records, and Settlement Information (Docket No. 4053).

The following objections to the Motions to Seal and joinders in objections (the "Objections") were filed:

1) Response of Official Committee of Asbestos Personal Injury Claimants to Debtors' Motion to Place Certain Documents in the Mesothelioma Estimation Record Under Seal (Docket No. 4110);

2) Belluck & Fox, LLP's Response to Debtors' Motion to Place Certain Documents in the Mesothelioma Estimation Record Under Seal (Docket No. 4115);

3) Joint Omnibus Opposition to Certain Motions to Seal Filed Pursuant to Protocol Order (Docket No. 4096), filed by Ford Motor Company; Honeywell International Inc.; Resolute Management, Inc.; AIU Insurance Company; American Home Assurance Company; Birmingham Fire Insurance Company of Pennsylvania; Granite State Insurance Company; Lexington Insurance Company; National

3

Union Fire Insurance Company of Pittsburgh, Pa.; Volkswagen Group of America, Inc.; and Mt. McKinley Insurance Company and Everest Reinsurance Company;

4) Opposition to Certain Motions to Seal Filed Pursuant to Protocol (Docket No. 4108), filed by Debtors;

5) *Legal Newsline*'s Objections to Motions to Seal Evidence (Docket No. 4125) and supporting brief (Docket No. 4126);

6) Shein Law Center, Ltd's Joinder in the Response of Official Committee of Asbestos Personal Injury Claimants to Debtors' Motion to Place Certain Documents in the Mesothelioma Estimation Record Under Seal (Docket No. 4111);

7) Simon Greenstone's Opposition to Debtors' Motion to Place Certain Documents in the Estimation Record Under Seal (Docket No. 4112);

8) Waters & Kraus, LLP, Estate of Ronald C. Eddins, Michael L. Armitage, Jeffrey B. Simon, C. Andrew Waters, Peter A. Kraus, Stanley Iola, LLP, and Mark Iola's Response to Debtors' Motion to Place Certain Documents in the Mesothelioma Estimation Record Under Seal (Docket No. 4117); and

9) Joinder in Response of Official Committee of Asbestos Personal Injury Claimants to Debtors' Motion to Place Certain Documents in the Mesothelioma Estimation Record Under Seal (Docket No. 4114) filed by Williams Kherkher Hart Boundas, LLP.

Finally, the following replies in support of Motions to Seal and joinders to replies (the "Replies") were filed:

1) Omnibus Reply of the Official Committee of Asbestos Personal Injury Claimants to Certain Oppositions to its Motion to Seal (Docket No. 4133);

2) Consolidated Reply in Support of Motion to Seal Confidential Information of Asbestos Personal Injury Claimants Represented by Belluck & Fox LLP (Docket No. 4153);

3) Reply of the Injured Individuals in Support of Their Motion to Seal (Docket No. 4147) filed by certain plaintiff's law firms;

4) Joinder in Omnibus Reply of the Official Committee of Asbestos Personal Injury Claimants (Docket No. 4148) filed by Waters & Kraus, LLP, Estate of Ronald C. Eddins, Michael L. Armitage, Jeffrey B. Simon, C. Andrew Waters, Peter A. Kraus, Stanley Iola, LLP, and Mark Iola; and

5) Waters & Kraus, LLP, Estate of Ronald C. Eddins, Michael L. Armitage, Jeffrey B. Simon, C. Andrew Waters, Peter A. Kraus, Stanley Iola, LLP, and Mark Iola's Reply to the "Joint Omnibus Opposition to Certain Motions to Seal Filed Pursuant to Protocol Order" (Docket No. 4118).

After due consideration of the Motions to Seal, Objections, and Replies, the Court decided those matters based on findings and conclusions that it stated on the record at a hearing held on October 16, 2014. The Court now implements those decisions by ordering as follows:

1. The findings and conclusions stated by the Court on the record of the October 16, 2014 hearing are hereby so ordered.

2. Accordingly, the Motions to Seal are GRANTED only to the extent they seek redaction of the following information (the "Redacted Information") from the Estimation Record Materials before such materials are made available to the public:

    a. Social Security numbers (except last four digits);

    b. Dates of birth (except year);

    c. Names of identifiable minors (except for their initials);

    d. Financial account numbers (except last four digits); and

    e. Medical information (except claimed disease, such as "mesothelioma," "asbestosis," or "lung cancer").

3. The Redacted Information described in paragraph 2 shall be permanently sealed. The Motions to Seal are otherwise DENIED and the Estimation Record Materials, with the exception of the Redacted Information, shall be made available to the public pursuant to the procedures set forth below.

4. To implement this ruling, the Court orders redaction of the Estimation Record Materials according to the following Redaction Protocol.

