**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br>**GARLOCK SEALING TECHNOLOGIES, LLC,** *et al.*<br>Debtors. | Chapter 11<br>Case No. 10-31607<br>Jointly Administered |

**JOINT *EX PARTE* MOTION FOR**
**ENTRY OF CONSENT ORDER GRANTING ACCESS TO RULE 2019 FILINGS**

Ford Motor Company; Honeywell International Inc.; Resolute Management, Inc., AIU Insurance Company, American Home Assurance Company, Birmingham Fire Insurance Company of Pennsylvania, Granite State Insurance Company, Lexington Insurance Company, and National Union Fire Insurance Company of Pittsburgh, Pa.; Volkswagen Group of America, Inc.; and Mt. McKinley Insurance Company and Everest Reinsurance Company (collectively, the "Appellants"), joined by the Official Committee of Asbestos Personal Injury Claimants (the "Appellee," and collectively with the Appellants, the "Parties"), each by their respective counsel, and in accordance with the *Order Granting Consent Motion for Limited Remand for Entry of Consent Order Granting Access to Rule 2019 Filings* entered by the United States District Court for the Western District of North Carolina on November 12, 2014 in the appeal captioned *Ford Motor Company* et al. *v. Official Committee of Asbestos Personal Injury Claimants*, No. 3:14-cv-401, at ECF No. 12, hereby request entry of the consent order attached hereto as **Exhibit A**.

Dated: November 19, 2014

Respectfully submitted,

FORD MOTOR COMPANY,

*/s/ K. Elizabeth Sieg*_____
K. Elizabeth Sieg
Michael H. Brady
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
E-Mail: bsieg@mcguirewoods.com
mbrady@mcguirewoods.com

—And—

Kirk G. Warner
North Carolina State Bar No. 16238
SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
E-Mail: kwarner@smithlaw.com

*Counsel for Ford Motor Company*

*/s/ Nava Hazan*_____
H. Lee Davis, Jr., Esq.
DAVIS & HAMRICK LLP
635 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 464 9780
Facsimile: (336) 723 8838
E-mail: ldavis@davisandhamrick.com

—And—

Nava Hazan, Esq.
SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Telephone: (212) 872 9800

Facsimile: (212) 872 9815
E-mail: nava.hazan@squirepb.com

*Counsel to Honeywell International Inc.*

*/s/ Alice S. Johnston*_____
Alice S. Johnston, Esquire
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
One Mellon Center
500 Grant Street, Suite 5240
Pittsburgh, Pennsylvania 15219
Telephone: (412) 288-2459
E-mail: alice.johnston@obermayer.com

—And—

Teresa E. Lazzaroni
North Carolina Bar No.: 13582
HAWKINS PARNELL
THACKSON & YOUNG LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
E-mail: tlazzaroni@hptylaw.com

*Counsel for Volkswagen Group of America, Inc.*

*/s/ Charles B. Walther*_____
J. Samuel Gorham, III
State Bar No. 1692
GORHAM & CRONE, LLP
Post Office Box 2507
Hickory, North Carolina 28603
Telephone: (828) 322-5505
Facsimile: (828) 328-1882
E-mail: samg@gorhamcrone.com

Of Counsel:
Fred L. Alvarez
WALKER WILCOX MATOUSEK LLP
One North Franklin Street, Suite 3200
Chicago, Illinois 60606
Telephone: (312) 244-6700

Facsimile: (312) 244-6800

Tony L. Draper
Charles B. Walther
1001 McKinney Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 654-8001
Facsimile: (713) 343-6571

*Counsel to Mt. McKinley Insurance Company
and Everest Reinsurance Company*

*/s/ John S. Favate*_____
John S. Favate, Esq.
New Jersey Bar # 02279-1985
Henry T. M. LeFevre-Snee, Esq.
New Jersey Bar # 02335-2010
HARDIN KUNDLA McKEON & POLETTO, P.A.
673 Morris Avenue
Springfield, New Jersey 07081
Telephone: (973) 912-5222
E-mail: hlefevre-snee@hkmpp.com

*/s/ Jodi D. Hildebran*_____
Jodi D. Hildebran, Esq.
NC State Bar No. 38239
Local Counsel
ALLMAN SPRY LEGGETT & CRUMPLER, P.A.
380 Knollwood Street/Ste 700
Winston-Salem, North Carolina 27103-1862
Telephone: (336) 722-2300
E-mail: jhildebran@allmanspry com

