# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 10-31607 |
| **GARLOCK SEALING TECHNOLOGIES LLC, et al.,** | ) |
| | ) Chapter 11 |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) |

**THE FUTURE ASBESTOS CLAIMANTS' REPRESENTATIVE'S STATEMENT RELATING TO THE DISCLOSURE STATEMENT FOR DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION AND IN RESPONSE TO THE LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS**

Joseph W. Grier, III, the future asbestos claimants' representative (the "FCR"), through counsel, hereby files this statement relating to the Disclosure Statement for Debtors' Second Amended Plan of Reorganization, dated Jan. 14, 2015 (Dkt. No. 4316) (the "Disclosure Statement"), and in response to the Limited Objection of the Official Committee of Asbestos Personal Injury Claimants to the Proposed Disclosure Statement for Debtors' Second Amended Plan of Reorganization, dated Feb. 6, 2015 (Dkt. Nos. 4366 and 4370) (the "ACC Objection").

In their objection, the ACC asks this Court to condition approval of the Debtors' Disclosure Statement on the inclusion in the solicitation package of the ACC's proposed statement "substantially in the form of Exhibit 1." The statement includes legal argument that the Debtors' Plan violates the Bankruptcy Code and various arguments surrounding the treatment of asbestos claims. The FCR understands that the Debtors will be responding to the proposed statement in detail and, as such, will not repeat arguments against its inclusion. If the Court

---

[1] The Debtors are Garlock Sealing Technologies LLC ("Garlock"), Garrison Litigation Management Group, Ltd. and The Anchor Packing Company.

grants the ACC's request to include its statement, the FCR requests that his statement also be included, attached hereto as Exhibit 1. The FCR describes therein the reasons for his recommendation that asbestos claimants vote in favor of the Plan.

The FCR also requests that the Court, in addition to any other changes deemed necessary, strike the last section of the ACC's proposed statement with the heading: "The FCR's Misguided Support for the Plan Undermines the Interests of Present and Future Asbestos Claimants and Promotes the Interests of Solvent Defendants."

That section contains three elements.

First, the ACC applauds the FCR for being a respected member of "Charlotte's bankruptcy bar" and having a practice that "centers on the Bankruptcy Court presiding in this case" but then proceeds to criticize the FCR for having "no prior experience in asbestos matters." ACC Objection, Exhibit 1, at ¶ 18.

Second, the ACC criticizes the FCR's counsel, Orrick, Herrington & Sutcliffe LLP ("Orrick"), stating that Orrick has "strong ties to solvent defendants and related interests, which are allied with GST, hostile to the rights of asbestos claimants, and bent on changing the tort system for defendants' advantage" and that "Orrick's connections to the Model Asbestos Trust Transparency Act are especially significant, given than [sic] GST has essentially incorporated that model into its Plan." Id. at ¶¶ 19-20.

Third, the ACC asserts a legal argument that the FCR should not be allowed to vote on the Debtors' Plan, with the zinger at the end that the "FCR's acquiescence makes it especially important for holders of present asbestos claims to unite in voting to reject the Plan." Id. at ¶ 21.

All of this comes on top of the ACC's position in its objection that this Court erred in its Estimation Opinion in finding that plaintiff law firms engaged in widespread manipulation of exposure evidence.  Id. at ¶ 3.

In sum, the ACC wants this Court to bless a distinctly peculiar disclosure statement communication:  the FCR doesn't really understand complicated asbestos matters, nor for that matter does this Court, but the FCR's counsel does and they are part of a grand conspiracy with the Debtors to change America's tort system, and while the FCR supports the Debtors' Plan, you should trust us and not pay any attention to what the FCR is doing, either because he doesn't understand all of this complicated asbestos stuff or he is being misled by his counsel.  Absent from this statement is any acknowledgment that this Court sat patiently through 17 days of trial, hearing testimony from all parties, and at the end soundly rejected the ACC's argument that plaintiff law firms had <u>not</u> engaged in manipulation of exposure evidence.  The Court also rejected both the ACC and the FCR's reliance on the Debtor's prepetition settlement history for estimating its asbestos liabilities.

Nothing in the last section of the ACC's proposed statement has any place in the solicitation package of the Debtors' Disclosure Statement, the sole purpose of which, as noted by the ACC, is to "clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."  ACC Objection, at 2 (citations omitted).

Turning to the first element, this Court appointed the FCR in 2010 to act as a fiduciary for future claimants.  As the Supreme Court has acknowledged and as the FCR noted early on in this case, the interests of future claimants are adverse to those of current claimants.  See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 626 (1997); The Future Claimants'

3

Representative's Omnibus Response to Debtors' Bar Date Motion, ACC's Scheduling Motion, Debtors' Rust Consulting Motion, and Debtors' 2019 Motion, dated Oct. 7, 2010 (Dkt. No. 582), at ¶ 3.  It is true that when the FCR was appointed he had no prior experience with asbestos cases.  That, of course, is a strength, not a weakness, because the FCR is unquestionably and truly independent.  To be sure, the FCR is now very familiar with this asbestos case, its players, and the interplay between bankruptcy law and asbestos.  The FCR has retained claims experts, financial advisors, and counsel, all with decades of experience in the asbestos field.  He has also consulted with numerous other asbestos experts and met regularly with other FCRs and their counsel to discuss issues of general concern.  And, he attended every single substantive hearing in this case, including the 17 day estimation trial.  Today, the FCR is not only independent, he is well-informed, something the ACC would like to deny.

