UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC, et al.,<br><br>Debtors.[1] | Case No. 10-31607<br><br>Chapter 11<br><br>Jointly Administered |

### DEBTORS' RESPONSE TO THE OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' PRELIMINARY CONFIRMATION OBJECTIONS REGARDING THE PARENT SETTLEMENT PROPOSED IN THE DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION

In Paragraphs 20-27 of Part A., Items 1f-1h of Part B., and Items 2h-2k of Part B. of its Preliminary Confirmation Objections to the Debtors' Second Amended Plan of Reorganization [Docket No. 4586] (the "Preliminary Objection"), the Official Committee of Asbestos Personal Injury Claimants (the "ACC") objects to the Parent Settlement[2] contained in the Debtors' Second Amended Plan of Reorganization (the "Plan"). The Debtors respond with the following preliminary, good-faith, non-preclusive responses (the "Response") to the ACC's contentions related to the Parent Settlement set forth in the Preliminary Objection[3]:

1. The Parent Settlement is a fair and reasonable resolution of claims, described in Section 2.3.5.5 of the Disclosure Statement for Debtors' Second Amended Plan (the "Settled Claims"), that are property of the Debtors' estates, derivative of claims against the Debtors. The

---

[1] The Debtors include Garlock Sealing Technologies LLC ("GST"), Garrison Litigation Management Group, Ltd. and The Anchor Packing Company.

[2] Capitalized terms not defined herein shall have the meaning set forth in the Plan.

[3] The Debtors disagree with and oppose each of the ACC's objections to approval of the Parent Settlement, even if not specifically addressed in this Response. The Debtors reserve all rights with respect to each objection set forth in the Preliminary Objection.

{00261435 v 1 }    1

Parent Settlement is the type of plan provision specifically authorized under 11 U.S.C. § 1123(b)(3)(B).

2. Early in these cases, the Court authorized the ACC and the Future Claimants' Representative (the "FCR") to undertake discovery to investigate claims that may exist against the Debtors' affiliates, specifically claims related to intercorporate transactions completed and publically disclosed in 2005 (the "2005 Corporate Restructuring"). The ACC and FCR served substantial discovery, as well as being provided with access to information through informal discovery requests, and reviewed and analyzed, with the assistance of legal and financial experts, those transactions and potential claims. The ACC and FCR jointly moved for leave to file a complaint asserting claims in the nature of the Settled Claims.[4] The FCR and ACC were proposed to be putative plaintiffs in the Proposed Complaint. The Court denied the Motion for Leave without prejudice.[5]

3. The FCR supports the Plan and the Parent Settlement and has concluded it to be in the best interest of his constituency, the Future GST Asbestos Claimants. The FCR believes the Plan and the Parent Settlement should be approved.

4. The FCR's participation in negotiation of the terms of the Parent Settlement rebuts any allegation of self-dealing and alleged conflicts of interest in negotiation of the Parent Settlement. The Parent Settlement is a sound exercise of the Debtors' business judgment.

---

[4] See Joint Motion of the Official Committee of Asbestos Personal Injury Claimants and the Future Claims Representative for Leave to Control and Prosecute Certain Claims as Estate Representatives [Docket No. 2150] (the "Motion for Leave") and the proposed complaint attached to the Motion for Leave as Exhibit A (the "Proposed Complaint").

[5] See Order (A) Authorizing the Debtors to (I) Enter into the Affiliate Tolling Agreement and (II) Enter into the Proposed Managers Tolling Agreement Pursuant to 11 U.S.C. §§ 105(a) and 363 and Bankruptcy Rule 6004 and (B) Authorizing the Debtors to Abandon Non-Affiliate Preference Claims Pursuant to 11 U.S.C. §§ 105(a) and 554(a) and Bankruptcy Rule 6007 [Docket No. 2281].

5. The Parent Settlement provides substantial consideration to the Debtors' estates for the benefit of asbestos claimants, both present and future, in exchange for the release of specious claims that have little or no value to the Debtors' estates, the pursuit of which could diminish the assets of the Debtors' estates.

6. The claims released are contingent on a showing that GST was or is insolvent. Without limitation, the Estimation Opinion establishes that $125 million is a reasonable, reliable estimate of the amount sufficient to satisfy the GST's obligations for present and future mesothelioma claims. The Debtors have ample assets and liquidity to pay all present and future asbestos claims in full, and Debtors were and are indisputably solvent at all relevant times.

7. The released claims that pertain specifically to the 2005 Corporate Restructuring are likewise contingent on a showing that GST did not receive reasonably equivalent value for certain lines of business transferred to its affiliates. An independent, third-party financial advisor, engaged in connection with the 2005 Corporate Restructuring, contemporaneously evaluated the transactions and concluded that GST received fair value for the property transferred to its affiliates through those transactions.

8. Additionally, many or all of the claims the ACC and FCR alleged in the Proposed Complaint are time barred.

9. The Estimation Opinion also demonstrates that the Plan provides funding that will ensure all present and future asbestos claimants will be paid the full allowed amount of their claims. Therefore, the ACC cannot articulate any way in which any claimant was harmed or damaged as a result of the transactions giving rise to the alleged claims. The fact that all present and future asbestos claimants will be paid in full and that additional Plan funding and guarantees

from the Parent Settlement further assures payment, also demonstrates that the interests of creditors are served by the Plan and the Parent Settlement.

9. Finally, contrary to the Preliminary Objection, the claims released pursuant to the Parent Settlement would not include any claims against the Debtors' Affiliates based on their alleged independent liability.

This the 22nd day of May, 2015.

                                                RAYBURN COOPER & DURHAM, P.A.

                                                By:   /s/ John R. Miller, Jr.
                                                      C. Richard Rayburn, Jr.
                                                      N.C. State Bar No. 6357
                                                      John R. Miller, Jr.
                                                      N.C. State Bar No. 28689
                                                      227 West Trade Street, Suite 1200
                                                      Charlotte, NC 28202
                                                      (704) 334-0891

                                                *Counsel to the Debtors*