# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | Case No. 10-BK-31607 |
| GARLOCK SEALING TECHNOLOGIES LLC, et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### DEBTORS' RESPONSES AND OBJECTIONS TO OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' AMENDED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE DEBTORS ON SUBJECTS RELATING TO PREPETITION TRANSFERS AND CORPORATE RESTRUCTURINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Debtors, by and through counsel, hereby respond and object to Official Committee of Asbestos Personal Injury Claimants' Amended First Request for Production of Documents Directed to the Debtors on Subjects Relating to Prepetition Transfers and Corporate Restructurings (the "Committee's Requests"). Debtors previously responded and objected to Requests 16 and 17 on September 29, 2011. Debtors respond as follows:

### Preliminary Statement

In its December 9, 2010 order (the "December 9 Order"), the Court ruled that the Committee could "conduct discovery regarding pre-petition related party transfers and restructurings effected by Debtors prior to their bankruptcy petitions." Debtors note that this is not typical civil discovery in which the parties have served pleadings that help define the boundaries of relevance. Rather, this is preliminary discovery that the Court ordered for the

---

[1]   The Debtors in these jointly administered cases are Garlock Sealing Technologies LLC ("GST"); Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

{00206526 v 1 }3074133v5

purpose of permitting the Committee to determine whether the Debtors' estates might have claims that arise out of transactions that the Debtors carried out pre-petition.

The Committee, however, has served document requests that are extremely broad and extensive, even if viewed through the lens of normal civil discovery. For example, the requests go well beyond "related party transfers and restructurings." The requests do not focus on Debtors and their involvement in the transfers and restructurings, but rather include the entire "Coltec Group," which is defined as "Coltec and all of its present, former, direct, and indirect parent companies and subsidiaries." Coltec is the parent of all of EnPro Industries' operating companies. As a result, the breadth of these requests goes far beyond the Order's scope of transactions "effected by Debtors." Moreover, the "related party transfers and restructurings" referenced in the Order are all documented, and the Debtors produced the transactional documents concerning those transfers on April 8, 2011. The Committee has asked for far more than the key documents, however. Instead, they routinely have asked for "all Documents discussing, referring to, or relating to" the key documents. This overbroad language reflects a document excursion of major proportions, not to mention a request for a significant volume of privileged documents.

Faced with these overbroad requests, Debtors have taken the following approach. As stated above, Debtors already have produced the transactional documents concerning the subject matter that the Court has described its Order: "pre-petition related party transfers and restructurings effected by Debtors." In addition, Debtors will produce the non-privileged documents that are reasonably necessary to understand these transactions. When the Requests seek production of "all" and "related" documents, or where providing responsive documents to the request would be unduly burdensome or yield unnecessary and duplicative documents,

Debtors object to such requests, and will instead produce documents that provide the Committee the information they seek without imposing the substantial burdens such requests would create otherwise.

The Committee purports to set the time period for its requests as January 1, 2003 to the present. Because the limitations period applicable to any potential claim for avoidance of a prepetition transaction is no greater than four years, the requested period of over seven years pre-petition is unduly burdensome and imposes on Debtors an obligation to produce documents that are not reasonably calculated to lead to the discovery of admissible evidence. In the spirit of openness, Debtors previously have produced the transactional documents concerning the 2005 restructuring. In that same spirit, Debtors will produce the non-privileged documents that are reasonably necessary to understand these transactions. Otherwise, Debtors will produce documents for four years pre-petition, *i.e.*, back to June 7, 2006.

These Objections and Responses are subject to and incorporate Debtors' General Responses and Objections ("General Objections"), which are attached as Exhibit A to these Responses.

### Responses to Requests for Production of Documents

1.      All Documents discussing, setting forth, or summarizing the purpose(s) of, intended effects of, or reasons for (i) any or all of the 2005 Transactions, (ii) the failure to pay the Stemco Note or the Coltec Note in cash on January 1, 2010, (iii) any or all of the amendments to, or modifications of, the Stemco Note in 2010, or (iv) any or all of the amendments to, or modifications of, the Coltec Note in 2010.

**RESPONSE**

Debtors object because the terms "discussing, setting forth, or summarizing" do not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. Debtors further object to this request because it seeks documents protected from disclosure by the attorney-client privilege or work product immunity.

