**EXHIBIT E**:

Email Correspondence October 26-27, 2015.

> Motley Rice LLC 3333 K Street NW, Suite 450 | Washington, DC 20007 | nfinch@motleyrice.com
> o. 202.232.5507  x5507 | c. 202.607.8998 | f. 202.232.5513
>
> -----Original Message-----
> From: Guy, Jonathan P. [mailto:jguy@orrick.com]
> Sent: Tuesday, October 27, 2015 5:37 PM
> To: Rice, Joe; Finch, Nate; Gilbert, Jeanette M.; Baden, John
> Cc: Beaman, Gregory; cwright@grierlaw.com; Cassada, Garland; Richard
> C. Worf (RWorf@rbh.com); Krisko, Jonathan; Ted Swett
> (tswett@capdale.com); James Wehner
> Subject: RE: Garlock - Subpoena from the FCR
>
> Joe,
>
> I can explain in further detail over the phone but, at the most basic level, the information we seek concerning the claims will illuminate whether these claimants, if a second disease occurred, would qualify as valid claims against the Debtors or not.  Given prepetition claims submission, processing, and payment behaviors, the fact that Garlock paid a Motley Rice non-malignant claim does not warrant a blanket presumption that a post-confirmation malignant claim would necessarily be valid.  Rather, it appears that non-malignant claims were submitted in bulk and paid in bulk to buy temporary peace, without due diligence as to the merits of individual claims.
> The information will also demonstrate whether Motley Rice has submitted inconsistent information to Garlock, Trusts, and defendants, further undermining any presumption of validity.  While we respect Motley Rice has a different, more universal view, the FCR believes he is required to protect the rights and interests of valid future claims against Garlock.  This information will necessarily be relevant to that issue, other issues, and  a number of decisions that must be made by the Court.
>
> The fees, in the aggregate, are relevant to, among other things, whether Motley Rice is acting in the interest of future claimants or protecting what it perceives to be its own economic interests and those of other influential plaintiff firms in the broad spectrum of asbestos recoveries.  Put another way, are Motley Rice's views on the CRP a fair proxy for how future claimants should be treated,  particularly considering that Motley Rice sits on the ACC, which represents current claimants -- an adverse creditor body.  For example, I understand that if Motley Rice current claimants are processed under the CRP they receive higher recoveries in many instances than Motley Rice obtained in prepetition settlements.  Similarly, how can Motley Rice represent current and future claimants at the same time, consistent with its duties and disclosures to the Court?  Further, was Motley Rice representing the interests of its future claimant clients when it approved TDPs that resulted in discriminatory payment percentages or did it favor its current claimant clients?.  We do not need to know payment  of fees at an individual level.  Nor we need any individual client's contingency fee arrangements.  It would reasonable to simply supply a range of percentages.
>
> In sum, relevancy is determined by the allegations Motley Rice has made concerning the FCR in court filings and to the plaintiff firms who voted on the Debtors' Plan, the arguments in the Motley Rice objection, including the position that Motley Rice represents and protects the rights and interests of future claimants, Motley Rice's decision to buttress its arguments by affirmatively relying on hundreds of individually identified Motley future claims, and the arguments and objections raised by the ACC counsel on behalf of Motley Rice.
>
> Regards, Jonathan.
>
> JONATHAN GUY
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> COLUMBIA CENTER
> 1152 15TH STREET, N.W.,
> WASHINGTON, D.C. 20005
> tel 202-339-8516

4

> fax 202-339-8500

> email jguy@orrick.com

> www.orrick.com

>

>

> -----Original Message-----

> From: Rice, Joe [mailto:jrice@motleyrice.com]

> Sent: Tuesday, October 27, 2015 4:34 PM

> To: Guy, Jonathan P.; Finch, Nate; Gilbert, Jeanette M.; Baden, John

> Cc: Beaman, Gregory; cwright@grierlaw.com; Cassada, Garland; Richard

> C. Worf (RWorf@rbh.com); Krisko, Jonathan; Ted Swett

> (tswett@capdale.com); James Wehner

> Subject: RE: Garlock - Subpoena from the FCR

>

> I will have staff see what is available electronically. I do not understand the relevance of the information requested in 1 -4. The only fact I see as relevant is they were paid by the Debtor in the pre- bankruptcy time period This should provide the answer to --they exist-were exposed  sufficiently to satisfy the debtors-had reliable and sufficient medical evidence. Maybe you can tell me how and why the data you requested is relevant and what similar data you have for future claimants you represent?