5. Debtors shall engage a vendor for the purpose of reviewing the voluminous Estimation Record Materials and redacting the Redacted Information. After Debtors engage the vendor, counsel for Debtors and the Official Committee of Asbestos Personal Injury Claimants (the "Committee") shall select a representative sample of materials from the estimation record to train the vendor's staff on properly redacting the Redacted Information. Following this training, the vendor shall review the Estimation Record Materials and redact the Redacted Information, with the exceptions noted below in paragraphs 6 and 7. Debtors and the Committee shall periodically sample the results of

the vendor's work to ensure that redactions are being applied correctly, but shall have no obligation to re-review the Estimation Record Materials in their entirety.  Debtors and the Committee shall have discretion, upon mutual agreement, to engage a different vendor if the vendor identified by Debtors is determined not to be suitable for any reason.

6. Counsel for Debtors and the Committee shall have discretion to agree to exclude from the vendor's review and redaction any items in the estimation record that are more suitably reviewed and redacted by the respective counsel or other professionals of Debtors and the Committee. In the event Debtors and the Committee cannot agree to exclude an item from the vendor's review, the item shall be reviewed and redacted by the vendor. In addition, Debtors and the Committee shall have discretion to agree to exclude from the vendor's review documents filed in connection with the Motion to Reopen, and instead use their own professionals to review and redact such documents.

7. If any person or entity appeals from this Order and seeks a stay pending appeal from this Court or from an appellate court, materials impacted by the appeal and motion for a stay shall be withheld from the Redaction Protocol pending resolution of the motion for a stay and treated thereafter in accordance with an order of this Court or an appellate court, as applicable, with respect to such motion for a stay and appeal.  Materials not impacted by an appeal and motion for a stay shall remain subject to the Redaction Protocol and shall be released to the public upon completion of the Redaction Protocol with respect to those materials, even if an appeal and motion for a stay with respect to other materials have not yet been resolved. All persons' and entities' rights to argue for or against any stay pending appeal are unaffected by this Order and are fully preserved

without prejudice. Further, all persons' and entities' rights to argue for or against public access to materials subject to an appeal are fully preserved without prejudice.

8. Debtors and the Committee shall act diligently, consistent with due care, to implement this Redaction Protocol so as to provide public access to the redacted Estimation Record Materials as soon as reasonably practicable. When the training period has been completed, Debtors shall provide notice thereof via email to counsel of record for all persons who filed any Motion to Seal or Objection listed above.

9. When the entirety of the Estimation Record Materials (except for materials withheld from the Redaction Protocol by reason of any appeal and stay order as described in paragraph 7 above) has been reviewed and redacted, Debtors shall provide the Court a complete copy of such redacted record, which the Court shall make available for inspection and copying to any member of the public upon request. Debtors, the Committee, the FCR, and Coltec Industries Inc. (collectively the "Estimation Parties" and each an "Estimation Party") and their counsel, and all other members of the public gaining access, shall also be free to make all or any portion of such redacted record available to any member of the public. Debtors and the Committee may at any time (including prior to completion of the entire Redaction Protocol) file properly redacted copies of documents filed in connection with the Motion to Reopen, so as to avoid further postponement of the hearing on that matter.

10. If, despite the Redaction Protocol, any Estimation Party discovers that information specified for redaction in paragraph 2 above appears in any Estimation Record Materials made available to the public pursuant to this Order (an "Inadvertent Disclosure"), then (i) that Estimation Party shall, as soon as reasonably practicable

thereafter, file a notice of the Inadvertent Disclosure that identifies the document(s) in question on the docket in the above-captioned case, and serve such notice via e-mail on counsel of record for the other Estimation Parties, all persons and entities who filed Motions to Seal or Objections, and counsel of record for the claimant(s) to whom the Inadvertent Disclosure pertains, and shall attach a properly redacted copy of the document(s) that contain the Inadvertent Disclosure so as to mask all information required to be redacted pursuant to paragraph 2 above; and (ii) the Court shall cause the document(s) that contain the Inadvertent Disclosure to be permanently sealed and replaced by the redacted copy.

11.  All persons and entities that receive a notice issued pursuant to paragraph 10 of this Order or otherwise learn of an Inadvertent Disclosure shall (i) thereafter refrain from disseminating any document(s) identified as containing the Inadvertent Disclosure; (ii) destroy in a commercially reasonable manner any document(s) in their possession that are identified as containing the Inadvertent Disclosure; and (iii) as soon as reasonably practicable give written notice of the Inadvertent Disclosure via e-mail to counsel of record for the Estimation Parties, identifying the document(s) known to contain the Inadvertent Disclosure and certifying the destruction of such document(s).  Upon receipt of such notice, Debtors shall file and serve the notice and redacted document(s) called for by the first sentence of paragraph 10.

12.  No notice or certification issued pursuant to this Order shall include or refer to details of an Inadvertent Disclosure that would reveal or further disseminate any information required to be redacted pursuant to paragraph 2 above.

13.  This Court shall retain jurisdiction to interpret and enforce this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court