*Counsel to Resolute Management, Inc.,
AIU Insurance Company, American Home
Assurance Company, Birmingham Fire
Insurance Company of Pennsylvania,
Granite State Insurance Company,
Lexington Insurance Company, and
National Union Fire Insurance Company of
Pittsburgh, Pa.*

4

—And—

CAPLIN & DRYSDALE, CHARTERED

*/s/ Kevin C. Maclay*
Trevor W. Swett III
(tswett@capdale.com)
Kevin C. Maclay
(kmaclay@capdale.com)
Kevin M. Davis
(kdavis@capdale.com)
One Thomas Circle, N.W.
Washington, DC 20005
Telephone: (202) 862-5000

Elihu Inselbuch
(einselbuch@capdale.com)
600 Lexington Avenue, 21$_{st}$ Floor
New York, NY 10022
Telephone: (212) 379-0005

MOON WRIGHT & HOUSTON, PLLC

Travis W. Moon
(tmoon@mwhattorneys.com)
227 West Trade Street
Suite 1800
Charlotte, NC 28202
Telephone: (704) 944-6560

*Counsel for the Official Committee of Asbestos Personal Injury Claimants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *Joint Ex Parte Motion for Entry of Consent Order Granting Access to Rule 2019 Filings* was served on November 19, 2014, via ECF on all parties entitled to receive electronic notices in this action, including counsel of record for all Appellants and Appellee.

*/s/ K. Elizabeth Sieg*

5

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re:<br><br>**GARLOCK SEALING TECHNOLOGIES, LLC,** *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 10-31607<br><br>Jointly Administered |

**CONSENT ORDER GRANTING**
**ACCESS TO RULE 2019 FILINGS**

THIS MATTER initially came before the Court for hearing on April 17, 2014 (the "Hearing"), with respect to a portion of the relief sought by *Ford Motor Company's Motion for Access to Rule 2019 Filings and to Unseal the Evidence of "Demonstrable Misrepresentation"* [Dkt. Nos. 3377, 3378] (the "Ford Motion for Access"),[1] filed by Ford Motor Company ("Ford") on March 14, 2014, which relief was also sought by the Joinder of Honeywell International Inc.

---

[1]  All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Ford Motion for Access. By order dated April 11, 2014, the Court severed that portion of the Ford Motion for Access seeking access to Rule 2019 Filings from the portion of the Ford Motion for Access seeking public access to sealed estimation evidence and transcripts, which the Court initially denied. (*See* Dkt. No. 3525). Accordingly, this Order addresses only the Movants' right of access to the Rule 2019 Filings.

to Ford Motor Company's Motion for Access to Rule 2019 Filings and to Unseal the Evidence of "Demonstrable Misrepresentation," dated March 24, 2014 [Dkt. No. 3409], Volkswagen Group of America, Inc.'s Joinder in and Statement in Support of Ford Motor Company's Motion for Access to Rule 2019 Filings and to Unseal the Evidence of "Demonstrable Misrepresentation," dated March 24, 2014 [Dkt. No. 3413], the Joinder of Crane Co. in Ford Motor Company's Motion for Access, dated March 25, 2014 [Dkt. No. 3424], the Joinder of Resolute Management, Inc. and the AIG Member Companies in Ford Motor Company's Motion for Access, dated March 27, 2014 [Dkt. No. 3437], Mt. McKinley Insurance Company's and Everest Reinsurance Company's Joinder in Ford Motor Company's Motion for Access and, in the Alternative, Motion to Unseal Evidence of "Demonstrable Misrepresentation," dated April 4, 2014 [Dkt. No. 3496] (collectively, the "Joinders").[2]

Following briefing and the Hearing, an order granting the Ford Motion for Access and the Joinders was entered on May 6, 2014 (the "Original 2019 Access Order"), [Dkt. No. 3618]. However, that order was stayed and, on July 9, 2014, vacated and replaced in its entirety in response to the Motion for Reconsideration filed by the Official Committee of Asbestos Personal Injury Claimants (the "Committee"). [Dkt. No. 3670.] In place of the Original 2019 Access Order, this Court entered the "Amended 2019 Access Order". [Dkt. No. 3855] Following entry of the Amended 2019 Access Order, Honeywell International Inc. filed a motion with respect to the Amended 2019 Access Order, [Dkt. No. 3884], and an order was entered (the "Honeywell Order") [Dkt. No. 3911].