Although their standing to do so would be severely suspect, the ACC never once complained that the FCR was not qualified to represent future claimants because he had "no prior experience with asbestos matters."  ACC Objection, Exhibit 1, at ¶ 18.  They only do so now because the FCR supports the Debtors' Plan and is adverse to the ACC.  The ACC's view of the world appears to be that FCRs are only qualified to represent future claimants as long as they agree with the interests of the plaintiff firms that sit on the ACC.  That is bunkum.  The ACC will be saying next that this Court is not qualified to rule on the Debtors' Plan because it has ruled against the ACC.

The ACC also fall through the ice on the second element – its complaint about the FCR's counsel.  Orrick disclosed to this Court its representation of asbestos defendants and future claimants when it was employed by the FCR.  See Application of Joseph W. Grier, III, Future Asbestos Claimants' Representative, for Entry of an Order Authorizing the Retention and

Employment of Orrick, Herrington & Sutcliffe LLP as Counsel to the Future Asbestos Claimant' Representative, dated Sept. 20, 2010 (Dkt. No. 517), Exhibit 1, at 4-5. To be sure, that was no secret to the ACC. Orrick lawyers have worked on numerous asbestos bankruptcy cases on the other side of the table from the ACC for decades, including but not limited to, in Shook & Fletcher (debtor's counsel), Combustion Engineering (FCR counsel), Federal-Mogul (co-defendant counsel), Congoleum (FCR counsel), and Grace (FCR counsel).

The ACC whisper their qualification "concerns" as to the FCR's counsel not because they have any merit – they know they don't – but for the blunt reason that the FCR is taking a position that they don't like. That is a problematic argument for the ACC for obvious reasons. It is also somewhat ironic in that the FCR's "adversity" consists of (i) negotiating a plan that is better for all claimants than the Debtors' prior plan, and (ii) supporting transparent and objective claims resolution procedures that are designed to ensure that valid current and future claims are treated fairly and equally, which procedures mimic those approved by asbestos creditor committees in other cases.[2]

Moreover, it is ridiculous to suggest that the Debtors, at the behest of Orrick, conspired to include a case management order in their plan requiring plaintiffs to disclose trust claims. ACC Objection, Exhibit 1, at ¶ 20. The Debtors have been arguing about that issue from the onset of these cases. In fact, the case management order was an element of the Debtors' first plan, from years ago. See Debtors' Joint Plan of Reorganization, dated Nov. 28, 2011 (Dkt. No. 1664). Somewhat importantly, in a reality that continues to elude the ACC, this Court agreed with the

---

[2] There is further irony in the ACC complaining that the FCR and his counsel are no longer qualified to represent future claimants. A number of prominent plaintiff firms sit on the ACC. This Court has held that some plaintiff firms engaged in the widespread manipulation of exposure evidence. The Debtors have, in turn, brought RICO complaints against certain of those firms. Those firms' best interests lie in seeing the Estimation Opinion reversed or vacated. The interests of current and future claimants, however, lie in a prompt reorganization that provides for a fair recovery under objective criteria, with the maximum funding that can be negotiated with the Debtors.

5

Debtors. Indeed, as far as the Debtors' Plan goes, it is fully reasonable for a trust to request evidence of alternative exposures when, for example, a claimant is asserting extraordinary exposure to one company's products. But that is an issue to be addressed at the confirmation hearing, not in argument concerning the disclosure statement.

Last, the ACC's legal argument concerning whether the FCR can vote on the Debtors' Plan – he certainly can – is just that: a legal argument. Not only is it a legal argument, it is one that the ACC wants to reserve for the confirmation hearing. As the ACC correctly noted: "This limited objection to the Disclosure Statement, however, is not an occasion for discussing confirmation issues." ACC Objection, at 1.

In the end, the ACC's meritless complaints about the FCR, his counsel, and his ability to vote betray a belief that they can bully the FCR to "acquiesce" to their position regardless of the consequences for future claimants. The ACC is misguided. Moreover, misguided or not, their complaints have nothing to do with what an average unsecured creditor is going to get, when it is going to get it, and what contingencies there are to getting its distribution. As such, they should be stricken from the ACC's statement.

Accordingly, if the Court grants the ACC's request to include its proposed statement in the solicitation package, the FCR respectfully requests that (i) the final section be stricken, and (ii) the FCR's statement, attached hereto as Exhibit 1, also be included.

Dated: February 13, 2015                           Respectfully submitted,

                                          **ORRICK, HERRINGTON & SUTCLIFFE LLP**

                                          */s/ Jonathan P. Guy*
                                          Jonathan P. Guy
                                          Kathleen A. Orr
                                          1152 15th Street, NW
                                          Washington, DC 20005
                                          Telephone: (202) 339-8400

Email:  jguy@orrick.com;
korr@orrick.com

-and-

A. Cotten Wright (State Bar No. 28162)
Grier Furr & Crisp, PA
101 North Tryon Street, Suite 1240
Charlotte, NC 28246
Telephone:  (704) 375-3720
Email:  cwright@grierlaw.com

*Counsel for Joseph W. Grier, III, Future Asbestos Claimants' Representative*

7