Debtors also object to the phrase "failure to pay" to the extent it implies a payment default. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

2.    All Documents discussing, setting forth, or referring to (i) any valuation or estimate of the worth of any of the Subject Companies, their businesses, or their assets, or (ii) the prospects for future growth in the value of any of the Subject Companies, their businesses, or their assets.

**<u>RESPONSE</u>**

Debtors object because the terms "discussing, setting forth, or referring to" do not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. In addition, Debtors object to this request as overbroad and unduly burdensome because it seeks "all" documents that refer to "any" valuation or prospect for future growth of the "Subject Companies," which includes eight companies other than the Debtors and thus goes well beyond the scope of the December 9, 2010 Order. Attempting to identify "all" such documents would be extremely burdensome, and would, for example, require production of an unsolicited, third-party business analysis that, along with thousands of other recipients, happened to be emailed to a Garlock employee. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents, if any, within their possession, custody or control.

3.    All Documents discussing, referring to, or describing the effect(s) on the financial condition of any of the Subject Companies, or on the Recourse of creditors or claimants, of (i) any or all of the 2005 Transactions, (ii) the failure to pay the Stemco Note or the Coltec Note in cash on January 1, 2010, (iii) any or all of the amendments to, or modifications of, the Stemco Note in 2010, or (iv) any or all of the amendments to, or modifications of, the Coltec Note in 2010.

**<u>RESPONSE</u>**

Debtors object because the implication of this request is that the 2005 Transactions had an adverse effect on one or more of the Subject Companies, particularly the Debtors. The 2005

Transactions were based on fair market valuations and thus were neutral concerning the financial condition of the Subject Companies, including the Debtors. Accordingly, there are no responsive documents "discussing, referring to, or describing the effect(s) on the financial condition of any of the Subject Companies, or on the Recourse of creditors or claimants." Debtors further object because the term "discussing, referring to, or describing" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. Debtors also object to the term "Recourse" to the extent it implies that Subject Companies are or could be responsible for each other's debts. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents, if any, within their possession, custody or control.

4.    All drafts of the Stemco Note, the Amended Stemco Note, the Coltec Note, and the Amended Coltec Note, and all Documents discussing, relating to, or commenting on any of the foregoing instruments or on any drafts thereof.

**RESPONSE**

Debtors object because the term "discussing, referring to, or commenting on" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. Debtors also object to this request because it seeks documents protected from disclosure by the attorney-client privilege and work product immunity, such as, for example, draft documents with attorney comments and advice. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

5.    All Documents discussing, referring to, or pertaining to Asbestos Claims that mention any of the following: (i) any of the 2005 Transactions, (ii) the Amended Stemco Note, or (iii) the Amended Coltec Note.

**RESPONSE**

{00206526 v 1 }                                         5

Debtors object because the term "discussing, referring to, or pertaining to" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. Debtors also object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work product immunity. Without waiving their specific and general objections, Debtors are not aware of any responsive non-privileged documents within their possession, custody or control.

6.    All Documents provided to customers, employees, or labor unions of any of the Subject Companies, or to members of the news media, to inform them about the 2005 Transactions, and all Documents concerning Communications with any such persons about any of the 2005 Transactions.

**RESPONSE**

Debtors are not aware of any responsive documents within their possession, custody or control.

7.    All Documents evidencing or recording any payment in cash of interest or principal made on account of the Stemco Note, the Amended Stemco Note, the Coltec Note, or the Amended Coltec Note, or the setoff of any such payment obligation.

**RESPONSE**

Debtors object to this request as unduly burdensome because it seeks "all" documents "evidencing or recording" any payment applicable to four notes dating back to 2005. Attempting to identify and produce "all" such documents would be extremely burdensome. Debtors also object to the extent the request seeks information about payments not involving Debtors. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents showing the payments on these notes.

8.    A complete set of the Debtors' accounts for intercompany accounts payable, accounts receivable, notes payable, and notes receivable with respect to EnPro or any of the Subject Companies.

**RESPONSE**

{00206526 v 1 }                                      6

Debtors object to the extent the request seeks information about payments not involving the Debtors. Without waiving their specific and general objections, Debtors will produce responsive non-privileged netting reports that show the account activity between the Debtors on the one hand, and EnPro or the Coltec Group on the other.