>

> I cannot imagine why the fees are discoverable or relevant. Can you explain?

> I may work out stip on trust I sit on but I do not track payment percentages . I can stip where they started and where they are  but not to changes from time to time because I do not track that.

>

> Joseph F. Rice  | Attorney at Law | Motley Rice LLC

> 28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 o. 843.216.9159 | f.

> 843.216.9290 | jrice@motleyrice.com

>

> -----Original Message-----

> From: Guy, Jonathan P. [mailto:jguy@orrick.com]

> Sent: Tuesday, October 27, 2015 2:42 PM

> To: Rice, Joe <jrice@motleyrice.com>; Finch, Nate

> <nfinch@motleyrice.com>; Gilbert, Jeanette M.

> <jgilbert@motleyrice.com>; Baden, John <jbaden@motleyrice.com>

> Cc: Beaman, Gregory <gbeaman@orrick.com>; cwright@grierlaw.com;

> Cassada, Garland <GCassada@rbh.com>; Richard C. Worf (RWorf@rbh.com)

> <RWorf@rbh.com>; Krisko, Jonathan <JKrisko@rbh.com>; Ted Swett

> (tswett@capdale.com) <tswett@capdale.com>; James Wehner

> <jwehner@capdale.com>

> Subject: RE: Garlock - Subpoena from the FCR

>

> Joe,

>

> For Requests Nos. 1-4, that is information that would not be provided even if each individual listed in the objection filed a proof of claim.  So that is not something we can prepare a stipulation for as we don't have any details but we would have no objection to the information being provided in an Excel format to avoid the need, as one lawyer recently colorfully argued, for laborious "cutting and pasting."  I would suspect that a firm as sophisticated as yours has much or all of that information readily available in that or a similar database format to assist in the filing of claims against other trusts so it should not be a burden to retrieve. In fact, the attachment to the objection appears to have come right off a database.  To confirm we are not seeking any privileged information. This is all factual.

>

5

> Request No. 5 seeks compensation for the Motley Future Claimants, not all claimants ever represented by Motley Rice. We would have no objection, for example, to a stipulation that the compensation is contingency based and ranges from x to y %. We can then do the math by reference to the aggregate recovery for the Motley Future Claimants.
>
> For Request No. 6, the Asbestos Trusts where Motley Rice serves as a fiduciary capacity, to be sure that information is largely public and we could spent time trying to pin all of them down but I suspect that list already resides in Motley Rice for, at a minimum, conflict purposes, and can be produced very easily for minimum expense.
>
> For Request No. 7, we can provide the information we have concerning payment percentage reductions, which I don't think is in dispute and therefore should be something we can easily stipulate to.   There may be some gaps, however, that need to be filled in.  Again, that is not privileged information.
>
> For Request No. 8, total annual compensations from asbestos claimants, we could certainly narrow that to from when Motley Rice first existed.
>
> Last, it appears you have already answered Request No. 9.
>
> Hope that helps.
>
> Regards, Jonathan.
>
> JONATHAN GUY
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> COLUMBIA CENTER
> 1152 15TH STREET, N.W.,
> WASHINGTON, D.C. 20005
> tel 202-339-8516
> fax 202-339-8500
> email jguy@orrick.com
> www.orrick.com
>
>
> -----Original Message-----
> From: Rice, Joe [mailto:jrice@motleyrice.com]
> Sent: Tuesday, October 27, 2015 1:08 PM
> To: Guy, Jonathan P.; Finch, Nate; Gilbert, Jeanette M.; Baden, John
> Cc: Beaman, Gregory; cwright@grierlaw.com; Cassada, Garland; Richard
> C. Worf (RWorf@rbh.com); Krisko, Jonathan; Ted Swett
> (tswett@capdale.com); James Wehner
> Subject: RE: Garlock - Subpoena from the FCR
>
> I am preparing for 2 appeals that I argue in 5th circuit Wednesday so
> that takes me out but if you present a proposed stipulation I will try
> to respond. You are aware only a few attorneys have the history to
> address such broad based request that cover time before the law Firm
> of Motley Rice existed. For New Motley there is different people
> involved
>
> Joseph Rice | Attorney at Law | Motley Rice LLC
> 28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 o. 843.216.9159 | f.
> 843.216.9290 | jrice@motleyrice.com
>