Based upon the Ford Motion for Access as it relates to the Rule 2019 Filings, the Joinders, the objection filed thereto by the Committee and others timely joining in the

---

[2] The parties that filed Joinders will be referred to herein collectively with Ford as the "Movants."

2

Committee's objection, the statements and arguments of counsel at the Hearing; the Motion for Reconsideration and the objections filed thereto by the Movants, the statements and arguments of counsel at the hearing on the Motion for Reconsideration; the Court's finding that Ford provided appropriate notice of the Ford Motion for Access and that no other or further notice is required [*see* Dkt. No. 3553], and by agreement of the parties, it is hereby ORDERED, ADJUDGED, and DECREED that the Ford Motion for Access as it relates to the Rule 2019 Filings is GRANTED, that the Rule 2019 Filings are public records available for examination pursuant to 11 U.S.C. § 107(a), that none of the exceptions to 11 U.S.C. § 107(a) apply thereto, and that the Amended 2019 Access Order, [Dkt. No. 3855], and the Honeywell Order, [Dkt. No. 3911] are, in their entirety, hereby VACATED and replaced with this Order.

**IT IS HEREBY ORDERED** that, except as expressly set forth below, Movants are entitled to access, inspect, copy and receive copies of, during the Clerk's normal business hours, any and all of the Rule 2019 Filings, including the accompanying exhibits, filed with the Court in compliance with the Order Requiring Filing Of Statements Pursuant To Fed. R. Bankr. 2019, dated October 25, 2010 [Dkt. No. 631] and/or the Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019, dated March 16, 2012 [Dkt. No. 2037] (collectively, the "Rule 2019 Order"), regardless of how such filings and exhibits are maintained;

**IT IS FURTHER ORDERED** that the Movants did not seek, and are accordingly not entitled to access, inspect, copy, or receive any forms of agreement or instruments whereby the filing law firms were empowered to act on behalf of their clients, including any exemplars thereof, that were submitted as part of the Rule 2019 Filings pursuant to paragraph 1 of the Rule 2019 Order (the "2019 Retention Agreements") and, in the event any such 2019 Retention Agreement(s) are inadvertently provided to the Movants, the Movants shall not review any such

2019 Retention Agreement(s), shall promptly destroy any such 2019 Retention Agreement(s), and shall not provide any of them to any person or entity, or use any of them for any purpose whatsoever;

**IT IS FURTHER ORDERED** that the Movants are entitled to copy the last four (4) digits only of any social security number contained in the Rule 2019 Filings, and to the extent that the Movants receive any portion of any social security number other than the last four (4) digits, the Movants shall not review such additional digits, shall promptly redact such additional digits, and shall not provide them to any person or entity or use them for any purpose whatsoever;

**IT IS FURTHER ORDERED** that counsel for Garlock Sealing Technologies, LLC (the "Debtor") is authorized to make and deliver to Movants' counsel electronic copies of any Rule 2019 Filings in Debtor's possession (excluding the first five digits of social security numbers, if any, contained in such exhibits and excluding any 2019 Retention Agreements), provided that Movants reimburse the estate for any reasonable fees and expenses incurred in making and delivering such copies;

**IT IS FURTHER ORDERED** that Movants shall be free to use, transfer, or publish the Rule 2019 Filings without restriction, notwithstanding any prior order of this Court, provided that: (1) the redactions ordered herein have been made and (2) such use, transfer, or publication is otherwise in accordance with applicable law, rules, and regulations;

**IT IS FURTHER ORDERED** that this Order does not constitute a determination regarding either the relevance or admissibility of the Rule 2019 Filings or the information therein in any judicial or other proceeding, or the standing of any person including, without limitation, the Movants, the Debtor, or the Committee, to object on these grounds in any such proceeding,

and all parties' (and non-parties') rights, claims, defenses, and arguments with respect to such issues are preserved; and

        **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to interpret, apply, and enforce this Order to the full extent permitted by law.

*This Order has been signed electronically.*          *United States Bankruptcy Court*
*The judge's signature and court's seal appear*
*at the top of the Order.*

62252390_1

5