9. All Documents relating to the contribution agreement between Garlock and GGB, pursuant to which Garlock contributed, conveyed, sold, or transferred certain assets to GGB in 2004 or 2005, including any list, exhibit, or schedule identifying the assets transferred.

**RESPONSE**

Debtors object because the term "relating to" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. In addition, Debtors object to this request as unduly burdensome because it seeks "all" documents that relate to the contribution agreement. Attempting to identify "all" such documents would be extremely burdensome. Debtors further object to this request because it seeks documents protected from disclosure by the attorney-client privilege and work product immunity. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

10. All annual and quarterly Financial Statements of each of the Subject Companies on a stand-alone basis.

**RESPONSE**

Debtors object to this request because it seeks information about Financial Statements not involving Debtors. Debtors have produced the following: Garrison consolidated financial statements for 2008, 2009, and forecast for 2010; GST consolidated balance sheet, income statement and operating cash flow for 2008, 2009, and through September 2010; GST consolidating balance sheets, income statements and operating cash flows for 2008, 2009, and

through September 2010. Without waiving their specific and general objections, Debtors will produce their 2010 and last three quarterly Financial Statements.

11.     All consolidating annual and quarterly Financial Statements for EnPro and its consolidated subsidiaries.

**RESPONSE**

Debtors are not aware of any responsive documents within their possession, custody or control because they do not have access to or control of consolidating annual and quarterly Financial Statements for EnPro and its consolidated subsidiaries. Debtors further object because EnPro's annual and quarterly financial statements are equally accessible and available to the Committee through an examination of regulatory filings, and thus providing such information would impose an unreasonable burden and expense upon Debtors.

12.     All Documents that constitute, set forth, or discuss any business plan or strategic plan concerning any of the Subject Companies.

**RESPONSE**

Debtors object because the term "constitute, set forth, or discuss" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. Debtors further object to this request to the extent that it seeks information protected by the attorney-client privilege or work product immunity. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

13.     All Documents that constitute, set forth, or discuss financial projections or operating projections of any of the Subject Companies, and any comparison of such projections to actual results.

**RESPONSE**

Debtors object because the term "constitute, set forth, or discuss" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and

unduly burdensome.   In addition, Debtors object to this request as overbroad and unduly burdensome because it seeks documents concerning projections of any of the "Subject Companies," which includes eight companies other than the Debtors and thus goes well beyond the scope of the December 9, 2010 Order.  Debtors further object to this request to the extent that it seeks information protected by the attorney-client privilege or work product immunity. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

14.     All Documents provided to Standard & Poor's or Duff & Phelps that discuss, refer to, or relate to (i) the valuation of CIP, GGB, or Stemco, (ii) the valuation of the Stemco Note, the Amended Stemco Note, the Coltec Note, or the Amended Coltec Note, (iii) the determination of the appropriate yield or interest rate for any of the foregoing debt instruments, (iv) present or future Asbestos Claims, the Debtors' ability to pay such claims, or the Recourse of holders of such claims, or (v) the possibility or prospect that Garlock would file bankruptcy.

**RESPONSE**

Debtors object because the term "discuss, refer to, or relate to" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome.   Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

15.     All Communications between any of the Subject Companies and Standard & Poor's or Duff & Phelps that discuss, refer to, or pertain to (i) the valuation of CIP, GGB, or Stemco, (ii) the valuation of the Stemco Note, the Amended Stemco Note, the Coltec Note, or the Amended Coltec Note, (iii) the determination of the appropriate yield or interest rate for any of the foregoing debt instruments, (iv) present or future Asbestos Claims, the Debtors' ability to pay such claims, or the Recourse of holders of such claims, or (v) the possibility or prospect that Garlock would file bankruptcy.

**RESPONSE**

Debtors object because the term "discuss, refer to, or relate to" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and

{00206526 v 1 }                                    9

unduly burdensome.   Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

16.   All Documents provided to any bank, lending institution, investment bank, securities analyst, credit analyst, or valuation professional that discuss, refer to, or relate to (i) any of the 2005 Transactions, (ii) the Stemco Note, the Amended Stemco Note, the Coltec Note, or the Amended Coltec Note, or (iii) the failure to pay the Stemco Note or the Coltec Note in cash at maturity, or thereafter, (iv) present or future Asbestos Claims, the Debtors' ability to pay such claims, or the Recourse of holders of such claims, or (v) the possibility or prospect that Garlock would file bankruptcy.