>

> -----Original Message-----
> From: Guy, Jonathan P. [mailto:jguy@orrick.com]
> Sent: Tuesday, October 27, 2015 12:38 PM
> To: Rice, Joe <jrice@motleyrice.com>; Finch, Nate
> <nfinch@motleyrice.com>; Gilbert, Jeanette M.
> <jgilbert@motleyrice.com>; Baden, John <jbaden@motleyrice.com>
> Cc: Beaman, Gregory <gbeaman@orrick.com>; cwright@grierlaw.com;
> Cassada, Garland <GCassada@rbh.com>; Richard C. Worf (RWorf@rbh.com)
> <RWorf@rbh.com>; Krisko, Jonathan <JKrisko@rbh.com>; Ted Swett
> (tswett@capdale.com) <tswett@capdale.com>; James Wehner
> <jwehner@capdale.com>
> Subject: RE: Garlock - Subpoena from the FCR
>
> Hi Joe. I can confirm that we only have one subpoena, which is the one we are talking about. I will let Debtors' counsel confirm status for any discovery he has outstanding for your firm lest there is any confusion there. As I think you know, the discovery pertains to the objection filed by Motley Rice to the Debtors' Plan. We are perfectly willing to entertain stipulation of some facts which should not be in dispute, such as the trusts where Motley Rice sits on TACs and the reduction in payment percentages. On timing, however, we are not prepared to wait a whole week to even have the discussion of that possibility with the discovery cutoff just three weeks from now, particularly when experience tells us the ultimate answer will be "No, we are not producing any responsive documents." If Nate is truly fully tied up until Monday, as we assume in good faith he is, I have to believe that at least one of the many other capable lawyers at Motley Rice is not. We are all obliged to try to resolve disputes before commencing litigation but we are not obliged to accept gamesmanship. We are available to talk anytime today with anyone who is willing and authorized to do so. Regards, Jonathan.
>
> JONATHAN GUY
> ORRICK, HERRINGTON & SUTCLIFFE LLP
> COLUMBIA CENTER
> 1152 15TH STREET, N.W.,
> WASHINGTON, D.C. 20005
> tel 202-339-8516
> fax 202-339-8500
> email jguy@orrick.com
> www.orrick.com
>
>
> -----Original Message-----
> From: Rice, Joe [mailto:jrice@motleyrice.com]
> Sent: Tuesday, October 27, 2015 11:22 AM
> To: Finch, Nate; Guy, Jonathan P.
> Cc: Gilbert, Jeanette M.; Beaman, Gregory; Baden, John;
> cwright@grierlaw.com; Cassada, Garland; Richard C. Worf
> (RWorf@rbh.com); Krisko, Jonathan; Ted Swett (tswett@capdale.com);
> James Wehner
> Subject: RE: Garlock - Subpoena from the FCR
>
> On that call we would like to understand what you are trying to prove with this discovery as we may very well stipulate facts. There are so many subpoenas and deposition notices coming from the Debtor and the FCR followed by emails saying they are withdrawn we are no longer sure what is active.
>
> Joseph Rice | Attorney at Law | Motley Rice LLC