**RESPONSE**

Debtors previously provided a response and objection to this Request on September 29, 2011.  Debtors previously responded and objected as follows:  Debtors object because the term "discuss, refer to, or relate to" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome.  Debtors also object to the term "Recourse" to the extent it implies that Subject Companies are or could be responsible for each other's debts.  Debtors further object to the phrase "failure to pay" to the extent it implies a payment default.  Without waiving their specific and general objections, Debtors will produce the non-privileged documents within their possession, custody or control.

17.   All Communications between any of the Subject Companies and any bank, lending institution, investment bank, securities analyst, credit analyst, or valuation professional that discuss, refer to, or pertain to (i) any of the 2005 Transactions, (ii) the Stemco Note, the Amended Stemco Note, the Coltec Note, or the Amended Coltec Note, or (iii) the failure to pay the Stemco Note or the Coltec note in cash at maturity, or thereafter, (iv) present or future Asbestos Claims, the Debtors' ability to pay such claims, or the Recourse of holders of such claims, or (v) the possibility or prospect that Garlock would file bankruptcy.

**RESPONSE**

Debtors previously provided a response and objection to this Request on September 29, 2011.  Debtors previously responded and objected as follows:  Debtors object because the term "discuss, refer to, or pertain to" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome.   Debtors also object

{00206526 v 1 }                                      10

to the term "Recourse" to the extent it implies that Subject Companies are or could be responsible for each other's debts. Debtors further object to the phrase "failure to pay" to the extent it implies a payment default. Without waiving their specific and general objections, Debtors will produce the non-privileged documents within their possession, custody or control.

18.     The Garlock Subordination Agreement, the Amended Garlock Subordination Agreement, the Stemco Subordination Agreement, the Amended Garlock [sic] Subordination Agreement, any drafts of any of those agreements, and any Documents relating thereto.

**RESPONSE**

Debtors object because the term "relating thereto" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. Debtors also object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or work product immunity, such as, for example, attorney comments and advice on a draft agreement. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

19.     All drafts of the Fifth Amendment to Credit Agreement, and all Documents relating thereto.

**RESPONSE**

Debtors object because the term "relating thereto" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. Debtors also object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or work product immunity, such as, for example, attorney comments and advice on a draft agreement. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

20.    All Documents constituting or setting forth a grant of any security interest as collateral security for the (i) Fifth Amendment to Credit Agreement, (ii) debtor-in-possession financing for the Debtors, or (iii) any lending facility available to any of the Subject Companies after the Petition Date.

**RESPONSE**

Debtors object to this request to the extent it seeks financial information after the Petition Date, because such information is not within the scope of the December 9 Order. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

21.    All Documents constituting or setting forth any transfer of intangible assets or intellectual property from Garlock to any Affiliate that was not a subsidiary of Garlock at the time of such transfer. For purposes of this request, an "Affiliate" means any direct or indirect subsidiary of EnPro or Coltec that was not a subsidiary of Garlock at the time of the transfer.

**RESPONSE**

Without waiving their general objections, Debtors are not aware of any responsive documents within their possession, custody or control.

22.    All minutes of meetings, telephonic meetings, resolutions, and actions of the boards of directors, boards of managers, partners, members, or officers of any of the Subject Companies.

**RESPONSE**

Debtors object to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege or work product immunity. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

23.    All Documents discussing, referring to, or relating to the setoff or transfer in the amount of $12,563,544.19 that is identified or listed in the response to Question 10 of the Debtors' Statement of Financial Affairs filed in their bankruptcy cases, including all Documents discussing or referring to the purpose of such setoff or transfer, the legal or contractual basis for such setoff or transfer, or the effect of such setoff or transfer on the financial condition of the Subject Companies or the Recourse of creditors or claimants.