> 28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 o. 843.216.9159 | f.
> 843.216.9290 | jrice@motleyrice.com
>
> -----Original Message-----
> From: Finch, Nate
> Sent: Tuesday, October 27, 2015 10:48 AM
> To: Guy, Jonathan P. <jguy@orrick.com>
> Cc: Gilbert, Jeanette M. <jgilbert@motleyrice.com>; Beaman, Gregory
> <gbeaman@orrick.com>; Rice, Joe <jrice@motleyrice.com>; Baden, John
> <jbaden@motleyrice.com>; cwright@grierlaw.com; Cassada, Garland
> <GCassada@rbh.com>; Richard C. Worf (RWorf@rbh.com) <RWorf@rbh.com>;
> Krisko, Jonathan <JKrisko@rbh.com>; Ted Swett (tswett@capdale.com)
> <tswett@capdale.com>; James Wehner <jwehner@capdale.com>
> Subject: Re: Garlock - Subpoena from the FCR
>
> We can do a call on Monday at 11 am
>
> Sent from my iPhone
>
>> On Oct 27, 2015, at 10:44 AM, Guy, Jonathan P. <jguy@orrick.com> wrote:
>>
>> Hi Nate, following up on this. In that it is very likely Motley Rice's position is going to be that it will stand on Jeanette's letter and not produce responsive materials, this should not be a long call. Are you not free any time for such a call before Nov. 2? Either Greg or I can take the call any time at your convenience. And if you are not available, isn't there another lawyer -- Jeanette, John Baden, John Hurst, or Joe, all of whom are necessarily familiar with the facts as signatories to the letter or the objection -- who could so? This is, after all, a simple discovery matter that is well within the capabilities of any of your colleagues. In light of the looming discovery cutoff if we do not hear back from you by close of business today, either on the substance or to schedule a call, we will assume that Motley Rice will stand on the objections in the letter and proceed accordingly.   Best Jonathan.
>>
>> JONATHAN GUY
>> ORRICK, HERRINGTON & SUTCLIFFE LLP
>> COLUMBIA CENTER
>> 1152 15TH STREET, N.W.,
>> WASHINGTON, D.C. 20005
>> tel 202-339-8516
>> fax 202-339-8500
>> email jguy@orrick.com
>> www.orrick.com
>>
>> -----Original Message-----
>> From: Guy, Jonathan P.
>> Sent: Monday, October 26, 2015 5:51 PM
>> To: Finch, Nate
>> Cc: Gilbert, Jeanette M.; Beaman, Gregory; Rice, Joe; Baden, John;
>> cwright@grierlaw.com; Cassada, Garland; Richard C. Worf
>> (RWorf@rbh.com); Krisko, Jonathan; Ted Swett (tswett@capdale.com);
>> James Wehner
>> Subject: Re: Garlock - Subpoena from the FCR
>>
>> No 15 mins before then? If we have to litigate we should do it soon.  Discovery ends in November.
>>

>> Sent from my iPhone

>>

>>> On Oct 26, 2015, at 5:27 PM, Finch, Nate <nfinch@motleyrice.com> wrote:

>>>

>>> I can do such a meet and confer on Monday November 2.

>>>

>>> Sent from my iPhone

>>>

>>>> On Oct 26, 2015, at 4:56 PM, Guy, Jonathan P. <jguy@orrick.com> wrote:

>>>>

>>>> Thanks Jeanette. Welcome to the party. Let me take a close look at your letter, which is attached, and discuss with the FCR. A quick review, however, tells me that we are going to have a respectful disagreement. Just by way of example, Mr. Rice cannot on the one hand say that he represents Motley future claimants (which is curious position to be in as he, as the co-chair of the ACC, is a fiduciary for all current claimants and therefore adverse to all future claimants) and object to the Debtors' Plan as being harmful to their interests but then say non-privileged information concerning those same claimants is shielded from discovery. Mr. Swett will be able to send you recent transcripts where the Court has addressed this point in a separate context. But we are, of course, willing to talk about limiting any burden and expense where we can and we always prefer to avoid further litigation -- there is plenty of that in this case already. To that end, are you available this week for a telephonic meet and confer to see if we can either resolve or narrow our disputes? Given the number of Motley future claimants a sample might be the way to go for example. I am copying Debtors' counsel because I believe they also have pending discovery outstanding to your firm and have noticed Mr. Rice's deposition and it would be more efficient for everyone to be on the same page. And of course, I am copying counsel for the ACC. Last, if you could copy my colleague, Greg Beaman, on any discovery related correspondence, that would be great. Kindest regards, Jonathan.

>>>>

>>>> JONATHAN GUY

>>>> ORRICK, HERRINGTON & SUTCLIFFE LLP

>>>> COLUMBIA CENTER

>>>> 1152 15TH STREET, N.W.,

>>>> WASHINGTON, D.C. 20005

>>>> tel 202-339-8516

>>>> fax 202-339-8500

>>>> email jguy@orrick.com

>>>> www.orrick.com

>>>>

>>>>

>>>> -----Original Message-----

>>>> From: Gilbert, Jeanette M. [mailto:jgilbert@motleyrice.com]

>>>> Sent: Monday, October 26, 2015 4:18 PM

>>>> To: Guy, Jonathan P.; cwright@grierlaw.com

>>>> Cc: Rice, Joe; Finch, Nate; Baden, John

>>>> Subject: Garlock - Subpoena from the FCR

>>>>

>>>> Gentlemen:

>>>>

>>>> Attached, please find our letter objecting to the Subpoena received from the Future Claimant's Representative in the Garlock Sealing Technologies LLC matter.

>>>>

>>>> Jeanette M. Gilbert | Attorney at Law | Motley Rice LLC

>>>> 28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 o. 843.216.9311 | f.

>>>> 843.216.9450 | jgilbert@motleyrice.com

>>>>

>>>>
>>>> Confidential & Privileged
>>>> Unless otherwise indicated or obvious from its nature, the
>>>> information contained in this communication is attorney-client
>>>> privileged and confidential information/work product. This
>>>> communication is intended for the use of the individual or entity
>>>> named above.  If the reader of this communication is not the
>>>> intended recipient, you are hereby notified that any dissemination,
>>>> distribution or copying of this communication is strictly
>>>> prohibited.  If you have received this communication in error or
>>>> are not sure whether it is privileged, please immediately notify us
>>>> by return e-mail and destroy any copies--electronic, paper or
>>>> otherwise--which you may have of this communication
>>>>
>>>>
>>>> NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.
>>>>
>>>> For more information about Orrick, please visit http://www.orrick.com<http://www.orrick.com/>.
>>>> <20151026102511909.pdf>
>>>
>>>
>>> Confidential & Privileged
>>> Unless otherwise indicated or obvious from its nature, the
>>> information contained in this communication is attorney-client
>>> privileged and confidential information/work product. This
>>> communication is intended for the use of the individual or entity
>>> named above.  If the reader of this communication is not the
>>> intended recipient, you are hereby notified that any dissemination,
>>> distribution or copying of this communication is strictly prohibited.
>>> If you have received this communication in error or are not sure
>>> whether it is privileged, please immediately notify us by return
>>> e-mail and destroy any copies--electronic, paper or otherwise--which
>>> you may have of this communication
>>
>> NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.
>>
>> For more information about Orrick, please visit http://www.orrick.com<http://www.orrick.com/>.
>
>
> Confidential & Privileged
> Unless otherwise indicated or obvious from its nature, the information
> contained in this communication is attorney-client privileged and
> confidential information/work product. This communication is intended
> for the use of the individual or entity named above.  If the reader of
> this communication is not the intended recipient, you are hereby
> notified that any dissemination, distribution or copying of this

10