**RESPONSE**

Debtors object because the term "discussing, referring to, or relating to" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. Debtors also object to this request because it seeks documents protected from disclosure by the attorney-client privilege or work product immunity, such as, for example, attorney communications discussing the "legal or contractual" basis for the setoff. Debtors further object to the term "Recourse" to the extent it implies that Subject Companies are or could be responsible for each other's debts. Debtors additionally object because the implication of this request is that the setoff had an adverse effect on one or more of the Subject Companies, particularly the Debtors. The setoff, by definition, was neutral concerning the financial condition of the Subject Companies, including the Debtors. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

24.     Any and all Documents discussing, referring to, or relating to the deconsolidation of the Debtors from their parents' consolidated financial statements prior to or upon the Debtors' filing of their Chapter 11 petitions in 2010.

**RESPONSE**

Debtors object because the term "discussing, referring to, or relating to" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. In addition, Debtors object to this request as unduly burdensome because it seeks "any and all" documents that "discuss[], refer[] to, or relate[e] to" the deconsolidation of the Debtors from their parents. Attempting to identify "any and all" such documents would be extremely burdensome. Debtors further object to this request because it seeks documents protected from disclosure by the attorney-client privilege or work product immunity. Without

waiving their specific and general objections, Debtors will produce responsive non-privileged documents, if any, within their possession, custody or control.

25.     Any and all Documents discussing, referring to, or relating to the allocation or attribution of insurance coverage, insurance-related proceeds, or insurance-related payments between or among any of the Debtors, any of the other Subject Companies, any other Coltec subsidiary, or EnPro.

**RESPONSE**

Debtors object because the term "discussing, referring to, or relating to" does not identify with reasonable particularity a category of documents (for example, information pertaining to Asbestos Claims), thereby making the request overbroad and unduly burdensome. In addition, Debtors object to this Request because it is vague and ambiguous, because it is unclear what the terms "allocation or attribution" and "insurance-related payments" mean. Debtors further object to this request because it seeks documents protected from disclosure by the attorney-client privilege or work product immunity. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

26.     All Documents setting forth or discussing the basis or extent to which any insurance applicable to Asbestos Claims against any of the Debtors, was or is also available to any of the other Subject Companies, any other Coltec subsidiaries, or EnPro, or any methodology applied to allocate shared insurance among them.

**RESPONSE**

Debtors object because the "basis or extent to which any insurance applicable to Asbestos Claims against any of the Debtors, was or is also available to any of the other Subject Companies, any other Coltec subsidiaries, or EnPro" component of this Request overlaps with the Estimation Requests, thereby making the request overbroad and unduly burdensome. The principal responsive documents are the applicable insurance policies and insurer settlement agreements, which already have been produced.

27.     All Documents and Communications discussing, referring to, or pertaining to (i) the rate or pace at which insurance or insurance trust proceeds applicable to Asbestos Claims against any of the Debtors was being consumed or was anticipated to be consumed, or (ii) any expectation as to the period of time over which insurance or insurance trust proceeds applicable to Asbestos Claims against any of the Debtors would be depleted.

**RESPONSE**

Debtors object because the term "discussing, referring to, or pertaining to" does not identify with reasonable particularity a category of documents, thereby making the request overbroad and unduly burdensome. Debtors also object because the "rate or pace at which insurance or insurance trust proceeds applicable to Asbestos Claims against any of the Debtors was being consumed or was anticipated to be consumed" component of this Request overlaps with the Estimation Requests, thereby making the request overbroad and unduly burdensome. Insurer settlement agreements under which payments are still continuing already have been produced. Debtors further object to this request because it seeks documents protected from disclosure by the attorney-client privilege or work product immunity. Without waiving their specific and general objections, Debtors will produce responsive non-privileged documents within their possession, custody or control.

This 3rd day of October, 2011.

RAYBURN COOPER & DURHAM, P.A.

Ross R. Fulton
N.C. Bar No. 31538
John R. Miller, Jr.
N.C. Bar No. 28689
Shelley K. Abel
N.C. Bar No. 34370
227 West Trade Street, Suite 1200
Charlotte, NC  28202-1672
Telephone:  704-334-0891
Fax:  704-377-1897
rfulton@rcdlaw.net
jmiller@rcdlaw.net
sabel@rcdlaw.net

*Special Corporate and Litigation Counsel to the
Debtors Garlock Sealing Technologies LLC,
Garrison Litigation Management Group, Ltd., and
The Anchor Packing Company*

## EXHIBIT A

1.     Debtors object to the Committee's Requests to the extent they seek the production of documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable protection, restriction or immunity from discovery.  Debtors decline to produce such documents.  Moreover, as set forth in the Specific Responses and Objections, the Requests are extremely broad and seek substantial materials that are subject to the attorney-client privilege and work product immunity.  Accordingly, and in light of the scope and purpose of the December 9 Order, Debtors object to the production of a privilege log, because the burden to create and maintain such a log would be substantial.

2.     Debtors object to the Committee's Requests to the extent they seek documents and information that are (a) not relevant to the subject matter specified in the December 9 Order and (b) not reasonably calculated to lead to the discovery of admissible evidence.

3.     Debtors object to the Instructions and Definitions contained in the Committee's Requests to the extent that they attempt to impose obligations upon Debtors that are inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States District Court for the Western District of North Carolina, the applicable law, and/or any orders issued by the Court, including without limitation, the December 9 Order and any case management orders.

4.     Debtors object to responding to any of the Committee's Requests to the extent that such Request seeks documents and information that are not in the possession, custody or control of Debtors.  For example, the Committee's Requests include requests for documents related to the Subject Companies, the Coltec Group, other Coltec subsidiaries, and EnPro.  The

Debtors have interpreted these requests to require production of documents related to non-debtor companies only if those documents are in the possession, custody, or control of the Debtors.

5.     Debtors object to the Committee's Requests to the extent that the information sought is a matter of public record and is equally accessible and available to the Committee through an examination of the public record on the grounds that providing such information would impose an unreasonable burden and expense upon Debtors.

6.     Any production of documents or information in response to the Committee's Requests will be made subject to and in accordance with the terms of any mutual agreement and/or Court order regarding, among other things, the maintenance of confidentiality and proprietary documents and information and standards for non-waiver of inadvertently produced documents and information.

7.     Debtors object to the Committee's use of the terms of phrases "all," "any," "every," and/or "each" on the grounds that these terms and phrases are (a) overly broad, (b) unduly burdensome, (c) vague and ambiguous, and (d) seek information and/or documents that are neither relevant to the scope of the December 9 Order nor reasonably calculated to lead to the discovery of admissible evidence. Similarly, Debtors object to the Committee's use of terms such as "discussing, referring to, or relating to" that do not identify with reasonable particularity a category of documents, thereby making the request in which they are used overbroad and unduly burdensome.

8.     Debtors object to the Committee's Requests to the extent they seek information generated before June 7, 2006. Such requests are overly broad, unreasonably burdensome, ask for information that is not relevant to issues contemplated by the December 9 Order, and are not reasonably calculated to lead to the discovery of admissible evidence.

9.  Each of the foregoing individual specific responses shall be deemed to incorporate and be subject to the foregoing General Objections.

10.  To the extent that the Requests seek electronically stored information ("ESI"), Debtors object to producing ESI, except responsive electronically stored word-processing, spreadsheet, and similar files (*e.g.*, files compatible with Microsoft Office programs) maintained by a delimited list of custodians and email messages and attachments involving a delimited list of custodians.  Further discovery of ESI would be oppressive, expensive, unnecessarily cumulative and duplicative, not reasonably calculated to lead to the discovery of admissible evidence, and burdensome and expensive to a degree that far outweighs any likely benefit of production.  The Debtors further and specifically object to the Requests to the extent they seek the production of ESI that is not reasonably accessible (including any request to restore information from backup tapes or similar equipment) and to the extent that they seek the production of metadata or the production of original file and directory structure information.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing DEBTORS' RESPONSES AND OBJECTIONS TO OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS' AMENDED FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE DEBTORS ON SUBJECTS RELATING TO PREPETITION TRANSFERS AND CORPORATE RESTRUCTURINGS was served on the following by overnight FedEx, addressed as follows:

Jeffrey A. Liesemer, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
jliesemer@capdale.com

Kathleen A. Orr, Esquire
Orrick, Herrington & Sutcliffe LLP
Columbia Center, 1152 15th Street, N.W.
Washington, DC 20005-1706
korr@orrick.com

This the 3rd day of October, 2011

Ross R. Fulton

{00206526 v 1 }                                    20